**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA; and AL SCHMIDT, in | ) | |
| his official capacity as Secretary of the State | ) | |
| of Pennsylvania, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

As President Trump said earlier this year, "[f]ree, fair, and honest elections unmarred by fraud, errors, or suspicion are fundamental to maintaining our constitutional Republic." Exec. Order No. 14248, 90 Fed. Reg. 14005 (Mar. 25, 2025). Indeed, "[t]he right of American citizens to have their votes properly counted and tabulated, without illegal dilution, is vital to determining the rightful winner of an election." *Id*. Under our Constitution, States "must safeguard American elections in compliance with Federal laws that protect Americans' voting rights and guard against dilution by illegal voting, discrimination, fraud, and other forms of malfeasance and error." *Id*. Without such safeguards, "[v]oter fraud drives honest citizens out of the democratic process and breeds distrust of our government." *Purcell v. Gonzalez,* 549 U.S. 1, 4 (2006). And "[v]oters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised." *Id*.

To prevent fraudulent votes from being cast, federal law requires that States conduct routine list maintenance procedures of their statewide voter registration databases. Accurate voter

rolls prevent the opportunity for fraud in federal elections. The Civil Rights Division of the Department of Justice is tasked with ensuring that States conduct voter-registration-list maintenance to prevent the inclusion of ineligible voters on any State's voter registration list. This action seeks to remedy Defendants' violations of federal voting laws. Plaintiff United States of America ("United States") brings this action against the Commonwealth of Pennsylvania and Al Schmidt in his official capacity as the Secretary of State for the Commonwealth of Pennsylvania, and alleges as follows:

1.      Defendants have failed to comply with the important mandates of the NVRA and HAVA by refusing to provide necessary information to enable the United States to assess its compliance. One purpose of the NVRA is to "protect the integrity of the electoral process" and "ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(3)-(4). Consistent with these purposes, the NVRA requires each state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of "the death of a registrant or a change in residence of the registrant." 52 U.S.C. § 20507(a)(4)(A)-(B).

2.      Similarly, HAVA requires the appropriate state or local election official to perform list maintenance with respect to the centralized, computerized statewide voter registration list required under HAVA "on a regular basis[.]" 52 U.S.C. § 21083(a)(1)-(2). HAVA also requires that states have "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters[,]" with "[s]afeguards to ensure that eligible voters are not removed in error from the official list of eligible voters." 52 U.S.C. § 21083(a)(4)(A)-(B).

3.    The United States brings this action pursuant to its authority under the NVRA, the HAVA and the CRA to compel the Commonwealth of Pennsylvania and its chief state election official,  Secretary of State Al Schmidt, to provide information regarding the State's voter list maintenance procedures and an electronic copy of the statewide voter registration list including all fields, to allow the Attorney General to effectively assess Defendants' compliance with the requirements of the NVRA and HAVA.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); 52 U.S.C. §§ 20510(a) and 21111; and 52 U.S.C. § 20705.

5.    Venue is proper in this District pursuant, to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendants are located in and conduct election administration activities in this District.

## PARTIES

6.    Plaintiff United States, through the Attorney General, has authority to enforce the NVRA, 52 U.S.C. § 20510(a), and Sections 21081 through 83, and 21083a of HAVA,  52 U.S.C. § 21111. Both the NVRA and HAVA authorize the Attorney General to bring a civil action in an appropriate district court for such declaratory and injunctive relief as are necessary to carry out the relevant requirements under the statute. 52 U.S.C. §§ 20510(a) and 21111.  Pursuant to the CRA, 52 U.S.C. § 20705, the Attorney General may compel states to produce certain records and papers relating to the administration of federal elections.

7.     Defendant Commonwealth of Pennsylvania is a state of the United States of America and, therefore, is subject to the requirements of the NVRA, the HAVA, and the CRA. 52 U.S.C. §§ 20502(4), 20503, 20701, and 21141.

8.     Defendant Secretary of State Al Schmidt is sued in his official capacity as the chief state election official responsible for coordinating Pennsylvania's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; https://www.pa.gov/agencies/dos/about. Secretary Schmidt is sued in his official capacity only.

## STATUTORY BACKGROUND

### A.     The Civil Rights Act of 1960

9.     Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, et seq.

10.     Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

11.     Section 303 of the CRA provides, in pertinent part, "Any record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…." 52 U.S.C. § 20703.

### B.     The National Voter Registration Act

12.     The NVRA was enacted "to establish procedures that will increase the number of

4

eligible citizens who register to vote in Federal elections "while ensur[ing] that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1) and (4).

13.     Section 8 of the NVRA establishes requirements for the administration of voter registration for elections for federal office in covered states, including Pennsylvania. Section 8(a)(4) requires each state to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of "the death of the registrant," or "a change in the residence of the registrant, in accordance with subsections (b), (c), and (d)[.]" 52 U.S.C. §20507(a)(4)(A)-(B).

14.     Subsections (b), (c), and (d) set forth procedures for the removal of ineligible voters from official lists of voters as part of a state's "program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office[.]" 52 U.S.C. § 20507(b).

15.     State voter list maintenance programs must be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 [.]" 52 U.S.C. § 20507(b)(1); *see also* S. Rep. No. 103-6 at 31 (Feb. 25, 1993) ("The term 'uniform' is intended to mean that any purge program or activity must be applied to an entire jurisdiction."); accord H.R. Rep. No. 103-9 at 15 (Feb. 2, 1993) (same).

16.     Section 8(d) of the NVRA provides that a "[s]tate shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence," unless the registrant:

> A.     confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

> B.     has failed to respond to a [Confirmation Notice] . . . and has not voted or appeared to vote . . . in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for

Federal office that occurs after the date of the notice.

52 U.S.C. § 20507(d)(1).

17.     Section 8(d)(2) sets forth specific requirements for the Confirmation Notice to be sent to registrants, and Section 8(d)(3) provides that a "voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with [subsection 8(d)]." 52 U.S.C. § 20507(d)(2)-(3).

18.     Section 8 of the NVRA also provides an example of a voter list maintenance program that constitutes a reasonable effort to remove registrants who have become ineligible due to a change of residence. *See* 52 U.S.C. § 20507(c)(1). Under this program, a state uses information from the United States Postal Service National Change of Address ("NCOA") program to identify registrants who may have changed residence. *See* 52 U.S.C. § 20507(c)(1)(A). Where it appears from the NCOA information that a registrant has moved to a new address in the same jurisdiction, the registration record is updated to show the new address, and the registrant is sent a notice of the change by forwardable mail that includes a postage-prepaid, pre-addressed return form by which the registrant may verify or correct the address information. *See* 52 U.S.C. § 20507(c)(1)(B)(i). Where it appears from the NCOA information that a registrant has moved to a new address in a different jurisdiction, the procedure set out in Section 8(d), described above, is used to confirm the address change. *See* 52 U.S.C. § 20507(c)(1)(B)(ii).

19.     Section 8(i) of the NVRA provides that:

"Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 52 U.S.C. § 20507(i)(1).

Section 8(i)(2) further specifies:

"The records maintained pursuant to paragraph (1) include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made." 52 U.S.C. § 20507(i)(2).

20.     Section 10 of the NVRA requires each state to "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities" under the NVRA. 52 U.S.C. § 20509.

C.     **The Help America Vote Act**

21.     The purpose of HAVA "can be stated very simply—it is to improve our country's election system." H.R. Rep. 107-329(I) at 31 (2001). "Historically, elections in this country have been administered at the state and local level[,]" but Congress found that "the federal government can play a valuable [role] by assisting state and local government in modernizing their election systems." *Id*. at 31-32.

22.     HAVA imposes "minimum requirements" for the conduct of federal elections, which "allow the states to develop their own laws and procedures to fulfill the requirements" to the extent that they are consistent with the standards set by HAVA. *Id*. at 35.

23.     HAVA requires all states to implement "in a uniform and nondiscriminatory manner, a single, uniform, official, centralized, interactive computerized statewide voter registration list defined, maintained, and administered at the State level," that contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

24.     The computerized list required by HAVA "shall be coordinated with other agency databases within the State." 52 U.S.C. § 21083(a)(1)(A)(iv).

7

25. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records." 52 U.S.C. § 21083(a)(4). Section 303 provides that a state's "election system shall include provisions to ensure that voter registration records in the State are accurate and are updated regularly," including by use of a "system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters" and "safeguards to ensure that eligible voters are not removed in error from the official list of eligible voters." *Id*.

26. HAVA mandates that a state may not process a voter-registration application without the applicant's driver's license number, where an applicant has a current and valid driver's license, or, for other applicants, the last four digits of the applicant's Social Security number. *See* 52 U.S.C. § 21083(a)(5)(A)(i). For applicants who have neither a driver's license nor a social security number, a state must assign a unique identifying number for voter registration purposes. *See* 52 U.S.C. § 21083(a)(5)(A)(ii). A state must then determine the validity of the information provided by the applicant. *See* 52 U.S.C. § 21083(a)(5)(A)(iii).

27. HAVA applies to all fifty states, including Pennsylvania. *See* 52 U.S.C. § 21141.

28. Section 303 of HAVA incorporates by reference certain provisions of the NVRA. *See* 52 U.S.C. § 21083(a)(4)(A). These provisions, unless explicitly noted otherwise, apply to all states covered under HAVA. *Id*.

29. HAVA vests the Attorney General of the United States with sole authority to "bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under "Sections 21081, 21082, 21083, and 21083a of [HAVA]." 52 U.S.C. § 21111.

30.     HAVA contains no private right of action. *See* 52 U.S.C. §§ 20901 to 21145.

## FACTUAL ALLEGATIONS

31.     The United States Election Assistance Commission (EAC) was established by HAVA to serve as "a national clearinghouse and resource for the compilation of information and review of procedures with respect to the administration of Federal elections." EAC website, "Help America Vote Act," https://www.eac.gov/about/help_america_vote_act.aspx. The EAC "is an independent, bipartisan commission whose mission is to help election officials improve the administration of elections and help Americans participate in the voting process." EAC website, "About the EAC," (Sept. 22, 2025)https://www.eac.gov/about.

32.     The EAC conducts a biennial Election Administration and Voting Survey ("EAVS"), "an analysis of state-by-state data that covers various topics related to the administration of federal elections[,]" including voter registration and list maintenance. *Id*. The EAC's most recent report, "Election Administration and Voting Survey 2024 Comprehensive Report: A Report from the U.S. Election Assistance Commission to the 119th Congress" ("2024 EAVS Report"), explains that as part of the 2024 EAVS, the states "reported data on their efforts to keep voter registration lists current and accurate, known as list maintenance[,]" such as the number of confirmation notices states sent "to verify continued eligibility from registered voters[,]" and the number of voter registration records that state removed from their voter lists. EAC (Sept. 15, 2025), 2024 EAVS Report, https://www.eac.gov/sites/default/files/2025-07/2024_EAVS_Report_508.pdf, at 7.

33.     The Attorney General sent a letter to Secretary Schmidt on June 23, 2025, seeking information regarding Pennsylvania's compliance with HAVA. ("June 23 Letter"). The June 23 Letter requested, among other information and documents, a description of the process by which

registrants who are ineligible to vote due to non-citizenship are identified and removed from the statewide voter registration list and descriptions of the processes that Pennsylvania uses to carry out its list maintenance obligations under Section 303 of HAVA, such as the process by which the state identifies and removes any duplicate voter registrations and deceased registrants.

34.    The June 23 Letter also inquired about the requirement under Section 303(a)(5) of HAVA that applicants provide certain information and the state's process for verifying that information.

35.    Secretary Schmidt responded in a July 23, 2025, letter to the Department of Justice. The response did not explain whether non-citizens were identified and what steps were taken to remove those voters.  The response also admitted that if the Commonwealth could not verify the ID number provided as required by HAVA, the applicant would be registered to vote anyway.

36.    A second letter from the Attorney General on August 4, 2025, requested that Pennsylvania provide a list of election officials responsible for implementing Pennsylvania's general program of voter registration list maintenance from November 2022 through receipt of the letter and requested, pursuant to Section 8(i) of the NVRA, the current electronic copy of its computerized statewide voter registration list ("SVRL"), required under Section 303(a) of HAVA. The Department's August 4 letter asked Pennsylvania to produce the requested information and records by encrypted email or via the Department's secure file-sharing system, Justice Enterprise File Sharing (JEFS).

37.    The Department's August 4 letter also requested information about duplicate registrations, other EAVS survey questions, and inquired about the removal procedures for ineligible voters from the voter rolls because they were noncitizens, felons, or adjudicated incompetent.

38.    In response, Secretary Schmidt sent a second letter on August 18, 2025, providing explanations to the Attorney General's EAVS requests.  In that letter, however, the Secretary stated, "Nothing in the NVRA provides a process by which those who are deemed non-eligible on the basis of being a non-citizen are to be removed from the voter rolls."  While acknowledging that it is illegal for a non-citizen to misrepresent that he is a citizen on a voter registration application, the Commonwealth does not appear to have any process in place to make any determination about whether there are non-citizens on the voter rolls.

39.    On August 14, 2025, the Attorney General sent a third letter to Secretary Schmidt, requesting production of Pennsylvania's SVRL that contains all fields.  The August 14, 2025, letter from the Justice Department requested an electronic copy of Pennsylvania's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as required by 52 U.S.C. § 20703.

40.    Furthermore, the August 14 letter stated, "all data received from you will be kept securely and treated consistently with the Privacy Act."

41.    The information that the Justice Department collects pursuant to its request to Pennsylvania will be maintained consistent with Privacy Act protections as explained on the Justice Department's website at https://civilrights.justice.gov/privacy-policy#:~:text=Our%20Statutes-,Privacy%20Act%20Statement,the%20scope%20of%20our%20jurisdiction. The full list of routine uses for this collection of information can be found in the System of Records Notice ("SORN") titled, JUSTICE/CRT – 001, "Central Civil Rights Division Index File and Associated Records", 68 Fed. Reg. 47610-01, 611 (Aug. 11, 2003); 70 Fed. Reg. 43904-01 (July 29, 2005);

and 82 Fed. Reg. 24147-01 (May 25, 2017). It should be noted that the statutes cited for routine use include the NVRA, HAVA, and the CRA. The records in the SORN are kept under the authority of 44 U.S.C. § 3101 and in the ordinary course of fulfilling the responsibility assigned to the Civil Rights Division under the provisions of 28 C.F.R. §§ 0.50, 0.51.

42.     The August 14 letter also explained that HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered to be a social security number for purposes of section 7 of the Privacy Act of 1974 (5 U.S.C. [§] 552a note)."   52 U.S.C. § 21083(c).   The August 14 letter also stated: "In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing."

43.     In response, Secretary Schmidt sent a letter on August 21, 2025 and offered public voter records to the United States for review.  However, Pennsylvania's public voter records do not include the HAVA required unique identifiers requested by the Attorney General.

44.     Pennsylvania is a member of the Electronic Registration Information Center (ERIC), an organization comprised of states whose stated mission "is to assist states in improving the accuracy of America's voter rolls and increasing access to voter registration for all eligible citizens."[1]  FAQ's, ERIC, (Sept. 22, 2025) https://ericstates.org/faq/; *see id*., "Which States Are Members of ERIC?" https://ericstates.org/about/.  ERIC is funded by its members, who pay a one-time membership fee and annual dues. *Id*. ERIC's website explains that "[a]t least every 60 days, each member submits their voter registration data and licensing and identification data from motor vehicle departments (MVD) to ERIC." *Id*. ERIC's website states: "Members submit dates of birth,

driver's license/ID card numbers, and Social Security numbers to ERIC after applying a cryptographic one-way hash to these data points." *Id*.

45.    Pennsylvania provides the identical information that the Department has requested to ERIC, a private organization which lacks any enforcement authority, yet refuses to comply with federal law and provide that same information to the Attorney General of the United States.

## CAUSES OF ACTION

### COUNT I:  CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20701, *et seq.*

46.    The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

47.    The CRA, 52 U.S.C. §§ 20701-20706, provides the United States authority to obtain the records and information requested in its June 23 Letter and its August 14 Letter.

48.    The August 14, 2025, letter from the Justice Department requested an electronic copy of Pennsylvania's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their Social Security number as required by 52 U.S.C. § 20703.

49.    In his August 21, 2025, letter Secretary Schmidt refused to provide the records requested by the United States, including the SVRL and the requisite HAVA unique identifiers in violation of the CRA. 52 U.S.C. §§ 20701-20706.

50.    Defendants' refusal to provide the information demanded by the Attorney General is a violation of the Civil Rights Act. *See* 52 U.S.C. §§ 20701-20706.

51.    Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

//

## COUNT II:  NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)

52.    The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

53.    The Attorney General requested an electronic copy of Pennsylvania's statewide voter registration list with all fields, including the HAVA-mandated unique identifiers, in letters from August 4 and August 14, pursuant to the NVRA's disclosure requirement.

54.    Defendants have failed to make available and to provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters . . . [,]" in violation of 52 U.S.C. § 20507(i)(1).

55.    This information is necessary for the Attorney General to determine if Pennsylvania is conducting "a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters," as required by 52 U.S.C. § 20507(a)(4), including evaluating issues raised by the data and by answers provided by the Commonwealth of Pennsylvania to the Election Assistance Commission's 2024 EAVS and reflected in the EAC's June 30, 2025 report.

56.    Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

## COUNT III:  HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

57.    The United States restates and incorporates herein the allegations in the foregoing paragraphs of the Complaint.

58.    Defendants have failed to take the actions necessary for the State of Pennsylvania to comply with Section 303 of HAVA.

59.    Defendants' failure to provide sufficient information in response to requests made by the Justice Department's Civil Rights Division prevent the Attorney General from evaluating Pennsylvania's compliance with HAVA, pursuant to the Attorney General's statutory enforcement authority under 52 U.S.C. § 21111.

60.    Defendants' refusal to provide sufficient information prevents the Attorney General from evaluating Pennsylvania's procedures that "ensure[] . . . duplicate names are eliminated from the computerized list." 52 U.S.C. § 21083(a)(2)(B).

61.    Defendants' refusal to provide the United States the current electronic copy of Pennsylvania's computerized statewide voter registration list, containing all fields, including each registrant's full name, date of birth, residential address, and either his state driver's license number or the last four digits of the Social Security number prevents the Attorney General from determining Pennsylvania's compliance with the list maintenance requirements of HAVA. *See* 52 U.S.C. § 21083(a)(5)(A).

62.    Unless and until ordered to do so by this Court, Defendants' refusal to provide these records as requested constitutes a continuing violation of federal law.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States demands judgment in its favor and against Defendants as follows:

A. Declare that Defendants' refusal to provide registration records and Pennsylvania's electronic statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number, upon a demand by the Attorney General violates Title III of the CRA. 52 U.S.C. § 20703;

B.  Declare that Defendants have failed to make available and provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of the NVRA. 52 U.S.C. § 20507(i)(1);

C.  Declare that the Defendants' refusal to provide the requested records concerning voter registration and list maintenance prevents the Attorney General from enforcing HAVA's list maintenance requirements;

D.  Declare that any State law that prohibits Defendants from providing the requested statewide voter registration list is preempted by Federal law.

E.  Order Defendants to provide to the United States the current electronic copy of Pennsylvania's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number as required by the CRA, NVRA, and HAVA; and

F.  Order such additional relief as the interests of justice may require.

Dated:  September 25, 2025                    Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

*/S/  David D. Vandenberg*_____
MICHAEL E. GATES (CA Bar No. 258446)
Deputy Assistant Attorney General
Civil Rights Division

MAUREEN S. RIORDAN (NY Bar No. 205880)
Counsel, Voting Section
Civil Rights Division
TIMOTHY F. MELLETT (DC Bar No. 430968)
BRITTANY E. BENNETT (GA Bar No. 717377)
DAVID D. VANDENBERG
(TX Bar No. 24107948)
Attorneys, Voting Section
Civil Rights Division
950 Pennsylvania Avenue 4CON
Washington, DC 20530
Michael.Gates2@usdoj.gov
Maureen.Riordan2@usdoj.gov
Timothy.F.Mellett@usdoj.gov
Brittany.Bennett@usdoj.gov
David.Vandenberg@usdoj.gov
Tel. (202) 307-2767
Attorneys for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 25, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.


_/s/ David D. Vandenberg_____

David D. Vandenberg