# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth, and the COMMONWEALTH OF PENNSYLVANIA,<br><br>*Defendants,*<br><br>and<br><br>PENNSYLVANIA ALLIANCE FOR RETIRED AMERICANS and MIKE CROSSEY,<br><br>*Intervenor-Defendants*. | Case No. 25-cv-1481<br>(Hon. Cathy Bissoon)<br><br>**[PROPOSED] ANSWER** |

**PENNSYLVANIA ALLIANCE FOR RETIRED AMERICANS AND MIKE CROSSEY'S PROPOSED ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Proposed Intervenor-Defendants ("Intervenors") Pennsylvania Alliance for Retired Americans and Mike Crossey answer Plaintiff's Complaint (ECF No. 1), as follows:

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statutes contain the quoted text and that the statutes speak for themselves. Intervenors

1

deny that the Defendants have violated the National Voter Registration Act ("NVRA") or the Help America Vote Act ("HAVA").

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statutes contain the quoted text and that the statutes speak for themselves. Intervenors deny that Defendants have violated Help America Vote Act ("HAVA").

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Intervenors otherwise deny the allegations.

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendants conduct election administration in the Western District of Pennsylvania.

## PARTIES

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 6.

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Intervenors admit that Defendant Commonwealth of Pennsylvania is a state of the United States of America and is subject to certain provisions of the NVRA, HAVA, and the Civil Rights Act of 1960.

8. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that Al Schmidt is Pennsylvania's Secretary of State and that he is sued in his official capacity only.

## STATUTORY BACKGROUND

**A.    The Civil Rights Act of 1960**

9. Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. §§ 20701 *et seq.* empowers the Attorney General to request certain records in certain circumstances and subject to legal requirements. Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records request at issue in this litigation.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the statute speaks for itself.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Intervenors deny that the statute authorizes the requests that are the subject of this litigation.

**B.     The National Voter Registration Act**

12.     Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

13.     Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

14.     Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the quoted language appears in the cited sources and that those sources speak for themselves.

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

   a.     Subpart (a) of Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

   b.     Subpart (b) of Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute

speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

C. The Help America Vote Act

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited document contains the quoted text.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited document contains the quoted text and that the document speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit

that the cited statute contains the quoted text and that the statute speaks for itself.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes the Commonwealth of Pennsylvania.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA and that the statute speaks for itself.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Intervenors deny that HAVA authorizes the relief the Department of Justice seeks.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny

the allegation.

## FACTUAL ALLEGATIONS

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited website contains the quoted text.

32. Intervenors admit that the cited website contains the quoted text. Intervenors lack sufficient information to confirm or deny the accuracy of the EAC report.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the Attorney General of the United States sent a letter dated June 23, 2025, to Secretary Schmidt, and the cited letter speaks for itself.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself. Intervenors also deny that the Attorney General's demands are authorized by the NVRA or HAVA, or that Pennsylvania is required to comply.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the Attorney General sent a letter dated August 18, 2025, to Secretary Schmidt. The cited letter contains the quoted text and speaks for itself. Intervenors otherwise deny the allegations.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the Attorney General sent a letter dated August 14, 2025, to Secretary Schmidt, and the cited letter speaks for itself. Intervenors deny that the Attorney General's demands are authorized by any federal law or that Pennsylvania is required to comply.

40. Intervenors admit that the cited August 14, 2025 letter contains the quoted text. The content of the letter otherwise speaks for itself.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny that the Civil Rights Division has complied or will comply with the Privacy Act.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited August 14, 2025 letter contains the quoted text, and the content of the letter speaks for itself. Intervenors otherwise deny the allegations.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself. Intervenors deny the allegations to the extent

they suggest Pennsylvania has violated HAVA or any other federal law.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore denies them.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore denies them. Intervenors further deny that Pennsylvania has refused to comply with federal law.

## CAUSES OF ACTION

### COUNT I: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20701, *et seq.*

46. Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors deny the allegations in Paragraph 47.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself. Intervenors also deny the remaining allegations in Paragraph 48.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state

that the content of the cited letter speaks for itself. Intervenors also deny that the Civil Rights Act of 1960 authorizes the Attorney General's demands that are the subject of this litigation.

50. Intervenors deny the allegations in Paragraph 50.

51. Intervenors deny the allegations in Paragraph 51.

### COUNT II: NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)

52. Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letters speak for themselves. Intervenors also deny that the NVRA or HAVA authorizes the demands that are the subject of this litigation.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited statute contains the quoted text and that the statute speaks for itself. Intervenors otherwise deny the allegations in Paragraph 54 to the extent they suggest there was any deficiency with Secretary Schmidt's response.

55. Intervenors deny the allegations in Paragraph 55.

56. Intervenors deny the allegations in Paragraph 56.

### COUNT III: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

57. Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

58. Intervenors deny the allegations in Paragraph 58.

59. Intervenors deny the allegations in Paragraph 59.

60. Intervenors deny the allegations in Paragraph 60.

61. Intervenors deny the allegations in Paragraph 61.

62. Intervenors deny the allegations in Paragraph 62.

## GENERAL DENIAL

Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein. They further deny that Plaintiff is entitled to any of the relief that it prays for.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part on equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by the Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

| | |
|---|---|
| September 29, 2025 | Respectfully submitted, |
| | /s/ Timothy J. Ford |
| Elisabeth C. Frost* | Timothy J. Ford (Pa. Id. No. 325290) |
| Jacob D. Shelly* | David Rodkey (Pa. Id. No. 325698) |
| Branden D. Lewiston* | **DILWORTH PAXSON LLP** |
| Tori Shaw* | 1650 Market Street, Suite 1200 |
| **ELIAS LAW GROUP LLP** | Philadelphia, PA 19103 |
| 250 Massachusetts Ave. NW, Suite 400 | Tel.: (215) 575-7000 |
| Washington, DC 20001 | Fax: (215) 754-4603 |
| Telephone: (202) 968-4490 | tford@dilworthlaw.com |
| efrost@elias.law | drodkey@dilworthlaw.com |
| jshelly@elias.law | |
| blewiston@elias.law | |
| tshaw@elias.law | |

*ized*Pro Hac Vice* Applications Forthcoming

*Attorneys for Proposed Intervenors Pennsylvania Alliance for Retired Americans and Mike Crossey*