# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the State of Pennsylvania,<br><br>*Defendants*,<br><br>and<br><br>NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE; NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE PENNSYLVANIA STATE CONFERENCE; and STACEY TAYLOR,<br><br>*Intervenor-Defendants*. | Case No. 2:25-CV-01481<br>Hon. Cathy Bissoon |

**[PROPOSED] ANSWER**

[Proposed] Intervenor-Defendants the National Association for the Advancement of Colored People ("NAACP"), the NAACP Pennsylvania State Conference ("State Conference"), and Stacey Taylor (together, "Proposed Intervenors") answer Plaintiff's Complaint for Declaratory and Injunctive Relief, Dkt. 1 ("Complaint"), as follows:

**INTRODUCTION**

The Complaint begins with two unnumbered paragraphs to which no response is required. To the extent a response is required, Intervenors incorporate by reference the below paragraphs as their response, deny the allegations, and deny that Plaintiff is entitled to any relief.

1

1. Paragraph 1 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that Defendants have failed to comply with the statutes referenced and deny that those statutes require Defendants to provide the information described by Plaintiff. Proposed Intervenors admit that 52 U.S.C. § 20501(b)(3)–(4) contains the quoted text, but deny that 52 U.S.C. § 20507(a)(4)(A)–(B) contains the text as quoted by Plaintiff; the statute instead provides, in relevant part, that: "In the administration of voter registration for elections for Federal office, each State shall . . . (4) conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of-- (A) the death of the registrant; or (B) a change in the residence of the registrant, in accordance with subsections (b), (c), and (d) . . . ." 52 U.S.C. § 20507(a).

2. Paragraph 2 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The cited statute otherwise speaks for itself.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the United States has filed the instant action but otherwise deny the allegations.

## JURISDICTION AND VENUE

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that this case is brought by the United States as a Plaintiff and that it alleges purported violations of federal law. Proposed Intervenors otherwise deny the allegations.

5.  Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in and conduct election administration in the Western District of Pennsylvania.

## PARTIES

6.  Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 6.

7.  Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the Commonwealth of Pennsylvania is a state of the United States of America and is subject to certain provisions of the CRA, NVRA, and HAVA.

8.  Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Al Schmidt is Pennsylvania's Secretary of State and that he is sued in his official capacity only.

## STATUTORY BACKGROUND

**A.  The Civil Rights Act of 1960**

9.  Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. §§ 20701 *et seq.* empowers the Attorney General to request

certain records in certain circumstances and subject to legal requirements. Proposed Intervenors deny that the Attorney General is empowered to request each of the records that are the subject of this litigation. Intervenors further deny that the Attorney General has a sufficient basis or purpose for the records request at issue in this litigation.

10. Paragraph 10 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

11. Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that the statute authorizes the requests that are the subject of this litigation.

**B.    The National Voter Registration Act**

12. Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

13. Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

14. Paragraph 14 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

15. Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute and legislative history contain the quoted text. The statute and legislative history otherwise speak for themselves.

16. Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

17. Paragraph 17 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

18. Paragraph 18 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 20507(c) sets forth a process by which a state "may meet the requirements of" of 52 U.S.C. § 20507(a). Section 20507(c) speaks for itself as to that process.

19. Paragraph 19 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

20. Paragraph 20 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

C. The Help America Vote Act

21. Paragraph 21 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited report contains the quoted text. The report otherwise speaks for itself.

22. Paragraph 22 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited report contains the quoted text and that the document speaks for itself.

23. Paragraph 23 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited report contains the quoted text and that the document speaks for itself.

24. Paragraph 24 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

25. Paragraph 25 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself.

26. Paragraph 26 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute describes certain elements of a state's voter registration process. The statute otherwise speaks for itself.

27. Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the definition of a "state" outlined in 52 U.S.C. § 21141 includes the Commonwealth of Pennsylvania.

28. Paragraph 28 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that 52 U.S.C. § 21083(a)(4)(A) references the NVRA and that the statute speaks for itself.

29. Paragraph 29 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors deny that HAVA authorizes the relief the Plaintiff seeks and further deny that it precludes enforcement by parties other than the U.S. Attorney General.

30. Paragraph 30 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegation.

## FACTUAL ALLEGATIONS

31. Paragraph 31 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited website contains the quoted text.

32. Intervenors admit that the cited website contains the quoted text. Intervenors lack sufficient information to confirm or deny the accuracy of the EAC report.

33. Paragraph 33 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a letter dated June 23, 2025 was sent by the United States, but deny that the letter was sent to "Secretary Schmidt." Proposed Intervenors admit that the letter sought information. The letter otherwise speaks for itself.

34. Paragraph 34 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the content of the cited letter speaks for itself.

35. Paragraph 35 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

36. Paragraph 36 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a letter dated August 4, 2025 was sent by the United States. Proposed Intervenors admit that the letter sought information. The letter otherwise speaks for itself.

37. Paragraph 37 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself.

38. Paragraph 38 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny them.

39. Paragraph 39 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that a letter dated August 14, 2025 was sent by the United States. Proposed Intervenors admit that the letter sought information. The letter otherwise speaks for itself.

40. Intervenors admit that the cited letter contains the quoted text. The content of the letter otherwise speaks for itself.

41. Paragraph 41 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny that the Civil Rights Division has complied with the Privacy Act.

42. Paragraph 42 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors admit that the cited letter contains the quoted text, and the content of the letter speaks for itself. Proposed Intervenors otherwise deny the allegations.

43. Paragraph 43 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 43 and therefore deny them.

44. Paragraph 44 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 44 and therefore denies them.

45. Paragraph 45 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 45 and therefore denies them.

## CAUSES OF ACTION

### COUNT I: CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20701, *et seq.*

46. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

47. Paragraph 47 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 47.

48. Paragraph 48 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Intervenors state that the content of the cited letter speaks for itself.

49. Paragraph 49 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed

Intervenors deny the allegations in Paragraph 49 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

50. Proposed Intervenors deny the allegations in Paragraph 50.

51. Proposed Intervenors deny the allegations in Paragraph 51.

**COUNT II: NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507(i)**

52. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

53. Paragraph 53 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors state that the content of the cited letters speak for themselves. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 53 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

54. Paragraph 54 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statute otherwise speaks for itself. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 54 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

55. Paragraph 55 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. Proposed Intervenors otherwise deny the remaining allegations in Paragraph 55 because they lack sufficient knowledge to form a belief as to the truth or falsity of the allegations.

56. Proposed Intervenors deny the allegations in Paragraph 56.

## COUNT III: HELP AMERICA VOTE ACT, 52 U.S.C. § 21083

57. Proposed Intervenors incorporate by reference each of their preceding admissions, denials, and statements as if fully set forth herein.

58. Proposed Intervenors deny the allegations in Paragraph 58.

59. Proposed Intervenors deny the allegations in Paragraph 59.

60. Paragraph 60 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text. The statutes otherwise speak for themselves. Proposed Intervenors otherwise deny the allegations in Paragraph 60.

61. Proposed Intervenors deny the allegations in Paragraph 61.

62. Proposed Intervenors deny the allegations in Paragraph 62.

## PRAYER FOR RELIEF

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint for Declaratory and Injunctive Relief that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part on equity, including on the basis of laches and unclean hands.

3. Plaintiff has failed to establish entitlement to injunctive relief.

4. The relief sought by the Plaintiff is inconsistent with the U.S. Constitution and federal law.

5. Plaintiff lacks authority to bring a cause of action.

6. Pennsylvania Law, 4 Pa. Code § 183.14(c), grants Proposed Intervenors the right to keep their highly sensitive personal information confidential, and preservation of those state rights does not conflict with or otherwise violate federal law.

**PROPOSED INTERVENORS' PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint for Declaratory and Injunctive Relief, Proposed Intervenors pray for judgment as follows.

A. That the Court dismiss the Complaint for Declaratory and Injunctive Relief.

B. That judgment be entered in favor of Defendants and Proposed Intervenors and against Plaintiff on Plaintiff's Complaint for Declaratory and Injunctive Relief and that Plaintiff takes nothing thereby;

C That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D. For such other and further relief as the Court deems appropriate.

Dated: October 7, 2025

Respectfully submitted,

By: */s/        David Smith*
David Smith, Pa. Id. No. 21480
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-7000
Fax: (215) 754-4603
dsmith@dilworthlaw.com

Edward G. Caspar, D.C. Bar No. 1644168*

13

Leah Frazier, D.C. Bar No. 492540*
Robert N. Weiner, D.C. Bar No. 298133*
Gillian Cassell-Stiga, D.C. Bar No. 90032319*
Ryan Snow, D.C. Bar No. 1619340*
Grace Thomas, D.C. Bar No. 90018667*
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W., Suite 900
Washington, D.C. 20005
Tel: 202-662-8600
ecaspar@lawyerscommittee.org
lfrazier@lawyerscommittee.org
rweiner@lawyerscommittee.org
gcassell-stiga@lawyerscommittee.org
rsnow@lawyerscommittee.org
gthomas@lawyerscommittee.org

**Pro hac vice* application forthcoming*

*Attorneys for Proposed Intervenors*