**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

*Plaintiff,*

v.

COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the State of Pennsylvania

*Defendants.*

Case No. 2:25-cv-01481-CB

**BRIEF IN SUPPORT OF MOTION FOR INTERVENTION BY AMERICA FIRST POLICY INSTITUTE—PENNSYLVANIA**

Proposed Intervenor, America First Policy Institution – Pennsylvania ("AFPI"), is a nonprofit, nonpartisan public-interest organization dedicated to promoting election integrity through research, public education, and litigation. Its core mission requires access to records that show how states maintain accurate voter rolls, including information about list-maintenance programs, removal of ineligible registrants, and compliance with federal requirements. AFPI has invested significant resources investigating Pennsylvania's voter-registration system. The denial of its information requests under both the National Voter Registration Act and Pennsylvania's Right-to-Know Law directly impairs AFPI's statutory right to review

list-maintenance records, frustrates its ability to carry out its mission, and forces it to divert resources away from other issues. Because AFPI depends on these records to conduct independent analysis, publish findings, communicate with election officials, and potentially bring litigation to seek compliance with the NVRA, the outcome of this case will directly affect its ability to access information essential to its work.

After sending formal notice letters and attempting to work cooperatively with the Department of State, AFPI sought records under Pennsylvania's Right-to-Know Law and under the NVRA's public-inspection provisions. Pennsylvania denied those requests. Almost simultaneously, the United States Department of Justice filed its this litigation alleging that Pennsylvania had withheld federally required list-maintenance records. This case was immediately stayed due to a lapse in appropriations, halting all progress shortly after filing. With no scheduling order in place and no answer yet due from Defendants, AFPI moves this court for intervention as of right, pursuant to Fed. R. Civ. P. 24(a). Alternatively, AFPI asks this court for permissive intervention under Fed. R. Civ. P. 24(b). The United States has no objection to AFPI's request.

**ARGUMENT**

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, upon timely motion, "the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the

movant's ability to protect its interest, unless existing parties adequately represent that interest." A litigant must satisfy four elements in order to intervene as a matter of right. *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987) (citing *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d 501, 504 (3d Cir. 1976). First, the litigant must show that its application for intervention was filed in a timely manner. *Id*. Second, the litigant must demonstrate that it possesses a sufficient interest in the litigation. *Id*. Third, the litigant must demonstrate that its asserted interest may be affected or impaired by the disposition of the litigation. *Id*. And fourth, the litigant must show that its asserted interest is not adequately represented by an existing party to the litigation. *Id*.

Alternatively, pursuant to Fed. R. Civ. P. 24(b)(1), the court may grant permissive intervention, upon a "timely motion," when the intervening litigant "has a claim or defense that shares with the main action a common question of law or fact." Such intervention is discretionary and "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

AFPI is entitled to intervention as a matter of right as it satisfies each of the elements set forth under Rule 24(a)(2), as explained in detail, below. Alternatively, the Court should permit AFPI to intervene under Rule 24(b)(1) because its motion is timely, AFPI has compelling claims and facts in common with the United States, and its intervention will not unduly delay or prejudice the adjudication of this action, as set forth below.

## I. AFPI Is Entitled to Intervene as a Matter of Right.

AFPI has a significantly protectable interest in the statutorily mandated disclosure of information necessary to carry out its core research and advocacy mission. However, because the adverse defendants and the federal government do not adequately represent AFPI's significantly protectable interests, including its statutory right to information under the NVRA, AFPI is entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

### A. AFPI's Application to Intervene in This Matter Is Timely.

AFPI easily meets the first factor for intervention as of right because its motion is timely. In determining the timeliness of a motion to intervene, district courts analyze the totality of the circumstances arising from three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005).

The present stage of this case is still quite early, as it was stayed almost immediately upon its inception due to the federal government shut down. *See* Order, ECF No. 18 (granting the government's omnibus motion to stay civil matters due to the lapse in certain appropriations, dated October 7, 2025); *compare* ECF No. 1, Compl. (filed September 25, 2025). AFPI has filed its motion to intervene almost immediately after the Court lifted the stay in this matter on November 17, 2025. *See* ECF. No. 56. AFPI also filed its motion before a new date has even been set for Defendants to file their answer, *see* ECF No. 18 (cancelling existing deadlines to be "reset by future order once the stay is lifted[.]") Thus, AFPI seeks to intervene at a

very early stage, prior even to Defendants' deadline to respond to the complaint.

Here, AFPI only exhausted administrative remedies with respect to its rights under Pennsylvania's so-called Right-to-Know-Law concurrently with the filing of the Government's complaint in federal court. *See generally, America First Policy Institute v. Commonwealth of Pennsylvania, Department of State*, 1403 CD 2025. Additionally, the mandatory notice provision under the NVRA, 52 U.S.C. § 20510(b)(2), was only triggered on September 24, 2025, ninety days after AFPI's formal request of June 26, 2025, a copy of which is appended hereto, which stated its entitlement to the records sought and intention to engage in litigation to seek NVRA compliance if necessary.[1] Accordingly, AFPI learned of the federal government's attempts to seek relief on similar grounds as AFPI, at substantially the same time that the Department of State and the Office of Open Records finalized their denial of AFPI's request. Therefore, AFPI was not in a position to file this intervention prior to the stay in this matter, as its claims had just become ripe.

---

[1] District courts applying Section 20510 have found notice sufficient when it (1) sets forth the reasons that a defendant purportedly failed to comply with the NVRA, and (2) clearly communicates that a person is asserting a violation of the NVRA and intends to commence litigation if the violation is not timely addressed." *Pub. Int. Legal Found. v. Boockvar*, 370 F.Supp.3d 449, 457 (M.D. Penn. 2019). "[F]ormal notice under the NVRA is not required when the party alleged to be in violation of the statute has otherwise 'made clear its refusal to comply with the Act,' such that judicial insistence on formal notice would "amount[ ] to requiring performance of futile acts' . . . If a party has 'already made clear its refusal to comply with the Act,' the notice requirement's purposes have been fulfilled, *i.e.*, that party has no intention 'to attempt compliance before facing litigation.'" *Voter Reference Found., LLC v. Torrez*, 727 F.Supp.3d 1014, 1218 (D.N.M. 2024) (quoting *Ass'n of Cmty. Orgs. For Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997)) (finding State was fully aware that Plaintiffs sought information and Plaintiffs had alleged State was in violation of the NRVA in its data request).

Additionally, there is no delay in AFPI's intervention that could prejudice the parties in this proceeding. The parties to this action have taken no material steps to advance this case since the filing of the complaint. "[t]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995). Because there are no existing deadlines, there is no risk that AFPI's intervention would cause undue or burdensome delay on the parties. Moreover, courts must maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 949 (3d Cir. 2012).

Because AFPI files this motion at an early stage of the proceedings and prior to Defendants' deadline to respond to the complaint, AFPI's answer is timely and without any prejudice to the parties.

### B. AFPI Possesses a Significant Interest in the Disposition of This Matter.

A movant for intervention must demonstrate a sufficient interest in the subject matter of the litigation. *Commonwealth of Pennsylvania v. Rizzo*, 530 F.2d at 504. This interest must be specific to the intervenor, capable of definition, and directly affected in a substantially concrete manner by the relief sought. *Transource Pennsylvania, LLC v. Dutrieuille*, No. 21-2567, 2022 WL 2235466 (3d Cir. June 22, 2022) (citing *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)).

Additionally, the Supreme Court has analyzed intervention interests in the

context of Article III standing, which requires an "injury in fact," meaning an "invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). If an intervener's interest satisfies Article III standing, then it also satisfies the "interest" prong of Rule 24(a), "because Article III standing requirements are more stringent that those for intervention under rule 24(a), [thus] the determination that [the applicants] have standing under Article III compels the conclusion that they have an adequate interest under the rule." *See Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837, 842 (10th Cir. 1996) (quoting *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir.1991)); *Utah Assoc. of Counties v. Clinton*, 255 F.3d 1246 (10th Cir.2001).

First, AFPI has a statutory right to bring an action for violations of the NVRA consistent with 52 U.S.C. § 20510(b)(2). For this reason alone, AFPI has satisfied the stricter requirements of Article III standing and accordingly has met its burden to demonstrate "a sufficient interest in the subject matter of the litigation," *Harris*, 820 F.2d at 596.

Here, AFPI seeks to enforce its statutory entitlement to "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," under the NVRA, 52 U.S.C. § 20507(i)(1), which were denied as a result of the Defendants' deficient response to AFPI's Right-to-Know-Law request. Defendants' failure to provide

records, as required by federal law,[2] to both the federal government and to AFPI under the NVRA's public inspection provisions, is emblematic of Pennsylvania's efforts to obscure its non-compliance with federal elections laws like the NVRA and the Help America Vote Act. Courts across the nation have a rich history of validating informational injuries under the NVRA by watchdog groups seeking to protect the integrity of elections.[3] Furthermore, AFPI's injuries are concrete. The information

---

[2] *See generally* Compl. of the United States, ECF No. 1, ¶¶ 33-45 (explaining how Pennsylvania failed to provide the Justice Department with requested information regarding its list maintenance procedures).

[3] *See generally*, *Public Interest Legal Foundation, Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024) (affirming *Public Interest Legal Foundation, Inc. v. Bellows*, 664 F.Supp.3d 153 (D. Me. 2023) (holding that the exception in the general confidentiality regime of Maine law prohibiting disclosure of statewide voter registration list was preempted by public disclosure provision of the NVRA and that the organization had standing to pursue its claims challenging use and enforcement bans of exception in general confidentiality regime); *see also, Project Vote/Voting for America, Inc. v. Long*, 682 F.3d 331 (4th Cir. 2012) (holding that voter registration applications fell within general disclosure mandate of the NVRA); *Public Interest Legal Foundation, Inc. v. Matthews*, 589 F.Supp.3d 932 (C.D. Ill. 2022) (determining, as a matter of first impression, that a voter registration list was a "record" subject to public disclosure provision of NVRA and that Illinois's interest in protecting citizens' privacy was not so great as to permit the State to refrain from keeping voter registration list from public disclosure); *Public Interest Legal Foundation, Inc. v. Dahlstrom*, 673 F.Supp.3d 1004 (D. Alaska 2023) (holding PILF had plausibly alleged that withheld records fell within the NVRA's disclosure provision for deceased voter reports received from the Electronic Registration Information Center, which used a death master file maintained by Social Security Administration to identify deceased voters); *Judicial Watch, Inc. v. Griswold*, 554 F.Supp.3d 1091 (D. Colo. 2021) (holding plaintiffs established Article III standing, and that plaintiffs plausibly alleged that Colorado's voter list maintenance program did not comply with NVRA); *Voter Reference Foundation, LLC v. Torrez*, 727 F.Supp.3d 1014 (D.N.M. 2024) (granting summary judgment in favor of plaintiffs on the NVRA preemption claim, concluding that the federal law's public inspection provision overrides the state's usage and sharing restrictions); *Greater Birmingham Ministries v. Secretary of State for Alabama*, 105 F.4th 1324 (11th Cir. 2024) (holding Secretary of State violated the public-disclosure provision of the NVRA by failing to provide records which related to the disqualification of voters because of a felony conviction and to the denial of new voter-

requested by AFPI has already been withheld, and AFPI has exhausted its administrative remedies. *See generally, America First Policy Institute v. Commonwealth of Pennsylvania, Department of State*, 1403 CD 2025. Accordingly, the Defendants' actions are the direct and proximate cause of AFPI's informational injury, in violation of the NVRA, 52 U.S.C. § 20507(i)(1).

Second, AFPI has several protectable interests involved in this case stemming from its work to ensure fair and transparent elections that further reinforce its significant interest in this matter. Most importantly, AFPI has a distinct civic interest in the effects of NVRA disclosure on its core mission. Courts have long recognized the rights of intervening organizations in voting rights cases, when the movant adequately demonstrates how the court's disposition of the case could harm their mission and activities.[4] As AFPI has reiterated numerous times to the Defendants:

> AFPI's Pennsylvania State Chapter is a Domestic Nonprofit Corporation. AFPI exists to advance policies that put the American people first. Our guiding principles are liberty, free enterprise, national greatness, American military superiority, foreign-policy engagement in the American interest, and the primacy of American workers, families, and communities in all we do. *AFPI seeks to determine whether Pennsylvania is administering its elections in a free, fair, and lawful*

---

registration applications for the same reason).

[4] *See e.g., Schulz v. Williams,* 44 F.3d 48, 52-53 (2d Cir. 1994) (granting standing to organizations to challenge a New York voter registration list statute); *La Union del Pueblo Entero v. Abbott,* 29 F.4th 299 (5th Cir. 2022) (granting intervention of right to political committees that demonstrated harm to their ability to maintain election integrity); *Electronic Privacy Information Center v. Presidential Advisory Commission on Election Integrity*, 266 F.Supp.3d 297 (D.D.C. 2017) (finding that a public interest organization had standing because the Commission's failure to comply with legal requirements impaired the organization's ability to educate the public and required it to expend resources to obtain information).

> *manner . . . AFPI-Pennsylvania respectfully requests [information and records] to protect the integrity of the electoral process, ensure that accurate and current voter registration rolls are maintained, and identify jurisdictions failing to follow National Voter Registration Act of 1993 protocols so that AFPI-Pennsylvania may notify election officials of any potential violations and make recommendations for remedial action or litigation*[.]

(*emphasis added*). ***See*** Exhibit 1 to the Declaration of Mary Stiffler, filed herewith, at 2; *see also*, Exhibit 2 at 4.

AFPI therefore has an interest in protecting the statutory entitlement to voter roll maintenance records under the NVRA to further its research and advocacy activities. While intervention is important for this reason alone, courts nationwide have also shown public interest organizations like AFPI have been successful in improving the integrity of our elections through NVRA litigation. For example, Indiana's voter roles were updated and brought into compliance with the voter list maintenance requirements of the NVRA as a direct result of a lawsuit brought by public interest organizations like PILF and AFPI. *See, Judicial Watch, Inc. v. King*, 993 F.Supp.2d 919 (S.D. Ind. 2012) (holding plaintiffs had sufficiently alleged that Indiana's voter rolls were inaccurate and that the state had not provided the requested records, potentially violating the NVRA). More recently, PILF successfully overturned a Maine law prohibiting publication of voter registration information, allowing for disclosure of the records without threat of fines and thereby improving election transparency. *See, Public Interest Legal Foundation, Inc. v. Bellows*, 92 F.4th 36 (1st Cir. 2024) (holding Maine statute prohibiting publication of voter registration information was preempted by NVRA). These successes were possible because public

interest organizations were able to obtain public voter roll maintenance information under the NVRA. AFPI thus has significant protectable interests in ensuring the continued, federally required, public disclosure of records related to "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," *see* 52 U.S.C. § 20507(i)(1).

**C. AFPI's Interests Could Be Significantly Impaired by the Disposition of This Matter.**

If Defendants prevail and successfully withhold voter list maintenance records, AFPI, as a proposed intervenor will suffer significant harm. The analysis for harm to a significantly protectable interest is "intertwined" with the determination of impairment of that interest. *See U.S. v. Territory of the Virgin Islands*, 748 F.3d 514, 519 (3d Cir. 2014) (quoting *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.1987)).

As detailed, *supra*, AFPI, as proposed intervenor, has a significant interest in protecting its statutory right to information related to voter list maintenance procedures and to use such information to improve the management and integrity of our elections. AFPI's significant interests in ensuring statutorily required disclosure and obtaining information critical to its core mission will be harmed if the Court upholds Defendants' decisions and reasoning not to disclose information as required by 52 U.S.C. § 20507(i)(1).

**D. AFPI's Interests Are Not Adequately Represented by the Existing Parties in This Matter.**

As an intervenor, AFPI is required to show that its interests are not adequately

represented by the existing parties; however, this burden is minimal. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal."). This burden may be satisfied if an intervenor demonstrates that its interests, though similar to those of an existing party, are nevertheless sufficiently different that the representative cannot give the applicant's interests proper attention. *See Brody By and Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). When a government entity is a party, courts often presume that it adequately represents the interests of intervenors, as the government is charged with representing the public interest. However, this presumption can be rebutted if intervenors demonstrate that their interests are more specific or personal and are not fully aligned with the government's broader objectives. For instance, in *Kleissler*, the court found that the government's representation of intervenors' interests was inadequate because the agency's broader policy considerations could conflict with the intervenors' specific interests. *See* 157 F.3d 964. Notably, both parties are government entities, demonstrating conflicting views of the 'public interest,' and the inability to adequately represent such interests fully.

With respect to the Department of Justice, AFPI's interest in obtaining disclosure of information generally aligns. However, unlike the Department of Justice, AFPI is interested in the full public disclosure of the information it is seeking from Defendants under the NVRA, which is crucial to its core research and advocacy

activities. On the other side of the case, the Defendants' rationale for refusing to turn over records to the Department of Justice is substantially similar to that which was used in the denial of AFPI's Right-to-Know request. *Compare*, Letter of Secretary Schmidt, dated August 21, 2025; Exhibit 4 to the Declaration of Mary Stiffler. Accordingly, AFPI's interest in making the information available publicly is not well represented by the original parties to this action.

As an initial matter, both parties to this action are government entities. *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998)("When [the government's] views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden [to demonstrate interests are inadequately represented] is comparatively light."). AFPI's interests are clearly not represented by Defendants, who have withheld records under the NVRA and in violation of their own public records law. *See supra,* at 5. However, Plaintiff also does not represent AFPI's interests.

The Department of Justice has requested five forms of specific relief, none of which, if granted, would help vindicate AFPI's statutory right to information under the NVRA or AFPI's interest in obtaining such information.

First, the United States requests declaratory relief for

> *. . . Defendants' refusal to provide registration records and Pennsylvania's electronic statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number, upon a demand by the Attorney General [in] violat[ion of] Title III of the CRA. 52 U.S.C. § 20703.*

Compl. of the United States, ECF No., at 15. AFPI seeks records of related to the actual maintenance processes for Pennsylvania's voter rolls. At no point in time, including during AFPI's efforts to navigate Pennsylvania's open records law, has AFPI sought personally identifying information as sensitive as social security numbers and driver's license numbers. Nor is AFPI entitled to demand such information in the manner in which the Justice Department has. Because AFPI seeks different relief, despite having a claim which arises under a similar question of law or fact, its interests are not sufficiently represented by the sole plaintiff. *See Spang*, 957 F.2d at 1123 (3d Cir. 1992); *see also*, *Hoots*, 672 F.2d at 1135). Second, the United States requests declaratory relief for

> . . . *Defendant[s'] fail[ure] to make available and provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of the NVRA. 52 U.S.C. § 20507(i)(1).*

*Id*. at 16. While AFPI makes substantially the same claim with regard to its entitlement to records, the Justice Department's requested relief has no bearing on APFI. Moreover, the ability of the federal government to obtain declaratory relief is entirely separate from the informational injury suffered by a public interest group like AFPI, which is entitled to the same information. Because AFPI seeks different relief, despite having a claim which arises under a similar question of law or fact, its interests are not sufficiently represented by the sole plaintiff. *See supra* at 12-13.

Third, the United States requests declaratory relief stating:

> . . . *Defendants' refusal to provide the requested records concerning voter*

> *registration and list maintenance prevents the Attorney General from enforcing HAVA's list maintenance requirements[.]*

*Id*. at 16. AFPI has no standing to enforce HAVA, which does not provide for private rights of action. *See* 52 U.S.C. §§ 21111, 21112 (establishing only two HAVA enforcement mechanisms: (1) a civil action brought by the Attorney General, and (2) a state-based administrative complaint procedure); *see also Belitto v. Snipes*, 935 F.3d 1192 (11th Cir. 2019) ("HAVA creates no private cause of action.") (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress.").

Fourth, the United States asks this Court to "[d]eclare that any State law that prohibits Defendants from providing the requested statewide voter registration list is preempted by Federal law." *Id*. at 16. Such declaratory relief is incidental to AFPI's claims in so far as the Defendants' stated grounds for the denial of information were substantially rooted in state law. *See* Exhibit 4 to the Declaration of Mary Stiffler However, because AFPI seeks different records, apart from the voter registration list itself, the requested declaratory relief does not adequately address preemption issues which may affect AFPI's records request. Because AFPI seeks different relief, despite having a claim which arises under a similar question of law or fact, its interests are not sufficiently represented by the sole plaintiff. *See supra* at 12-13.

Fifth, the United States asks the Court specifically to "Order Defendants to provide to the United States the current electronic copy of Pennsylvania's computerized statewide voter registration list . . ." ECF NO. 1, at 16. Such request, if granted is of no avail to AFPI's protectable interests in this matter. Because AFPI

seeks different relief, despite having a claim which arises under a similar question of law or fact, its interests are not sufficiently represented by the sole plaintiff. *See supra* at 12-13.

Accordingly, the Department of Justice does not seek relief which will adequately, if at all, protect AFPI's interests. Because the adverse Defendants and the federal government do not adequately represent AFPI's significantly protectable interests, including its statutory right to information under the NVRA, AFPI is entitled to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure.

### II. Alternatively, AFPI's Permissive Intervention in This Matter Is Appropriate.

Should the Court hold that AFPI is not entitled to intervene as a matter of right, then the Court should exercise its discretionary authority to permit AFPI to intervene pursuant to Fed. R. Civ. P. 24(b)(1).

For permissive intervention, the Federal Rules of Civil Procedure only require that: (1) intervenors timely file a motion; (2) that intervenors have a claim that shares a common question of law or fact with the main action; (3) and that the court merely "consider" if "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P 24(b). While this determination is made at the court's discretion, the "denial of intervention as of right does not automatically mandate a denial of permissive intervention." *Hoots*, 672 F.2d at 1136 (3d Cir. 1982) (citing *McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980). Because AFPI's motion is timely, relates to a common question of law under 52 U.S.C. § 20507(i)(1), and will

not delay or prejudice the original parties, the Court should permit AFPI to intervene in this action.

**A. AFPI's Application to Intervene in This Matter Is Timely.**

Under Third Circuit precedent, the timeliness of AFPI's permissive motion to intervene is determined by the same inquiry as its motion to intervene as of right. *See In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (treating the timeliness inquiry the same for both types of Rule 24 motions). As described *supra*, AFPI brings this motion at the earliest stage of litigation, and—absent the stay of this action by the Justice Department—within mere days of realizing its injury and the filing of this case. Accordingly, AFPI's motion to intervene is as prompt as practically possible and timely pursuant to Fed. R. Civ. P 24(b)(1).

**B. AFPI Has a Claim or Defense That Shares with the Main Action a Common Question of Law or Fact.**

AFPI's motion relates to a common question of law under 52 U.S.C. § 20507(i)(1). "To intervene under Rule 24(b), the movant must have a 'claim or defense' against the defendants with questions of fact or law in common with the main action not just a general interest in its subject matter or outcome[.]" *Liberty Mut. Ins. Co. v. Pacific Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) (citation omitted).

AFPI has been denied access to records, contrary to federal statute after specifically requesting:

> All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal

> elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.

*See* Exhibit 2 to the Declaration of Mary Stiffler, at 2. AFPI also explicitly stated that the "request [was] made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. 20507(i)(1)." *Id.* at 3. Similarly, the Justice Department has requested this court grant declaratory relief as follows:

> Declare that Defendants have failed to make available and provide to the United States "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," in violation of the NVRA. 52 U.S.C. § 20507(i)(1)

Compl. of the United States, ECF No. 1, at 16. Because AFPI and the Department of Justice request relief under the same statute, APFI shares a common question of law: whether the Defendants are required to make available "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters[,]" *see* 52 U.S.C. §20507(i)(1). Accordingly, intervention is warranted.

### C. The Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights.

AFPI's motion will not delay or prejudice the original parties. Accordingly, permissive intervention is also appropriate. As described above, Section X, the underlying case has not progressed in any meaningful way since the complaint was filed, and no deadlines or schedules are in place, including a deadline for Defendants

to respond to the complaint. As a result, AFPI's intervention would not delay the proceedings or unduly burden the existing parties. Because AFPI is moving to intervene before any responsive pleadings are due, its request is timely and causes no prejudice.

## CONCLUSION

Based on the foregoing, AFPI respectfully requests that this Court grant its motion for intervention as plaintiff and award it any other necessary and appropriate relief.

Respectfully submitted,

Dated: November 19, 2025

*/s/Walter S. Zimolong*
WALTER S. ZIMOLONG, III, ESQUIRE
ZIMOLONG LLC
wally@zimolonglaw.com
P. O. Box 552
Villanova, PA 19085
(215) 665-0842

NICHOLAS J. WANIC, ESQ.
AMERICA FIRST POLICY INSTITUTE,
CENTER FOR LITIGATION
1455 Pennsylvania Ave., NW
Washington, D.C. 20004
nwanic@americafirstpolicy.com
(703) 637-3690

*(application for admission pro hac vice forthcoming)*