# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) |
| AFPI—PENNSYLVANIA | ) |
| *Plaintiff-Intervenor,* | ) |
| v. | ) Case No. 2:25-cv-01481-CB |
| COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the State of Pennsylvania | ) |
| *Defendants.* | ) |

## COMPLAINT IN INTERVENTION

Plaintiff-Intervenor America First Policy Institute–Pennsylvania (hereinafter "AFPI"), by and through its attorneys, hereby brings action for violations of Section 8 of the National Voter Registration Act of 1993 (hereinafter "NVRA"), 52 U.S.C. § 20507(i)(1), against Defendants, the Commonwealth of Pennsylvania and Al Schmidt, in his official capacity as Secretary of the Commonwealth of Pennsylvania. In support of its action, AFPI states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

2. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as this action seeks injunctive and declaratory relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b), because Defendants are at home in this district.

## PARTIES

4. Plaintiff-Intervenor, AFPI, is a non-partisan, non-profit, public interest organization incorporated in Pennsylvania. AFPI seeks to promote the integrity of elections nationwide through research, education, and litigation. AFPI has dedicated significant time and resources to ensure that voter rolls in the state of Pennsylvania do not contain ineligible registrants. AFPI produces and disseminates reports, articles, and newsletters in order to advance the public's education on issues of election integrity, as well as to communicate with election officials about problems or defects found in list maintenance practices and with the goal of improving those practices.

5. Defendant Commonwealth of Pennsylvania is a state of the United States of America and, therefore, is subject to the requirements of the NVRA. *See* 52 U.S.C. § 20503(a).

6. Defendant, Al Schmidt, is the Secretary of the Commonwealth of Pennsylvania and directs the Department of State, which implements, regulates, and administers the Commonwealth's voter registration process known as the SURE

("Statewide Uniform Registry of Electors") system. 25 Pa. Cons. Stat. §§ 1201, 1222(a), (e), and (f).

7. Defendant's violations of the NVRA and Pennsylvania's RTKL have harmed and continue to harm and frustrate the AFPI's purpose of protecting the integrity of the electoral process and ensuring that accurate and current voter registration rolls are maintained. AFPI's expenditure of significant time and money seeking to rectify Defendant's failure to clean up the voter rolls by removing ineligible registrants from such rolls has also forced AFPI to divert its limited resources.

## THE NATIONAL VOTER REGISTRATION ACT

8. Section 8 of the NVRA requires that the Commonwealth "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(c)(2)(A).

9. The Secretary of the Commonwealth is the chief election official of Pennsylvania and is responsible for coordination of the Commonwealth's responsibilities under the NVRA. 52 U.S.C. § 20509.

10. The Secretary of the Commonwealth is responsible for coordinating with both state agencies and county registration commissions to ensure the removal of ineligible electors from the voting rolls. It is also mandated by the federal Help America Vote Act. 52 U.S.C. § 21083(a)(2)(A)(ii)(II).

11. Defendants are required by the NVRA to disclose all records related to the Commonwealth's efforts to ensure the accuracy of Pennsylvania's voter rolls. Specifically, Pennsylvania must "make available for public inspection . . . all records

3

concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. §20507(i)(1).

12. Upon learning of a violation of NVRA, and due notice, AFPI is entitled to bring a private action for declaratory and injunctive relief with respect to such violations under Section ll(b) of the NVRA, 52 U.S.C. § 20510(b)(2).

## FACTS

13. On or about May 13, 2025, AFPI sent a letter to the Office of the Secretary of the Commonwealth of Pennsylvania, declaring AFPI's intention to seek certain information for the purpose of protecting the integrity of the electoral process, ensuring that accurate and current voter registration rolls were maintained, and to identify jurisdictions failing to follow NVRA protocols, so that AFPI would have an opportunity to notify election officials of any potential violations—consistent with the notice requirements under 52 U.S.C. § 20510(b)—and to make recommendations for remedial action or to engage in litigation. A copy of the May 13, 2025, letter is attached as Exhibit 1 to the Appendix to the Declaration of Mary Stiffler, filed herewith.

14. The Office of the Secretary of the Commonwealth of Pennsylvania did not respond to AFPI's May 13, 2025 letter.

15. Having received no response from the Office of the Secretary of the Commonwealth of Pennsylvania, on June 26, 2025, AFPI submitted a formal request for records pursuant to the NVRA and the Pennsylvania's Right to Know Law ( RTKL), 65 P.S. § 67.301 et seq. to Ms. Janelle Hawthorne, the Agency Open Records

4

Officer for the Pennsylvania Department of State. A copy of the formal request, submitted electronically through the Pennsylvania Office of Open Records, with enclosures, is attached as Exhibit 2 to the Appendix to the Declaration of Mary Stiffler, filed herewith.

16. AFPI's formal records request under the NVRA sought the following documents:

> *All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.*

17. AFPI's formal request for public records under the NVRA also explicitly stated: "[t]his request is made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. 20507(i)(1)."

18. AFPI also made a request for records which might be related to the efforts of the Office of the Secretary of the Commonwealth's efforts related to voter roll maintenance under the Pennsylvania RTKL, for which it is presently seeking relief in state court. *See generally, America First Policy Institute v. Commonwealth of Pennsylvania, Department of State*, 1403 CD 2025.

5

19. AFPI's formal request for public records under the Pennsylvania RTKL explicitly requested all records from "the period commencing January 1, 2020, up to and including the date of [the] request."

20. On July 3, 2025, Ms. Janelle Hawthorne, the Agency Open Records Officer for the Pennsylvania Department of State, sent a letter to counsel for AFPI pursuant to 65 P.S. §67.902(b)(2), notifying AFPI that the formal request was being reviewed pursuant to §67.902(a)(4), and stating that the Department of State would require up to an additional 30 days in which to provide a final written response to the request. A copy of the July 3, 2025 letter is attached as Exhibit 3 to the Appendix to the Declaration of Mary Stiffler, filed herewith.

21. On August 4, 2025, Ms. Janelle Hawthorne, the Agency Open Records Officer for the Pennsylvania Department of State, sent a final written response to AFPI, denying the requests in part. A copy of the final written response is attached as Exhibit 4 to the Appendix to the Declaration of Mary Stiffler, filed herewith.

22. Specifically, with respect to AFPI's request made pursuant to the NVRA, the Department of State granted AFPI's request in limited part, in so far as the final written decision stated that "public information responsive to [the request] *may* be found in the Annual Voter Registration reports available on the Department's website." (*emphasis added*).

23. On August 25, 2025, in response to the Department of State's partial denials, AFPI submitted a timely appeal pursuant to 65 P.S. § 67.1101(a)(1), stating both general and specific grounds for appeal. AFPI specifically appealed the partial

denial of its request under the NVRA for "all records 'concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters' by the Commonwealth of Pennsylvania." AFPI specifically stated that the NVRA, 52 U.S.C. §20507(i)(1), preempted the state laws under which the Department of State denied the request. AFPI also appealed the partial denial of its request under the Pennsylvania RTKL for records related to policies, guidance, and procedures for sharing citizenship and immigration information with federal agencies. A copy of the formal administrative appeal is attached as Exhibit 5 to the Appendix to the Declaration of Mary Stiffler, filed herewith.

24. Pursuant to 65 P.S. § 67.1101(b)(1), the Department of State was required to respond to AFPI's timely appeal no later than September 24, 2025.

25. As of the date of this Complaint, no response to AFPI's appeal has been received. Accordingly, pursuant to 65 P.S. § 67.1101(b)(2), AFPI's appeal to the Office of Open Records is deemed denied. AFPI has therefore exhausted its administrative remedies under state law.

## NVRA NOTICE OF VIOLATION

26. Pursuant to 52 U.S.C. § 20510(b)(1)-(2), AFPI is an aggrieved party, and thereby required to provide notice of violation no later than ninety (90) days prior to the commencement of this action.

27. By notifying the Defendants in its June 26, 2025 request that such request was "made under federal law, pursuant to the records inspection provisions

of the NVRA, 52 U.S.C. 20507(i)(1)," AFPI provided notice to the Defendants of his violation, consistent with requirements under 52 U.S.C. § 20510(b)(2). AFPI also stated its intention to engage in litigation, if necessary, to seek compliance with federal elections laws.

28. As of the date of this Complaint, records required to be made available for public inspection remain withheld from AFPI. Accordingly, the Defendants have failed to correct violation of 52 U.S.C. §20507(i)(1).

## CLAIMS

### *Claim I – Violation of NVRA Public Inspection*

29. AFPI hereby incorporates by reference all information alleged and shown in ¶¶ 1-28, as if fully set forth herein.

30. The NVRA mandates that Pennsylvania "make available for public inspection . . . all records *concerning the implementation of programs and activities* conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. §20507(i)(1) (*emphasis added*). As the chief election official of the Commonwealth of Pennsylvania, Secretary Schmidt is responsible for making such records available for public inspection. 52 U.S.C. § 20509.

31. Defendants violated the NVRA by partially denying AFPI's records request and by failing to make the records requested available for public inspection, contrary to 52 U.S.C. §20507(i)(1).

32. The Office of the Secretary of the Commonwealth's partial denial of AFPI's request is without valid basis in law, as stated in AFPI's administrative appeal to the Office of Open Records.

33. By failing to make the records requested available for public inspection, Defendants deprived AFPI of information necessary to perform its public mission to protect the integrity of the electoral process, ensure that accurate and current voter registration rolls are maintained, and to identify jurisdictions failing to comply with federal election laws.

34. Pursuant to 52 U.S.C. § 20510(b)(2), and having given sufficient notice, AFPI is entitled to bring civil action in this Court seeking declaratory or injunctive relief with respect to the Defendants' violation of 52 U.S.C. § 20507(i)(1).

35. AFPI is entitled to declaratory and injunctive relief to remedy the wrongful denial of access to records requested pursuant to the NVRA.

## PRAYER FOR RELIEF

WHEREFORE, AFPI hereby prays the Court for relief and entry of judgment as follows:

1. An order declaring Defendants to be in violation of 52 U.S.C. § 20507(i)(1) for wrongfully withholding records;

2. An order that Defendants shall produce to AFPI all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters;

3. An order, pursuant to 52 U.S.C. § 20510(c), requiring Defendants to pay AFPI's reasonable attorney's fees, including litigation expenses and costs;

4. For such other relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  November 19, 2025 | */s/Walter S. Zimolong*<br>WALTER S. ZIMOLONG, III, ESQUIRE<br>ZIMOLONG LLC<br>wally@zimolonglaw.com<br>P. O. Box 552<br>Villanova, PA 19085<br>(215) 665-0842 |

Nicholas J. Wanic, Esq.
America First Policy Institute,
Center for Litigation
1455 Pennsylvania Ave., NW
Washington, D.C. 20004
nwanic@americafirstpolicy.com
(703) 637-3690

*(application for admission pro hac vice forthcoming)*