**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **No.  2:25-CV-01481** |
| | : | |
| **v.** | : | **Judge Cathy Bissoon** |
| | : | |
| **AL SCHMIDT, in his official capacity as** | : | **Electronically Filed Document** |
| **Secretary of the Commonwealth, and the** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Defendants.** | : | |

**COMMONWEALTH OF PENNSYLVANIA'S BRIEF IN
SUPPORT OF ITS MOTION TO DISMISS "THE
COMMONWEALTH" AS A PARTY**

The Commonwealth of Pennsylvania, by and through counsel, hereby submits this Brief in
Support of its Motion to Dismiss Plaintiff's Complaint.

Plaintiff, the United States, is alleging that the Defendants—Secretary of the
Commonwealth Al Schmidt and, separately, the Commonwealth as an entity—are violating the
Civil Rights Act of 1960 ("CRA"); the National Voter Registration Act of 1993 ("NVRA"); and
the Help America Vote Act of 2002 ("HAVA").[1] The Commonwealth is represented by the
Pennsylvania Office of Attorney General. Secretary Schmidt is separately represented by the
Governor's Office of General Counsel.[2] The Complaint [ECF 1] does not present any factual

---

[1] *See* 52 U.S.C. §§ 20701 *et seq.* (CRA); 52 U.S.C. §§ 20501 *et seq.* (NVRA); 52 U.S.C.
§§ 20901 *et seq.* (HAVA).

[2] Pennsylvania's Commonwealth Attorneys Act provides that the Governor, through his
general counsel, may seek to supersede the Attorney General in order to represent Commonwealth
agencies – as distinct from the Commonwealth as an entity – under the Governor's authority.
Absent supersession, the Governor would nonetheless have the power to intervene as a matter of
right to represent the interests of his departments and appointees, which include the Pennsylvania
Department of State and Secretary of the Commonwealth Al Schmidt. *See* 71 P.S. § 732–303.

averments against the Commonwealth of Pennsylvania, which is not synonymous with Secretary Schmidt. It is clear that Plaintiff has concerns regarding its requests for sensitive voter information sent to Secretary Schmidt. But it is also clear that Plaintiff cannot state a claim against the Commonwealth. And, despite the Commonwealth's request, Plaintiff has not dismissed it as a named party. Plaintiff has indicated to the Commonwealth that they do not take a position on the Commonwealth's motion at this time.

Because the Commonwealth is not a proper defendant in this action and because no factual averments have been presented against it, the Complaint must be dismissed as to the Commonwealth as an independent party.

## PROCEDURAL HISTORY

On September 25, 2025, Plaintiff filed a Complaint, bringing claims pursuant to the NVRA, CRA, and HAVA. [ECF 1]. Plaintiff fails to state any facts that could support a cause of action against the Commonwealth as an independent party. Accordingly, the Commonwealth now moves to be dismissed from this action.

## PARTIES TO THE PROCEEDING

The Pennsylvania Constitution establishes the Attorney General as the Commonwealth's "chief law officer" and delegates to him "powers and … duties as may be imposed by law." *See* PA. CONST. art. IV, § 4.1. Pursuant to that authority, the Commonwealth Attorneys Act authorizes the Attorney General to represent "both the Commonwealth and its agencies." *Synthes USA HQ, Inc. v. Commonwealth*, 289 A.3d 846, 859–60 (Pa. 2023) (citing 71 P.S. § 732–204). Though statutory mechanisms exist for agencies themselves or other executive branch officials to represent Commonwealth officers and agencies in certain instances, "the Attorney General shall at all times continue to represent the Commonwealth." *Id.* (citing 71 P.S. §§ 732–303(b), 403(b)).

For the sake of clarity, in this proceeding—as evidenced by the appearances entered on this Court's docket, *see* ECF 50, 52, 58—the Attorney General represents the Commonwealth of Pennsylvania, and separate counsel represents Secretary Schmidt.

## STATEMENT OF FACTS

The Commonwealth of Pennsylvania is sued in this action. ECF 1, ¶ 7. Specifically, the Complaint alleges that on June 23, 2025, August 4, 2025, and August 14, 2025, the United States Department of Justice sent letters to Secretary Schmidt requesting information related to Pennsylvania's compliance with HAVA and NVRA. Plaintiff avers that Secretary Schmidt's response is insufficient and does not reflect compliance with HAVA and the NVRA. There are no factual allegations presented in the Complaint against the Commonwealth.

The Complaint alleges that the initial letter on June 23, 2025, requested a description of the process by which Pennsylvania identifies and removes registrants who are ineligible to vote due to non-citizenship from the statewide voter registration list. It also requested descriptions of the processes that Pennsylvania uses to carry out its list maintenance obligations under HAVA. *Id.* at ¶ 33. On July 23, 2025, Secretary Schmidt responded to the letter. *Id.* at ¶ 35. Critically, that letter was directed to Secretary Schmidt only. The Commonwealth, which, as noted, is represented by the Office of Attorney General, was never served with that letter.

On August 4, 2025, a second letter requested a list of election officials responsible for implementing Pennsylvania's general program of voter registration list maintenance from November 2022 through receipt of the letter. *Id.* at ¶ 36. On August 18, 2025, Secretary Schmidt responded to the August 4 letter. *Id.* at ¶ 38. Again, that letter was not directed towards or received by the Commonwealth.

On August 14, 2025, Plaintiff sent Secretary Schmidt a third letter requesting production of Pennsylvania's statewide voter registration list that contains all fields, including each registrant's full name, date of birth, residential address, their state driver's license number, and the last four digits of their social security number. *Id.* at ¶39. On August 21, 2025, Secretary Schmidt responded to the letter offering public voter records to Plaintiff for review, without the unique identifiers requested. *Id.* at ¶ 43. Once again, that letter was never served on the Commonwealth.

Plaintiff seeks an order for Defendants to provide the United States with a current electronic copy of Pennsylvania's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their social security number. *Id.* at ¶ E.

## STATEMENT OF THE QUESTION INVOLVED

Whether the Commonwealth should be dismissed as a party because Plaintiff fails to state an injury that is redressable by or traceable to the Commonwealth, which is not a proper party to this action.

**Suggested answer:** Yes, the Commonwealth should be dismissed as a party.

## STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to Fed .R. Civ. P 12(b)(6), the Court must "accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of [the plaintiff]," but "need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint." *Odd v. Malone*, 538 F.3d 202, 207 (3d Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57, 570 (2007) (rejecting the "no set of facts" standard); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (holding that a complaint must do more than allege the plaintiff's entitlement to relief but rather

"show" such an entitlement via its facts.). The Court need not accept legal conclusions or inferences drawn by plaintiff if unsupported by the facts set forth in the complaint. *Twombly,* 550 U.S. at 1965.

## ARGUMENT

The "irreducible constitutional minimum" of Article III standing requires a plaintiff to "establish three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely redressed by a favorable judicial decision." *Yaw v. Delaware River Basin Comm'n*, 49 F.4th 302, 310 (3d Cir. 2022) (citation omitted). Parties invoking the jurisdiction of the federal courts bear the burden of demonstrating their standing, and must "clearly … allege facts demonstrating each element." *Id.* at 311.

Because Plaintiff's suit is premised upon violations of federal law that, even if true, are neither traceable to the Commonwealth as an entity nor capable of being redressed by a judicial decision against the Commonwealth, the Court should dismiss those claims. *Cf. Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (requiring plaintiffs to show "actual injury *traceable to the defendant* and likely to be redressed by a favorable judicial decision") (emphasis added) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)).

State courts in Pennsylvania routinely acknowledge the distinction between "the Commonwealth" as an entity and its departments or agencies. *See, e.g., MFW Wine Co., LLC v. Pennsylvania Liquor Control Bd.,* 318 A.3d 100, 122-23 (Pa. 2024) ("[The Board] is an agency of the executive branch of the Commonwealth, and, thus, is distinguishable from 'the Commonwealth' as a whole.") *(citing Tork-Hiis v. Commonwealth,* 735 A.2d 1256, 1259 (Pa. 1999) (holding "the Commonwealth" and its agencies "are distinct legal entities")); *Savage v. Storm,* 257 A.3d 187, 191 (Pa. Cmwlth. 2021) (describing "the Commonwealth" as "an entity separate from its agencies

and officers"); *cf. Finn v. Rendell,* 990 A.2d 100, 105 (Pa. Cmwlth. 2010) (deeming it "self-evident that[,] if a specific state party can be identified as having a mandatory or ministerial duty, that party must be made the named defendant").

Federal courts, including this one, have faithfully reinforced that distinction. *See, e.g., Carter v. City of Philadelphia, 181 F.3d 339, 351 (3d Cir. 1999)* ("Pennsylvania case law makes clear that performance of an essential sovereign function on behalf of or in the name of the state does not give rise to state surrogate status under state law.") (collecting cases)*; In re Generic Pharmaceuticals Pricing Antitrust Litigation,* 571 F.Supp.3d 406, 410 (E.D. Pa. 2021) ("It is correct that the Commonwealth is a distinct entity from Commonwealth agencies"); *Ulery v. Pennsylvania,* No. 2:22-CV-1234, 2023 WL 5286156, at *2 n.1 (W.D. Pa. Aug. 17, 2023) (acknowledging the same).

## A.  **The Commonwealth is not a proper party to this action.**

### 1.  **Neither the CRA nor the NVRA enables suit against the Commonwealth.**

The CRA of 1960 requires "officer[s] of election[s]" to "retain and preserve" voting records for a period of 22 months following any federal election, *see* 52 U.S.C. § 20701. It defines an "officer of election" as:

> any person who, under color of any Federal, State, Commonwealth, or local law, statute, ordinance, regulation, authority, custom, or usage, performs or is authorized to perform any function, duty, or task in connection with any application, registration, payment of poll tax , or other act requisite to voting in any general, special, or primary election at which votes are cast for candidates for the office of President, Vice President, presidential elector, Member of the Senate, Member of the House of Representatives, or Resident Commissioner from the Commonwealth of Puerto Rico.

52 U.S.C. § 20706.

The Act further provides a remedy where state officials fail to comply with the strictures of the statute. Any officer of election or custodian who willfully fails to comply shall be fined not

more than $1,000 or imprisoned not more than one year, or both. *See* 52 U.S.C. § 20701. Pennsylvania's legislature has designated the Secretary of the Commonwealth as the chief state election official for CRA purposes. 25 P.S. § 2621.

Similarly, the NVRA requires each state to make available for inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of" voter rolls. 52 U.S.C. § 20507(i)(1). And it enables the Attorney General of the United States to bring civil actions to enforce those requirements. *Id.* § 20510. Under the NVRA, states must "designate a State officer or employee as the chief State election official to be responsible for coordination of State responsibilities under this chapter." *Id.* § 20509. Pennsylvania's Election Code incorporates the requirements of the NVRA and provides that the "secretary shall administer a system" that complies with those requirements. *See* 25 P.S. § 1325 (providing for voter registration capabilities at "all offices in this Commonwealth that provide public assistance"; 52 U.S.C. § 20506; *cf.* 25 P.S. § 1201 (directing the Department of State to "[d]evelop, establish, implement and administer a Statewide Uniform Registry of Electors in accordance with Subchapter B").[3]

Here, Plaintiff cannot proceed on its claims against the Commonwealth as an entity because the Commonwealth is an improper party in this action. Plaintiff presents this Court with no authority that supports bringing an action under the CRA or the NVRA against the Commonwealth. Plaintiff presents no factual allegations against the Commonwealth in its Complaint. Moreover, even if production of the requested records were an appropriate remedy, the Commonwealth as an entity is not the custodian of those records and exercises no legal dominion

---

[3] *See also* Administration of Voter Registration in Pennsylvania: 2024 Annual Report to the Pennsylvania General Assembly, PA. DEP'T OF STATE (June 30, 2025), available at <u>dos_voter_registration_report_2024_final.pdf</u> ("The Department also continues its collaboration with various state agencies designated under the National Voter Registration Act of 1993 (NVRA) … to administer voter registration programs.").

over Secretary Schmidt. Any court order to perform and establish compliance would be directed to the Secretary. *See, e.g.*, *Harkless v. Brunner*, 545 F.3d 445, 458 (6th Cir. 2008) (finding cause of action against election official under NVRA). Due to Plaintiff's failure to demonstrate through its averments that the Commonwealth, as an entity, is a proper party to this action, the Commonwealth should be dismissed.

**2. The Commonwealth is not an appropriate party to sue to vindicate the conditions of HAVA.**

HAVA provides federals funds to states that comply with its requirements. *See* 42 U.S.C. § 15301; *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474 n.13 (6th Cir. 2008). The Commonwealth voluntarily complies with HAVA. *See* 25 P.S. § 3046.2. As a result, it has developed a "single … computerized statewide voter registration list" that is "uniform, official, interactive[,]" and includes a unique identifier for each registered voter. 52 U.S.C. § 21083(a)(1)(A). HAVA also requires state election officials to perform reasonable maintenance with respect to its voter list. 52 U.S.C. 52 U.S.C. § 21083(a)(2)(A).

Because Congress enacted HAVA pursuant to its spending clause power, that statute represents an agreement that can be treated "much in the nature of a contract." *Pennhurst State Sch. and Hosp. v. Halderman*, 451 U.S. 1, 17 (1981) (citations omitted). That is, a State must "voluntarily and knowingly accept the terms" of the deal for it to have effect. *Id.* Here, the Commonwealth as an entity has no control over funds sent to Pennsylvania pursuant to HAVA. While the statute empowers the Attorney General of the United States to enforce its requirements by bringing civil actions, *see* 52 U.S.C. § 21111, the appropriate remedy in that circumstance would be the "discontinu[ation] of funds to the jurisdiction." *Taylor v. Onorato*, 428 F. Supp. 2d 384, 387 (W.D. Pa. 2006) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280 (2002)). Any available relief would be prospective. *Cf. Cummings v. Premier Rehab Keller, PLLC*, 596 U.S. 212, 225

8

(2022) (noting that "damages or a court order to perform … are the usual forms of relief for breaching a legally enforceable commitment"). Here, the Commonwealth does not have access to those funds. Accordingly, any court order to perform and vindicate the agreements would go to the Secretary.

Thus, Plaintiff has failed to aver, with respect to its claims under HAVA, that they are in any way traceable to or redressable by the Commonwealth, and the Commonwealth should be dismissed as a party.

**B.  The Complaint should be dismissed without leave to amend.**

Federal courts allow for curative amendment to correct pleading deficiencies, unless permitting such amendment would be inequitable or futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit recently clarified that even where "granting leave to amend would be futile," a lower court order dismissing an action for lack of standing must without prejudice. *See Cook v. GameStop, Inc.*, 148 F.4th 153, 163 (3d Cir. 2025); *Barclift v. Keystone Credit Services, LLC*, 93 F.4th 136, 141 (3d Cir. 2024).

Here, amendment is futile. Given the statutory schemes at issue, no additional facts or alternative legal theories would make the Commonwealth amenable to suit. Accordingly, the Complaint should be dismissed without leave to amend.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, the Commonwealth requests that the foregoing Motion to Dismiss be granted, and that the Commonwealth is dismissed from this action without leave to amend.

Respectfully submitted,
DAVID W. SUNDAY, JR.
Attorney General

By:     *s/ Meghan A. Flowers*
_____
        MEGHAN A. FLOWERS
        Deputy Attorney General
        Attorney ID 326721

Office of Attorney General
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Phone: (412) 565-3017
mflowers@attorneygeneral.gov
Date: November 25, 2025

        Nicole R. DiTomo
        Chief Deputy Attorney General
        Civil Litigation Section

        Counsel for the Commonwealth of
        Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **No.  2:25-CV-01481** |
| | : | |
| **v.** | : | **Judge Cathy Bissoon** |
| | : | |
| **AL SCHMIDT, in his official capacity as** | : | **Electronically Filed Document** |
| **Secretary of the Commonwealth, and the** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I, Meghan Flowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 25, 2025, I caused to be served a true and correct copy of the foregoing document titled COMMONWEALTH OF PENNSYLVANIA'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS "THE COMMONWEALTH" AS A PARTY via the Court's CM/ECF filing system upon all counsel of record.


  *s/ Meghan Flowers*
**MEGHAN FLOWERS**
Deputy Attorney General