UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>             Defendants. | No. 2:25-cv-1481<br>Judge Cathy Bissoon |

**BRIEF OF SECRETARY OF THE COMMONWEALTH AL SCHMIDT
IN OPPOSITION TO MOTION FOR INTERVENTION
BY AMERICA FIRST POLICY INSTITUTE – PENNSYLVANIA**

# TABLE OF CONTENTS

Table of Authorities ............................................................................................... iii

Introduction ............................................................................................................. 1

Argument ................................................................................................................. 2

I.      AFPI Is Not Entitled to Intervention of Right. ................................................ 2

    A.      AFPI Lacks Standing. ................................................................................ 3

        1.      AFPI and the United States Request Different Relief. ............................. 3

        2.      AFPI Does Not Have Standing for Its Requested Relief. .......................... 5

    B.      AFPI Does Not Meet All Four Factors for Intervention of Right. ......................... 9

        1.      AFPI Has Not Demonstrated Sufficient Interest in the Underlying Litigation. .......................................................................... 10

        2.      There is No Risk that AFPI's Interests Will be Impaired or Impeded. .................................................................................... 12

        3.      There is No Risk that the United States Will Not Adequately Represent AFPI's Interest. .......................................................... 13

II.     Permissive Intervention is Not Appropriate Here. ........................................... 15

    A.      There is No Common Question of Law or Fact. ...................................... 15

    B.      Intervention Will Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties. .......................................................... 16

    C.      AFPI Should Not be Permitted to Avoid the Procedures Required by the NVRA and Pennsylvania's Right to Know Law. ........................... 17

Conclusion ............................................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Ass'n of Comm. Orgs. For Reform Now v. Miller*, 129 F.3d 833 (6th Cir. 1997) ............... 5, 6, 16

*Bellitto v. Snipes*, 221 F. Supp. 3d 1354 (S.D. Fla. 2016) ................................................ 6

*Bellitto v. Snipes*, 268 F. Supp. 3d 1328 (S.D. Fla. 2017) ............................................. 7, 8

*Broyles v. Texas*, 618 F. Supp. 2d 661 (S.D. Tex. 2009) ................................................ 6

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) .................................................... 3

*Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015) ........................................ 17

*Ga. State Conf. of N.A.A.C.P. v. Kemp*, 841 F. Supp. 2d 1320 (N.D. Ga. 2012) ......................... 6

*Harris v. Pernsley*, 820 F.2d 592 (3rd Cir. 1987) ......................................................... 10, 11

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3rd Cir. 1998) ............................................ 9, 12

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3rd Cir. 2005) .............................. 9, 10, 11

*McKay v. Heyison*, 614 F.2d 899 (3rd Cir. 1980) ......................................................... 15

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361 (3rd Cir. 1995) ................................................................................. 9, 13

*Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449 (M.D. Pa. 2019) ............................. 6, 8

*Scott v. Schedler*, 771 F.3d 831 (5th Cir. 2014) ......................................................... 5, 7

*Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433 (2017) .......................................... 3, 5

*True the Vote v. Hosemann*, 43 F. Supp. 3d 693 (S.D. Miss. 2014) ............................................. 6

*Voice of the Experienced v. Ardoin*, 2024 WL 2142991 (M.D. La. May 13, 2024) ...................... 7

## Statutes

52 U.S.C. § 20510(a) ................................................................................. 13

52 U.S.C. § 20510(b) ................................................................................. 5

52 U.S.C. § 20510(b)(1) ............................................................................. 8

52 U.S.C. § 20510(b)(2) ............................................................................. 5

52 U.S.C. § 20510(c) ............................................................................................. 5

65 P.S. § 67.503(a) .............................................................................................. 17

**Other Authorities**

Br. for the United States as Amicus Curiae, *Public Interest Legal Foundation v.*
    *Secretary of the Commonwealth of Pennsylvania* ................................... 13

Office of Open Records, "About the Office of Open Records." ................................ 17

U.S. Const., Art. III, § 2, cl. 1 ............................................................................ 3

**Rules**

Fed. R. Civ. P. 24(a)(2) .................................................................................... 9, 10

Fed. R. Civ. P. 24(b)(2) ...................................................................................... 15

Fed. R. Civ. P. 24(b)(3) ...................................................................................... 15

**INTRODUCTION**

The issue in this case is straight-forward. The United States alleges that on August 14, 2025, it requested from Secretary Schmidt "all fields" of the Commonwealth's computerized statewide voter registration list, including registrants' state driver's license number and the last four digits of their Social Security number. U.S. Compl. ¶ 39, Dkt. No. 1. Secretary Schmidt responded by offering the public voter file, which does not include the driver's license or partial Social Security numbers ("DLNs" and "SSN4s" respectively). U.S. Compl. ¶ 43. The United States now asks this Court to order production of that specific information pursuant to several laws, including Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1). U.S. Compl. ¶¶ B, E.

America First Policy Institution – Pennsylvania ("AFPI") seeks to intervene in this narrow case by bringing a wholly separate and much broader lawsuit that happens to also request documents pursuant to Section 8(i)(1) of the NVRA. There is no overlap in the documents requested; indeed, AFPI explicitly disclaims any effort to seek driver's license and Social Security numbers. AFPI Br. ISO Mot. for Intervention 14, Dkt. No. 60. AFPI also freely admits that the United States' requested relief, if granted, would not help to vindicate AFPI's interests. AFPI Br. 13. Nonetheless, AFPI seeks to drastically expand the type of records and legal questions in this case, in a blatant attempt to avoid the pre-suit procedural requirements of both the NVRA and Pennsylvania's Right to Know Law. This Court should not reward AFPI's attempted end-run around statutorily required procedures by granting it intervenor status.

**ARGUMENT**

AFPI is not entitled to intervention of right. Because AFPI requests different relief from the United States, it must have standing for the relief it requests. However, having failed to comply with the pre-suit notification obligations required by the NVRA, AFPI does not have standing as to those claims in any court. AFPI has also failed to establish that it meets three of the four factors required by courts in the Third Circuit for intervention of right. In particular, because AFPI brings a wholly separate and much broader case, it does not have a sufficient interest in the underlying litigation and there is no threat that its interest will be impaired or affected by the disposition of the underlying action. Further, despite how much broader AFPI's case is, the United States does nonetheless have the same or substantially similar interests in a broad interpretation of NVRA Section 8(i)(1), and thus an existing party to the action adequately represents AFPI's interests.

This Court also should deny AFPI permissive intervention. Its case is so different that there is no common question of law or fact, and fixing its standing issues will unduly delay proceedings—which have already been delayed by the lengthy shutdown of the Federal government—for at least another 90 days. Moreover, it is clear that AFPI is attempting to intervene in this case as an end-run around the procedural requirements of the NVRA and Pennsylvania's Right to Know Law. This Court should exercise its discretion to prevent AFPI from doing so.

## I.      AFPI Is Not Entitled to Intervention of Right.

As an initial matter, AFPI requests different relief from this Court than the United States, and it does not have standing for the relief it requests. Therefore, AFPI does not satisfy Article III's cases and controversies requirement, and it cannot be granted intervention of right.

2

Moreover, even if AFPI did have standing, it does not meet the four-factor test used by courts in the Third Circuit to determine whether the intervening party has a right to intervene under Rule 24(a).

### A. AFPI Lacks Standing.

Article III of the Constitution limits the exercise of judicial power to "Cases" and "Controversies." U.S. Const., Art. III, § 2, cl. 1. "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

Where there are multiple plaintiffs, "at least one plaintiff must have standing to seek each form of relief requested in the complaint." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). "The same principle applies to intervenors of right. Although the context is different, the rule is the same: For all relief sought, there must be a litigant with standing." *Id.* "Thus, at the least, an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests." *Id.*

### 1. AFPI and the United States Request Different Relief.

AFPI requests three specific forms of relief, all of which are different from the relief requested by the United States. First, AFPI requests a declaration that Defendants have violated 52 U.S.C. § 20507(i)(1) for wrongfully withholding records. AFPI Compl. in Intervention 9, at ¶ 1, Dkt. No. 60-2. On its face, this appears to be the same as the United States' second requested relief: "Declare that Defendants have failed to make available and provide to the United States 'all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters,' in violation of the NVRA. 52 U.S.C. § 20507(i)(1)." U.S. Compl. ¶ B. However, as explained further *infra* at 10, AFPI and the United States have requested different records, and they are therefore requesting a

declaration that Defendants have violated Section 8(i)(1) as to different records. AFPI even admits that it "seeks different relief," because "the Justice Department's requested relief has no bearing on AFPI" and "the ability of the federal government to obtain declaratory relief is entirely separate from the informational injury suffered by a public interest group like AFPI." AFPI Br. 14.

Second, AFPI requests that Defendants be required to produce "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." AFPI Compl. 9, ¶ 2. The United States' request is substantially narrower: that Defendants be required to produce "the current electronic copy of Pennsylvania's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, or the last four digits of their Social Security number as required by the CRA, NVRA, and HAVA." U.S. Compl. ¶ E. The Secretary has already stated the Department would provide all fields except the fields concerning DLN and SSN4. Ex. A, Letter of Secretary Al Schmidt to AAG Dhillon (Aug. 21, 2025). Yet, AFPI has explicitly disclaimed any interest in receiving these numbers—the only data at issue here. AFPI Br. 14 ("At no point in time, including during AFPI's efforts to navigate Pennsylvania's open records law, has AFPI sought personally identifying information as sensitive as social security numbers and driver's license numbers."). AFPI's requested relief therefore does not overlap with or include the United States' requested relief, but rather is wholly separate. *See* AFPI Br. 14 ("AFPI seeks different relief, despite having a claim which arises under a similar question of law or fact . . . .").

Third, AFPI requests that Defendants be required to pay attorney's fees, including litigation expenses and costs. AFPI Compl. 9, at ¶ 3. The United States has not requested any

such monetary relief, U.S. Compl. ¶¶ A-F, nor could it have, because the NVRA explicitly prohibits it from collecting "reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c).

To the extent that any question remains as to whether AFPI seeks any of the same relief as the United States, AFPI itself admits that the "Department of Justice has requested five forms of specific relief, none of which, if granted, would help vindicate AFPI's statutory right to information under the NVRA or AFPI's interest in obtaining such information." AFPI Br. 13. If the United States' requested relief is of no avail to AFPI, then AFPI must have requested different relief that it believed would serve its purposes.

## 2.    AFPI Does Not Have Standing for Its Requested Relief.

Section 11(b) of the NVRA grants a private right of action. 52 U.S.C. § 20510(b). However, unless an alleged violation occurred within 30 days of a federal election, the aggrieved party must provide written notice of the violation to the state's chief election official. 52 U.S.C. § 20510(b). The aggrieved party must then wait 90 days to bring the civil action (unless the alleged violation occurred within 120 days of a federal election). 52 U.S.C. § 20510(b)(2).

Providing notice is mandatory, and failure to provide notice is generally fatal to a plaintiff's standing.[1] *See, e.g.*, *Scott v. Schedler*, 771 F.3d 831, 835 (5th Cir. 2014) ("No standing

---

[1] Some courts have declined to require pre-suit notice where at least one plaintiff had provided notice and the state had refused to remedy the alleged violation, because requiring additional notice as to the same claims would have been futile. *See, e.g.*, *Ass'n of Comm. Orgs. For Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997). In addition, the Sixth Circuit has held that the NVRA's notice requirement "pertains to those who *initiate* suits," and therefore does not apply to intervenors. *Id.* This court should decline to follow the Sixth Circuit's lead, because the U.S. Supreme Court has subsequently made clear that intervenors are required to have standing for any separate claims of the relief that they bring. *Town of Chester, N.Y.*, 581 U.S.at 439. Parties other than the United States have standing to file suit for violations of the NVRA through its private right of action, and accordingly they must comply with the private right of action's requirements. Furthermore, as the Sixth Circuit itself recognized, the notice requirement "provide[s] *(continued…)*

is therefore conferred if no proper notice is given, since the 90-day period never runs."); *True the Vote v. Hosemann*, 43 F. Supp. 3d 693, 715-17 (S.D. Miss. 2014); *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d 449, 456 (M.D. Pa. 2019) ("Notice is a precondition to filing suit under the NVRA"); *Bellitto v. Snipes*, 221 F. Supp. 3d 1354, 1360-61 (S.D. Fla. 2016) ("This Court's jurisdiction . . . stems directly from § 20510(b), and Plaintiffs' standing to bring suit depends upon compliance with the statute."); *Ga. State Conf. of N.A.A.C.P. v. Kemp*, 841 F. Supp. 2d 1320, 1335 (N.D. Ga. 2012) ("No standing is . . . conferred if no proper notice is given, since the 90-day period never runs."); *Broyles v. Texas*, 618 F. Supp. 2d 661, 692 (S.D. Tex. 2009).

AFPI claims that it provided notice on June 26, when it submitted its request for records pursuant to Pennsylvania's Right to Know Law process. AFPI Br. 5. That records request falls short of being a notice letter for multiple reasons.

First, "District courts . . . have found notice sufficient when it (1) sets forth the reasons that a defendant purportedly failed to comply with the NVRA, and (2) clearly communicates that a person is asserting a violation of the NVRA and intends to commence litigation if the violation is not timely addressed." *Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d at 457 (collecting cases). AFPI sent its June 26 record request to the Department's Agency Open Records Officer, using the "Standard Right-to-Know Law Request Form" and attaching a letter outlining the requested records. AFPI Compl. Ex. 2. At no point in the June 26 records request did AFPI even allege that Defendants had failed to comply with the NVRA, let alone state that it was asserting a

---

states in violation of the Act an opportunity to attempt compliance before facing litigation." *Miller*, 129 F.3d at 838. But intervenors claim that they provided notice concurrently with their NVRA request, *see infra* 6-8; as a result, Secretary Schmidt was never on notice as to his alleged violations and has had no opportunity to attempt a remedy that may avoid litigation.

violation of law and intended to sue if the violation was not remedied. AFPI Compl. Ex. 2. The most that can be said for the letter is that it requests records pursuant to the NVRA, so that AFPI may "identify jurisdictions failing to follow the NVRA[,] . . . notify election officials of any potential violations[,] and make recommendations for remedial action or litigation, if necessary." AFPI Compl. Ex. 2, at 2. The idea that AFPI may eventually be able to identify violations based on the records is a far cry from any allegation that Defendants had violated the NVRA, let alone an allegation that Defendants had violated Section 8(i)(1).

Second, "[i]t is not enough that a potential NVRA defendant has general notice that an individual or organization believes it to be in violation of the NVRA before facing litigation." *Bellitto v. Snipes*, 268 F. Supp. 3d 1328, 1334 (S.D. Fla. 2017). The notice provided must be specific to the claim brought in the lawsuit. *See, e.g*, *Scott*, 771 F.3d at 836 (holding that individual plaintiff could not "piggyback on" organization's notice, where organization's notice did not include allegations that were specific to the individual plaintiff); *Voice of the Experienced v. Ardoin*, 2024 WL 2142991 at *33 (M.D. La. May 13, 2024) (finding that notice was provided as to NVRA Sections 6(a)(1) and 8(a)(1), and granting motion to dismiss to the extent the complaint alleged violations of other provisions); *Bellitto*, 268 F. Supp. 3d at 1334 ("[N]otice as to one potential NVRA violation is not the equivalent of notice as to all potential NVRA violations. Rather, a potential NVRA defendant must have notice of exactly what violation or violations have been alleged in order to have a meaningful opportunity to attempt complete compliance before facing litigation."). Again, there is no indication in the June 26 letter that AFPI believed Defendants were in violation of Section 8(i)(1).

Third, as a matter of common sense, AFPI could not possibly have provided notice on June 26, because the action giving rise to the alleged violation of Section 8(i)(1) (e.g. the partial

denial of AFPI's records request) did not occur until August 4. AFPI Compl. Ex. 4. At least one District Court has faced this same situation. In that case, plaintiff sent a notice letter that alleged apparent violations of Section 8's requirements as to voter list maintenance programs and sought an opportunity to discuss a remedial plan. *Bellitto*, 268 F. Supp. 3d at 1331-32. The letter also requested to inspect certain specified documents. *Id.* at 1332. The court held that plaintiff's notice letter "provide[d] no notice of the specific . . . violation claimed in Count II (because it instead represents the first time [plaintiff] ever requested records from [defendant])," and that the lack of notice was "dispositive for purposes of jurisdiction" as to that count. *Id.* at 1333. As the court explained, the defendant "was never provided written notice of the potential NVRA violation [as to Section 8(i)(1)], nor was she afforded 90 days after such written notice by which to cure that potential violation. . . . Furthermore, because it is the lapse of the curative period contemplated in 52 U.S.C. § 20510(b)(2) that gives rise to the private cause of action, no standing was ever conferred upon ACRU to bring its failure to disclose claim[.]" *Id.* at 1336. As the court rightly noted, "to allow a purported NVRA notice letter to serve such a dual purpose— that is, make an initial request for records and at the same time notify the records keeper of his or her failure to satisfy that request—simply because it provides sufficient notice of a separate NVRA violation would . . . defy logic and frustrate the purpose of the NVRA's notice provision (to provide an opportunity to attempt compliance before litigation)." *Id.* at 1335.

Fourth, notice must be provided to the "chief election official of the State involved." 52 U.S.C. § 20510(b)(1). The June 26 letter was addressed to an open records officer, not the chief election official (i.e. the Secretary of the Commonwealth), AFPI Compl. Ex. 2, and therefore does not meet the requirements for notice. *See Pub. Int. Legal Found. v. Boockvar*, 370 F. Supp. 3d at 456-58 (finding no notice where the notice letter was sent to other individuals in the

Department of State, but the complaint was "devoid of any allegations" that plaintiff sent written notice of the violation to the Secretary or that he received it).

Having failed to provide the requisite notice, AFPI does not have standing for its requested relief. This Court's inquiry into intervention of right need go no further.

## B.  AFPI Does Not Meet All Four Factors for Intervention of Right.

Even if AFPI did have standing, it has not proven that it meets the requirements for intervention of right. The Federal Rules of Civil Procedure require that the intervenor "claim[] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

Courts in the Third Circuit analyze whether a potential intervenor of right has met four requisite factors:

> 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying      litigation, 3) a threat that the interest will be impaired or affected by the disposition of      the underlying action, and 4) that the existing parties to the action  do not  adequately  represent  the  prospective  intervenor's  interests.

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3rd Cir. 2005) (citing *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3rd Cir. 1998)). The party seeking intervention has the burden of proving that each of the four factors are met. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3rd Cir. 1995).[2]

---

[2] The Secretary does not dispute timeliness. However, the Secretary does dispute AFPI's claims that it has exhausted administrative remedies with respect to Pennsylvania's Right to Know Law, and that it provided the mandatory notice provision under the NVRA. Br. at 5. The reasons for those disputes are discussed, respectively, *infra* at 17-18 and *supra* at 5-9. The Secretary notes the disputes here because AFPI made the claims in the timeliness section of its brief.

1.    **AFPI Has Not Demonstrated Sufficient Interest in the Underlying Litigation.**

AFPI's alleged interest does not "relat[e] to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Accordingly, AFPI does not have "a sufficient interest in the underlying litigation," *Liberty Mut. Ins. Co.*, 419 F.3d at 220, that is "'direct,' as opposed to contingent or remote." *Harris v. Pernsley*, 820 F.2d 592, 596 (3rd Cir. 1987).

The subject of this action is the Secretary's refusal to provide to the United States certain particularly sensitive personally identifying information. AFPI is not a party to the United States' request. AFPI has not requested even the public voter file, let alone the withheld personally identifying information that is the subject of this suit. AFPI Br. 14. And, in fact, AFPI has specifically denied that it seeks this information. AFPI Br. 14. Nor has AFPI given any indication that it will benefit in some way from the United States receiving the information. For example, it has not alleged that it expects to obtain the requested information from the United States, or for the United States to use the requested information in some way that would directly benefit AFPI. In short, AFPI has not alleged any particularized interest in whether the United States obtains Pennsylvania residents' DLNs and SSN4s. Instead, AFPI's interest is in seeking an entirely different set of documents. AFPI Br. 7 (seeking records from its Right-to-Know-Law request); AFPI Compl. Ex. 2 (setting forth the documents requested). Accordingly, AFPI has no interest in the "property or transaction" that is at issue here.

AFPI also claims interests in "the effects of NVRA disclosure on its core mission" and "protecting the statutory entitlement to voter roll maintenance records under the NVRA to further its research and advocacy activities." In other words, AFPI alleges that if the court interprets Section 8 in a certain way, it would harm AFPI's ability to obtain unrelated records. This is insufficient for several reasons.

First, these interests are not specific to the instant case, but rather are of a "general and indefinite character," *Harris*, 820 F.2d at 601, which are common to any organization seeking records under the NVRA. If they were sufficient, any organization that currently seeks documents under Section 8(i)(1), or may do so in the reasonably-foreseen future, would be able to intervene in this case or any other case brought pursuant to Section 8(i)(1). Indeed, any party that could conceivably be affected by the interpretation of a particular statute would be able to intervene of right, drastically widening its scope and effectively rendering permissive intervention a nullity.

Such a result has no basis in the law. Indeed, AFPI's argument is entirely at odds with Third Circuit precedent recognizing that "[i]n many cases, . . . the disposition of [a]n action will have some impact on the interest of third parties," but holding this "incidental" effect insufficient. *Id.*; *see also Liberty Mut. Ins. Co.*, 419 F.3d at 220 ("[T]he mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene."). Instead, a would-be intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." *Harris*, 820 F.2d at 601. AFPI has not met that standard, nor indeed has it demonstrated that its interests are at any more risk in this case than they would have been in any preceding case brought under Section 8(i)(1) or will be in any future case brought under Section 8(i)(1).

Second, as a practical matter, AFPI's interests are unlikely to be particularly affected by the instant litigation. The United States' record request—and accordingly, the legal issues to be resolved under the NVRA—are quite narrow, whereas AFPI's records request was so broad that it "require[d] the Department [of State] to determine whether a record might generally 'relate to' the topics" that it provided, thus "requir[ing] the Department 'to make judgment calls regarding

[records] that might be tangential to the' topic." AFPI Compl. Ex. 4 (Department response to AFPI's Right to Know request).

Moreover, the Department responded to AFPI's request by explaining the ways in which three different laws prohibited it from disclosing the requested information: the Pennsylvania Vital Statistics Law and its corresponding regulations; the Driver's Privacy Protection Act; and the Privacy Act of 1974. AFPI Compl. Ex. 4. It is highly unlikely that the United States' case would involve any issues related to the Pennsylvania Vital Statistics Law; the Department's concern there related to lists of deceased individuals, which the United States does not request. The Driver's Privacy Protection Act and the Privacy Act of 1974 are more likely to be relevant to claims brought by both parties, but AFPI has not established that the same provisions of each Act are likely to be relevant to both parties' claims or that the legal arguments likely to arise in the United States' case would be broad enough to impact the legal arguments at issue in AFPI's records request.

In short, "[d]ue regard for efficient conduct of the litigation requires that intervenors should have an interest that is specific to them, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Kleissler*, 157 F.3d at 972. AFPI has entirely failed to meet this standard.

### 2.    There is No Risk that AFPI's Interests Will be Impaired or Impeded.

Disposing of the United States' case will not "as a practical matter impair or impede [AFPI's] ability to protect its interest." *Liberty Mut. Ins. Co.*, 419 F.3d at 220. As explained *supra* at 10-12, the United States' record request is substantially narrower than AFPI's, has no overlap in terms of the documents requested, and includes particularly sensitive personally identifying information. It is therefore unlikely that AFPI's ability to obtain the records it

requested would be impaired or impeded if this Court rules against the United States, because the Court is unlikely to issue an unnecessarily broad ruling.

In any event, AFPI's conclusory statement that its interests "will be harmed if the Court upholds Defendants' decisions and reasoning not to disclose information as required by [Section 8(i)(1)," AFPI Br. 11, fails to meet its burden of proving that this factor is met. *Mountain Top Condo. Ass'n*, 72 F.3d at 366.

### 3.    There is No Risk that the United States Will Not Adequately Represent AFPI's Interest.

As established, AFPI claims a specific interest in obtaining certain records, as well as a general interest in a broad interpretation of Section 8(i)(1). As to the specific interest, because AFPI has sought different records and the disposition of the United States' case will not affect AFPI's records request, the United States is unable to represent AFPI's interests. But rather than being a reason that AFPI must be allowed to intervene, this is a reason that AFPI should not be allowed to intervene. AFPI cannot seek to graft an entirely different and premature case onto the United States' case, and then use the very fact that its requested relief is wholly different as a justification to participate in a case that is not its own.

As to the general interest, AFPI has not established that the United States is likely to take a position undercutting organizations' ability to request a wide variety of records under Section 8(i)(1). The United States is authorized to enforce the NVRA in federal court, 52 U.S.C. § 20510(a), and it has stated publicly that it "relies on Section 8(i) to aid its enforcement efforts." Br. for the United States as Amicus Curiae, *Public Interest Legal Foundation v. Secretary of the Commonwealth of Pennsylvania*, at 1.[3] The United States has also previously encouraged courts to broadly interpret Section 8(i)(1). *See, e.g., id.* at 1, 8-9. Thus, the United States has at least as

---

[3] https://www.justice.gov/crt/media/1324146/dl.

13

strong an interest in a broad interpretation of Section 8(i) for its own investigations and

enforcement efforts as AFPI or any other non-governmental organization, and it has a record of

defending that interest.

AFPI acknowledges that courts often presume the government adequately represents the

interests of intervenors, but it then goes on to argue that "this presumption can be rebutted if

intervenors demonstrate that their interests are more specific or personal and are not fully aligned

with the government's broader objectives." AFPI Br. 12. Here, the opposite is true. The United

States' interest in particular records and objective in obtaining those records is more specific than

AFPI's, because the United States requests a substantially narrower scope of records. As a result,

the United States will need to make specific and narrowly focused arguments as to whether

voters' SSN4s and DLNs are exempt from disclosure under Section 8(i)(1), and whether other

statutes authorize their disclosure. AFPI's anticipated arguments, on the other hand, include (a)

whether the NVRA preempts the Pennsylvania Vital Statistics Law, (b) whether the documents

sought by AFPI fall under the Driver's Privacy Protection Act's permissible use for research

activities, (c) whether one provision of the Privacy Act of 1974 prohibits public disclosure of

names and addresses by anyone other than the Postal Service, (d) whether another provision of

the Privacy Act of 1974 applies to disclosures by state agencies, and (e) the meaning and scope of

"all records concerning the implementation of programs and activities conducted for the purpose

of ensuring the accuracy and currency of official lists of eligible voters" in Section 8(i)(1). AFPI

Compl. Ex. 5, at 4-5.[4]

---

[4] AFPI claims that "the Defendants' rationale for refusing to turn over records to the Department
of Justice is substantially similar to that which was used in the denial of AFPI's Right-to-Know
request." Br. at 13. Assuming *arguendo* that AFPI is correct, that further undercuts its argument
that the United States will not adequately represent its interest. If the reasons for refusing to turn
*(continued...)*

To the extent that AFPI doubts the United States' ability to represent its viewpoint—despite the United States' substantially narrower case and established interest in and commitment to defending a broad interpretation of Section 8(i)(1)—AFPI is free to submit a statement of interest during motions practice. But it has demonstrated no need to, for example, be involved during discovery or question witnesses at trial.

*         *         *

AFPI freely admits it seeks entirely different records and forms of relief than the United States. Neither Article III nor the Federal Rules of Civil Procedure grant such a wholly uninterested party right to join an existing lawsuit. The Court should deny AFPI's motion.

## II.    Permissive Intervention is Not Appropriate Here.

Permissive intervention is left to the discretion of the court, provided that the application is timely and that the "applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2); *McKay v. Heyison*, 614 F.2d 899, 906 (3rd Cir. 1980). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

### A.  There is No Common Question of Law or Fact.

AFPI claims that the common question of law is "whether the Defendants are required to make available 'all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters.'" AFPI Br. 18. This question simply restates the language of Section 8(i)(1) and asks whether

---

over records are substantially similar, then the United States' and AFPI's legal interpretations and arguments should be substantially similar as well.

Defendants are required to comply with it. There is no dispute that Pennsylvania, and by extension the Secretary of the Commonwealth, are subject to the NVRA.

Although the United States' requested relief is broadly stated, the only thing it seeks that the Secretary has not already offered to provide is disclosure of registrants' SSN4s and DLNs. Ex. A, Letter of Secretary Al Schmidt to AAG Dhillon (Aug. 21, 2025). Thus, the actual question at issue is whether the language of Section 8(i)(1) requires disclosure of registrants' SSN4s and DLNs, and if not, whether any other laws require the release of that information. Because AFPI did not request SSN4s and DLNs, the question and its answer are irrelevant to its claims.

### B. Intervention Will Unduly Delay or Prejudice the Adjudication of the Rights of the Original Parties.

As explained *supra* at 10-12, AFPI brings a wholly different case from the United States. The requested records are different, the requested relief is different, and the scope of likely legal arguments is wildly different. The United States has brought a narrow case, which AFPI metaphorically threatens to blast wide open with the addition of at least four new legal questions. *See supra* at 14. All of these additional facts and legal arguments will add substantial complexity and time to the case.

In addition, AFPI does not currently have standing for its claims, *supra* at 5-9, so it would need to send a notice letter and then wait 90 days to determine whether a mutually-agreeable solution could be reached as to its records request. Although some courts have dispensed with the notice requirement where it is futile, *see, e.g.*, *Ass'n of Comm. Orgs. For Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997), there is no evidence here of futility. The Secretary had not been put on notice as to AFPI's claims that he violated Section 8(i), let alone refused to remedy the alleged violation.

16

If AFPI reasonably expected to be affected by the decision in this case, or if it had brought common questions of law or fact such that judicial economy would be promoted in hearing the cases together, then the balancing of factors might be more complicated. But that is not the situation here, and there is no reason to allow AFPI to delay the litigation at hand.

### C. AFPI Should Not be Permitted to Avoid the Procedures Required by the NVRA and Pennsylvania's Right to Know Law.

At bottom, AFPI is attempting to use the United States' case as an excuse to avoid proper and necessary procedure. In addition to ignoring the pre-suit procedure required by the NVRA, *supra* at 5-9, AFPI is also trying to get around the procedures required by Pennsylvania's Right to Know Law. This is particularly significant because AFPI was already on notice that it had not followed proper procedure when it submitted its motion to intervene in this case.

When the Department of State's open records officer denied AFPI's records request, she informed AFPI that it had the right to appeal to the Office of Open Records within 15 business days. AFPI Compl. Ex. 4. The Office of Open Records is a quasi-judicial, independent agency that has binding authority over citizen access to government records. Office of Open Records, "About the Office of Open Records."[5] Pennsylvania's Right to Know Law confers jurisdiction on appeals officers within the Office of Open Records to render determinations regarding disputes involving Commonwealth agencies. *See* 65 P.S. § 67.503(a). The onus of appealing a denial to the proper appeals officer is on the requester. *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015).

AFPI failed to file an appeal with the Office of Open Records. Instead, on October 24, 2025, AFPI appealed the Department of State's partial denial of its record request to Pennsylvania's Commonwealth Court. Ex B, AFPI Pet. for Review (Oct. 25, 2025). On

---

[5] https://www.openrecords.pa.gov/AboutOOR.cfm.

November 17, 2025, the Department of State filed an application for summary relief, explaining

that AFPI had failed to first appeal the partial denial to the Office of Open Records, and therefore

AFPI had not exhausted its administrative remedies as required to appeal to the Commonwealth

Court. Ex. C, Department of State's Application for Summary Relief (Nov. 17, 2025), ¶¶ 17-19.

The Department also explained that, because AFPI failed to timely appeal to the Office of Open

Records, it could no longer do so. *Id.* ¶ 17. In other words, if AFPI wants to dispute the records

that were denied, it will need to submit a new Right to Know Law request, appeal any denial to

the Office of Open Records as originally instructed, and then file a new petition with the

Commonwealth Court if necessary. Instead, on November 19, 2025, AFPI filed its motion to

intervene in the case brought by the United States.

In sum, AFPI has failed to comply with the procedures required by both the NVRA and

Pennsylvania's Right to Know Law, and it was at least on notice as to the latter before it moved

to intervene in this case. Rather than follow the necessary procedures to properly bring a claim

under either law, it now attempts to shoe-horn its claim into a wholly different and unrelated

lawsuit. AFPI's claim cannot currently stand on its own, and it should not be permitted to infect

and bloat the instant case.

## CONCLUSION

For the reasons described above, the Court should deny AFPI's motion for intervention.


December 1, 2025                                    Respectfully submitted,


Carolyn A. DeLaurentis (PA 307018)          Jennifer Selber (PA 80644)
Chief Counsel                                              General Counsel

*/s/ Kathleen A. Mullen*                               Michael J. Fischer (PA 322311)
Kathleen A. Mullen (PA 84604)                  Executive Deputy General Counsel
Executive Deputy Chief Counsel                 Aimee D. Thomson (PA 326328)
Pennsylvania Department of State              Deputy General Counsel
306 North Office Bldg.                               Office of General Counsel
401 North Street                                        30 N. 3rd St., Suite 200
Harrisburg, PA 17120-0500                        Harrisburg, PA 17101
                                                              (717) 831-2847
                                                              mjfischer@pa.gov

*Counsel for Secretary of the Commonwealth Al Schmidt*

**CERTIFICATE OF SERVICE**

I, Kathleen A. Mullen, certify that I have caused all parties to be served on this date with the foregoing via the Court's ECF system.

Date: December 1, 2025

/s/ *Kathleen A. Mullen*

Kathleen A. Mullen