# EXHIBIT

# B

Received 10/24/2025 11:14:13 AM Commonwealth Court of Pennsylvania

Filed 10/24/2025 11:14:00 AM Commonwealth Court of Pennsylvania
1403 CD 2025

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICA FIRST POLICY INSTITUTE**<br>1455 Pennsylvania Avenue, NW, Suite 225<br>Washington, D.C. 20004 | : | No. |
| Petitioner, | : | |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA,<br>DEPARTMENT OF STATE**<br>401 North Street, Room 302<br>Harrisburg, PA 17120 | : | |
| Respondent | : | |

## PETITION FOR REVIEW

Petitioner, America First Policy Institute–Pennsylvania ("AFPI"), by and through its attorneys, hereby files this Petition for Review from the Final Determination of the Office of Open Records of the Commonwealth of Pennsylvania (the "OOR") and states as follows:

## PARTIES AND JURISDICTION

1.    AFPI, is a non-partisan, non-profit, public interest organization incorporated in Pennsylvania. AFPI seeks to promote the integrity of elections nationwide through research, education, and litigation. AFPI has dedicated significant time and resources to ensure

that voter rolls in the state of Pennsylvania do not contain ineligible registrants. AFPI produces and disseminates reports, articles, and newsletters in order to advance the public's education on issues of election integrity, as well as to communicate with election officials about problems or defects found in list maintenance practices, with the goal of improving those practices.

2.    Respondent is the Commonwealth of Pennsylvania, Department of State (the "Department"), which implements, regulates, and administers the Commonwealth's voter registration process known as the SURE ("Statewide Uniform Registry of Electors") system. 25 PA. §§ 1201, 1222(a), (e), and (f).

3.    This Court has jurisdiction over this matter pursuant to 65 P.S. § 67.1301(a), as the action arises from a request under Pennsylvania's Right to Know Law to a Commonwealth agency.

## BACKGROUND AND PROCEDURAL HISTORY

4.    On June 26, 2025, pursuant to the Pennsylvania Right to Know Law, 65 P.S. § 67.101 et seq. and the National Voter Registration Act ("NVRA"), AFPI submitted a formal request for records pursuant the

Department (the "Request"). A copy of the Request is attached hereto as Exhibit 1.

5.    AFPI's Request sought the following records:

**Request 1.** All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.

**Request 2.** All records related to information-sharing agreements entered into by the Commonwealth of

Pennsylvania and any federal agency for the purpose of providing such federal agencies with data regarding individuals who have voted but are ineligible to vote under federal law.

**Request 3.** All records related to written policies and procedures for the use of federal agency databases by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to verify the citizenship or immigration status of individuals registering to vote in the Commonwealth of Pennsylvania.

**Request 4**. All records of formal policies, guidance, and procedures employed by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania.

**Request 5**. All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to ensure that Pennsylvania complies with federal elections law requirements for the uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting.

**Request 6.** All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth related to the Commonwealth of Pennsylvania and the Department of State's efforts to ensure that Pennsylvania complies with federal election law requirements that ballots received after Election Day not be included in certified vote totals.

**Request 7.** All records, including but not limited to receipts, ledgers, and funding applications, showing the expenditure or disbursement of federal funds made available to the Commonwealth of Pennsylvania and its

political subdivisions for the administration of elections under HAVA.

6.    AFPI's Request explicitly requested all records from "the period commencing January 1, 2020, up to and including the date of [the] request."

7.    On July 3, 2025, the Department notified AFPI that it invoked the automatic thirty-day extension pursuant to 65 P.S. §§ 67.902(b)(2) and 67.902(a)(4). A copy of the July 3, 2025 letter is attached hereto as Exhibit 2.

8.    On August 4, 2025, the Department sent a final written response to AFPI, denying the Request in part. A copy of the final written response is attached hereto as Exhibit 3.

9.    On August 25, 2025, in response to the Department partial denials, AFPI submitted a timely appeal pursuant to the Office of Open Record (the "OOR") under 65 P.S. § 67.1101(a)(1), stating both general and specific grounds for appeal. A copy of the formal administrative appeal is attached hereto as Exhibit 4.

10.    The administrative appeal was submitted to the Office of Open Records via electronic mail. A copy of the electronic communication

submitting the appeal and other required documents is attached hereto as Exhibit 5.

11.    Pursuant to 65 P.S. § 67.1101(b)(1), the Department of State was required to respond to AFPI's timely appeal no later than September 24, 2025.

12.    The Department did not respond to AFPI's appeal to the OOR.

13.    Moreover, the OOR did not issue a decision on AFPI's appeal within thirty days.

14.    Accordingly, pursuant the 65 P.S. § 67.1101(b)(2), AFPI's appeal to the OOR is deemed denied.

## ARGUMENT

**Specific Response and Grounds for Appeal as to Request No. 1**

15.    The Department denied Request 1 stating the records were exempt under the Pennsylvania Vital Statistic, federal the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §2721, §2722, and §2725, and the Privacy Act of 1974, 5 U.S.C. § 552a and by 39 U.S.C. § 412(a).  See Exhibit 3 at 2-3.

16.    First, the records requested in Request 1 are not exempt under the Pennsylvania Vital Statistics Law because that law is

preempted by federal law, which requires that the Pennsylvania Department of State, Office of the Secretary of the Commonwealth make available "*all* records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. §20507(i)(1) (*emphasis added*).

17. Second, the records are also not exempt under the Drivers Privacy Protection Act, Pub. L. 103–322, because that law only prevents a state agency from "disclose[ing] personal information, from a motor vehicle record, for any use not permitted under section 2721(b)." 18 U.S.C. § 2722(a).

18. Permissible uses under 18 U.S.C. § 2721(b)(5) include "research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals."

19. Such use is entirely consistent with AFPI Pennsylvania's stated goal in its June 26, 2025 request of conducting research to "identify jurisdictions failing to follow the NVRA."

20.    Third, the requested records are not exempt from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a or 39 U.S.C. § 412(a). 39 U.S.C. § 412(a) only applies to public disclosures of names and addresses by an "officer or employee of the Postal Service," and does not apply to information in the custody of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, regardless of the source derived. Second, the Privacy Act of 1974, as amended by 5 U.S.C. § 552a, only applies to disclosures by federal agencies. *See* 5 U.S.C. § 552(e) (citing 5 U.S.C. § 551(1)).

21.    Additionally, the denial of the records specifically enumerated by the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, solely upon the basis of privacy protections implies that such records are responsive to AFPI's request for records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. Such records shall be made available for public inspection pursuant to 52 U.S.C. §20507(i)(1).

22.    The Department further denied Request 1 because the "Department of State does not have certain records in its possession, under its custody or its control." *See* Exhibit 4, at 3.

23.    The Department's denial is contradictory two its own response is two ways.

24.    First, the Department admits to at least having some documents responsive to Request 1. In granting Request 1, in part, the Department pointed AFPI to information available on its website. *See* Exhibit 4, at 2. ("Part (1) of your request is granted in part and the public information responsive to part (1) of your request may be found in the Annual Voter Registration reports available on the Department's website at Election Reports | Department of State |Commonwealth of Pennsylvania.")

25.    Second, the Department states, "a criminal conviction or a person's mental incapacity is not a reason to cancel a voter's registration in Pennsylvania pursuant to the Pennsylvania Election Code." *See* Exhibit 3, at 2. However, such statement still constitutes a Departmental policy for which records  concerning such process must exist.

26.    For these reasons, AFPI hereby demands reversal of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's substantial denial of its first request of June 26, 2025, and immediate production of responsive documents.

### Specific Response and Grounds for Appeal as to Request No. 4

27.    The Department denied Request 4 because it allegedly had no records responsive to the request.

28.    First and foremost, "an agency bears the burden to prove, by a preponderance of the evidence, that a record is protected from disclosure under one of the enumerated exceptions or contains privileged material." *McGowan v. Dept. of Environmental Protection*, 103 A.3d 374, 380 (Pa. Commw. Ct. 2014)

29.    "Affidavits are the means through which a government agency … justifies nondisclosure of requested documents." *Office of Governor v. Scolforo*, 63 A.3d 1095, 1104 (Pa. Commw. Ct. 2013)

30.    However, the Department has provided no affidavit attesting to the non-existence of the documents requested or discussing how the documents were searched for.

31.     Moreover, the Department's assertion that no documents exist is belied by the sworn testimony of the Secretary of the Commonwealth, Al Schmidt. *See Public Interest Legal Foundation v. Boockvar*, 431 F.Supp.3d 553 (M.D. Pa. 2019) ("Commissioner Schmidt testified that noncitizens who apply to PennDOT for a driver's license have their licenses tagged with an "INS Indicator." He further testified that all voter-registration applicants in the Commonwealth must register using either a driver's license or PennDOT ID. Commissioner Schmidt explained that a person's driver's license can thus be used to determine both citizenship (by the INS Indicator) and voter registration (by the driver's license number). According to then-Commissioner Schmidt, the Department of State's matching of these two identifiers revealed over 100,000 individuals who were registered to vote and tagged with an INS Indicator.") (internal citations omitted).

32.     Based on previous sworn testimony from then-Philadelphia City Commissioner Schmidt, it is clear that the Commonwealth of Pennsylvania is in possession of information related to citizenship or immigration status and that such information is in the custody of the

Pennsylvania Department of State, Office of the Secretary of the Commonwealth.

33.    For these reasons, AFPI hereby demands reversal of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's substantial denial of its fourth request of June 26, 2025, and immediate production of responsive documents.

<b>PRAYER FOR RELIEF</b>

WHEREFORE, petitioner, America First Policy Institute – Pennsylvania, requests that this Honorable Court reverse the deemed denial of the Office of Open Records and reverse the decision of the Department of State as well as awarding any other necessary relief, including an award of attorneys fees and costs, pursuant to 65 P.S. § 67.1304(a).

Respectfully submitted,

Date: October 24, 2025

*/s/ Walter S. Zimolong, Esquire*
Walter S. Zimolong, Esq.
ZIMOLONG, LLC
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085
P: (215) 665-0842

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Via PacFile, Email, and Regular Mail**
Secretary of the Commonwealth Pennsylvania
Department of State
401 North Street
Harrisburg, PA 17120

Respectfully submitted,

Date: September 6, 2024

*/s/Walter S. Zimolong*
WALTER S. ZIMOLONG III, ESQ.
Attorney I.D. No. 89151
wally@zimolonglaw.com
Zimolong, LLC
P.O. Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842

*Counsel for Petitioner*

## CERTIFICATE OF COMPLIANCE

I, Walter S. Zimolong, counsel for petitioner, certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than nonconfidential information and documents.


Date: October 24, 2025                                    */s/ Walter S. Zimolong*
                                                          Walter S. Zimolong, Esq.
                                                          ZIMOLONG, LLC
                                                          wally@zimolonglaw.com
                                                          353 W. Lancaster Avenue,
                                                          Suite 300
                                                          Wayne, PA 19087
                                                          P: (215) 665-0842

# EXHIBIT "1."



## Standard Right-to-Know Law Request Form

*Please read carefully. Complete this form and retain a copy of **both** pages; this copy may be required if an appeal is filed. You have 15 business days to appeal after a request is denied or deemed denied. More information about the RTKL is available at https://www.openrecords.pa.gov. In most cases, a completed RTKL request form is a public record.*

**SUBMITTED TO AGENCY NAME:** Office of the Secretary of the Commonwealth        (Attn: AORO)

**Date Request Submitted:** 6/26/24            Submitted via: ■ Email □ U.S. Mail □ Fax □ In Person

**PERSON MAKING REQUEST:**

Full Name: Nicholas Jeffrey Wanic

Company (if applicable): America First Policy Institute

Please send response via: ■ Email □ U.S. Mail

*If you wish to obtain records that only exist in hard copy, or must be provided on an electronic storage device, you may be required to provide a mailing address to the agency. See Section 703.*

Email: nwanic@americafirstpolicy.com

Mailing Address: 1455 Pennsylvania Ave, SW, Suite 225

City: Washington            State: DC    Zip: 20004    Telephone: 779-396-0137

How do you prefer to be contacted if the agency has questions?  □ Telephone □ Email □ U.S. Mail

**■ By checking this box, I affirm that my full name and contact information is true and correct, and that I am a legal resident of the United States.** *I understand that failure to check this box may result in the denial of my request and the dismissal of any appeal filed with the Office of Open Records.*

**RECORDS REQUESTED:** *Provide as much detail as possible, including subject matter, time frame, and type of record sought. RTKL requests must seek records, not ask questions. Use additional pages if necessary.*
See attached request

*Form continues on page 2. Retain a copy of **both** pages.*

# EXHIBIT 1

**RECORDS REQUESTED (continued):**

**DO YOU WANT COPIES?**    ☐ Yes, printed  ■ Yes, electronic  ☐ No, in-person inspection

*Records shall be provided in the medium requested if they exist in that medium; otherwise, they shall be provided in the medium in which they exist.  See Section 701.  Your request may require payment or prepayment of fees. View the Official RTKL Fee Schedule for more details.*

**I understand that my request may incur fees.  Notify me before further processing if fees will be more than** ☐ **$100 (or)** ■ **$_____.**

Do you want certified copies? ☐ Yes (*may be subject to additional costs*) ■ No

---

**ITEMS BELOW THIS LINE FOR AGENCY USE ONLY**

Tracking: _____ Date Received: _____ Response Due (5 bus. days): _____

30-Day Ext.? ☐ Yes ☐ No (If Yes, Final Due Date: _____) Actual Response Date:_____

Request was:  ☐ Granted      ☐ Partially Granted & Denied      ☐ Denied     Cost to Requester: $_____

☐ Appropriate third parties notified and given an opportunity to object to the release of requested records.

*Retain a copy of __both__ pages of this Form.*

**EXHIBIT 1**



June 26, 2025

Janelle Hawthorne
Agency Open Records Officer
Pennsylvania Department of State
306 North Office Building
401 North Street
Harrisburg, PA 17120
*RA-RTK-DOS@pa.gov*

*submitted electronically*

### RE: Right to Know Request

Dear Ms. Hawthorne,

On March 25, 2025, President Donald J. Trump issued Executive Order (EO) 14248, "Preserving and Protecting the Integrity of American Elections." The EO establishes the administration's policy to strengthen election integrity by enforcing existing federal laws and promoting uniform voting standards in the states.

Among other requirements, the EO does the following:

- seeks to ensure implementation of basic safeguards common in other democracies, such as strict voter identification, paper ballots, and clear ballot handling procedures;
- reaffirms that ballots must be cast and received by Election Day;
- prohibits non-citizen voting; and
- calls for accurate voter registration lists.

The EO also addresses foreign influence in elections, supports the use of secure, auditable voting systems, and is designed to protect public trust and ensure free, fair, and lawful elections.

In support of the EO's objectives, the Pennsylvania State Chapter of the America First Policy Institute (AFPI) seeks vital information regarding the Commonwealth of Pennsylvania's

**EXHIBIT 1**

election administration policies and procedures. AFPI's Pennsylvania State Chapter is a Domestic Nonprofit Corporation. AFPI exists to advance policies that put the American people first. Our guiding principles are liberty, free enterprise, national greatness, American military superiority, foreign-policy engagement in the American interest, and the primacy of American workers, families, and communities in all we do. AFPI seeks to determine whether Pennsylvania is administering its elections in a free, fair, and lawful manner.

AFPI-Pennsylvania respectfully requests records, pursuant to the National Voter Registration Act (NVRA) and 65 P.S. § 67.301 et seq., to protect the integrity of the electoral process, ensure that accurate and current voter registration rolls are maintained, and identify jurisdictions failing to follow the NVRA of 1993 protocols so that AFPI-Pennsylvania may notify election officials of any potential violations and make recommendations for remedial action or litigation, if necessary.

"Records" means information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received, or retained pursuant to law or in connection with a transaction, business, or activity of the agency. For the purposes of the following requests, a "record" shall be deemed to include, but not be limited to, any material on which written, drawn, printed, spoken, visual, or electromagnetic information or electronically generated or stored data is recorded or preserved, regardless of physical form or characteristics, that has been created or is being kept by the Office of the Secretary of the Commonwealth or the Department of State. This includes but is not limited to handwritten, typed, or printed pages, maps, charts, photographs, films, recordings, tapes, optical discs, and any other medium on which electronically generated or stored data is recorded or preserved.

Unless otherwise provided by law, the following requests shall include all records created, received, or retained by the Office during the period commencing January 1, 2020, up to and including the date of this request.

This request is submitted as an attachment to the requester form provided by your Office, consistent with 65 P.S. § 67.504(b)(3) and 65 P.S. § 67.703.

REQUEST NO.1:     All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and

**EXHIBIT 1**

currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.

This request is made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. 20507(i)(1).

REQUEST NO. 2:    All records related to information-sharing agreements entered into by the Commonwealth of Pennsylvania and any federal agency for the purpose of providing such federal agencies with data regarding individuals who have voted but are ineligible to vote under federal law.

REQUEST NO. 3:    All records related to written policies and procedures for the use of federal agency databases by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to verify the citizenship or immigration status of individuals registering to vote in the Commonwealth of Pennsylvania.

REQUEST NO. 4:    All records of formal policies, guidance, and procedures employed by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania.

REQUEST NO. 5:    All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to ensure that Pennsylvania complies with federal elections law requirements for the uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting.

REQUEST NO. 6:    All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth related to the Commonwealth of Pennsylvania and the Department of State's efforts to ensure that Pennsylvania complies with federal election law requirements that ballots received after Election Day not be included in certified vote totals.

REQUEST NO. 7:    All records, including but not limited to receipts, ledgers, and funding applications, showing the expenditure or disbursement of federal funds made available to the Commonwealth of

**EXHIBIT 1**

Pennsylvania and its political subdivisions for the administration of elections under HAVA.

Pursuant to 65 P.S. § 67.901, you are obligated to provide responsive records within five days of receipt of this request. Any delay must be accompanied by a notice of a reasonable date that a response is expected to be provided and an estimate of applicable fees owed when the records become available, and in any event, may be no more than 30 days past the initial 5-day period, 65 P.S. § 67.902(b)(2).

Pursuant to 65 P.S. § 67.502(b)(1), you are under a continuing duty to respond to this request and to issue interim and final responses under Pennsylvania's Right-to-Know Act.

Pursuant to 65 P.S. § 67.506(d), you are under a continuing duty to locate and produce records that are not in the possession of your Office but which are in the possession of a party with whom your Office has contracted to perform a governmental function on behalf of the Office, and which directly relates to the Office's governmental function.

Pursuant to 65 P.S. § 67.903, any denial of these requests shall be issued in writing and shall include a description of the record requested; the specific reasons for the denial, including a citation of supporting legal authority; and the typed or printed name, title, business address, business telephone number and signature of the open-records officer on whose authority the denial is issued.

Please provide all responses electronically to the undersigned counsel. AFPI looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Attorney Nicholas J. Wanic at nwanic@americafirstpolicy.com or 779-396-0137.

Respectfully submitted this 26th day of June 2025.

*s/ Nicholas J. Wanic*

Attorney Nicholas J. Wanic
America First Policy Institute
Center for Litigation
1455 Pennsylvania Avenue NW
Suite 225
Washington, D.C. 20004
nwanic@americafirstpolicy.com
(779) 396-0137
Counsel for AFPI-Pennsylvania

**EXHIBIT 1**

**EXHIBIT "2."**



COMMONWEALTH OF PENNSYLVANIA
**DEPARTMENT OF STATE**
HARRISBURG, PENNSYLVANIA
17120

**Right-to-Know Law Office**
**Room 306, North Office Building**
**401 North Street**
**Harrisburg, PA 17120-0500**
**Fax: 717-214-9899**

**Mailing Date: July 3, 2025**

**Nicholas J. Wanic**
**America First Policy Institute Center for Litigation**
**1455 Pennsylvania Avenue NW Suite 225**
**Washington, D.C. 20004**

**nwanic@americafirstpolicy.com**

**RE: Right-to-Know Law Request No. 2025-253**

Dear Mr. Wanic:

On June 26, 2025, the Department of State Right to Know Office received your request for information pursuant to the Pennsylvania Right-to-Know Law, 65 P.S. §§ 67.101, et seq. (RTKL), wherein you requested: "(1) All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters by the Commonwealth of Pennsylvania. This request is made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. 20507(i)(1). (2) All records related to information-sharing agreements entered into by the Commonwealth of Pennsylvania and any federal agency for the purpose of providing such federal agencies with data regarding individuals who have voted but are ineligible to vote under federal law. (3) All records related to written policies and procedures for the use of federal agency databases by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to verify the citizenship or

**EXHIBIT 2**

immigration status of individuals registering to vote in the Commonwealth of Pennsylvania. (4) All records of formal policies, guidance, and procedures employed by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania. (5) All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to ensure that Pennsylvania complies with federal elections law requirements for the uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting. (6) All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth related to the Commonwealth of Pennsylvania and the Department of State's efforts to ensure that Pennsylvania complies with federal election law requirements that ballots received after Election Day not be included in certified vote totals. (7) All records, including but not limited to receipts, ledgers, and funding applications, showing the expenditure or disbursement of federal funds made available to the Commonwealth of Pennsylvania and its political subdivisions for the administration of elections under HAVA."

Under the RTKL, a written response to your request is due on or before July 3, 2025.

This is an interim response, not a final response, to your request. Under the provisions of 65 P.S. §67.902(b)(2), you are hereby notified that your request is being reviewed pursuant to §67.902(a)(4), and the Department of State will require up to an additional 30 days, i.e., August 4, 2025, in which to provide a final written response to your request.

The extent and nature of your request precludes a response within the five-day time period. Due to this reason, the total for the estimated or actual fees that will be owed when the records become available will be included in our subsequent response.

Many of the records that might possibly be included in your request may also be exempt under section 708(b) of the RTKL. The Department of State reserves the right to review and assert any such exemptions.

Should you have any questions, please feel free to contact me.

Respectfully,

*Janelle S. Hawthorne*

Janelle S. Hawthorne, J.D.
Agency Open Records Officer
306 North Office Building
401 North Street
Harrisburg, PA  17120
717-317-5340

## EXHIBIT 2

**EXHIBIT "3."**



COMMONWEALTH OF PENNSYLVANIA
**DEPARTMENT OF STATE**
HARRISBURG, PENNSYLVANIA
17120

**Right-to-Know Law Office**
**Room 306, North Office Building**
**401 North Street**
**Harrisburg, PA  17120-0500**
**Fax:  717-214-9899**

**Mailing Date: August 4, 2025**

**Nicholas J. Wanic**
**America First Policy Institute Center for Litigation**
**1455 Pennsylvania Avenue NW Suite 225**
**Washington, D.C. 20004**

**nwanic@americafirstpolicy.com**

**RE:  Right-to-Know Law Request No. 2025-253**

Dear Mr. Wanic:

On June 26, 2025, the Department of State Right to Know Office received your request for information pursuant to the Pennsylvania Right-to-Know Law, 65 P.S. §§ 67.101, et seq. (RTKL), wherein you requested: "(1) All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the NVRA of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include but are not limited to all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters by the Commonwealth of Pennsylvania[1].(2) All records related to information-sharing agreements entered into by the Commonwealth of Pennsylvania and any federal agency for the purpose of providing such federal agencies with data regarding individuals who have voted but are ineligible to vote under federal law. (3) All records related to written policies and procedures for the

---

[1] You also claim that this request is made under federal law, pursuant to the records inspection provisions of the National Voter Registration Act, 52 U.S.C. 20507(i)(1) (NVRA).

**EXHIBIT 3**

use of federal agency databases by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to verify the citizenship or immigration status of individuals registering to vote in the Commonwealth of Pennsylvania. (4) All records of formal policies, guidance, and procedures employed by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania. (5) All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State to ensure that Pennsylvania complies with federal elections law requirements for the uniform and nondiscriminatory ballot receipt deadline of Election Day for all methods of voting. (6) All records of written policies and procedures implemented by the Office of the Secretary of the Commonwealth related to the Commonwealth of Pennsylvania and the Department of State's efforts to ensure that Pennsylvania complies with federal election law requirements that ballots received after Election Day not be included in certified vote totals. (7) All records, including but not limited to receipts, ledgers, and funding applications, showing the expenditure or disbursement of federal funds made available to the Commonwealth of Pennsylvania and its political subdivisions for the administration of elections under HAVA."

On July 3, 2025, a letter indicating the Department required a 30-day extension to respond to your request was forwarded to you.

Initially, to the extent that your request seeks to require the Department to determine whether a record might generally "relate to" the topics that you provide, your request is insufficiently specific.  Rather, your request requires the Department "to make judgment calls regarding [records] that might be tangential to the" topic.  *In re Mazin*, 2025 WL 1157074 (Pa. Cmwlth. Ct., unpub., April 21, 2025), slip op. at *5.

Nevertheless, in order to provide a response, the Department presumes that you seek records as to which your request is granted in part, as follows:

Part (7) of your request is granted and enclosed is a record responsive to part (7) of your request. Additionally, Part (1) of your request is granted in part and the public information responsive to part (1) of your request may be found in the Annual Voter Registration reports available on the Department's website at Election Reports | Department of State | Commonwealth of Pennsylvania.  Further, parts (5) and (6) of your request are granted and information responsive to parts (5) and (6) of your request may be found in the Department's guidance available on the Department's website at Directives and Guidance | Department of State | Commonwealth of Pennsylvania. There is no fee due to the Department's policy of not charging if the file is sent electronically.

Your request is denied in part as follows:

Part (1) of your request is denied in part pursuant to the Pennsylvania Vital Statistics Law. Under sections 306 and 3101.1 of the RTKL, if another law addresses the public nature of a

**EXHIBIT 3**

record or the manner of access to a record, the provisions of the other law prevail over the RTKL. Access to death records and data is governed by the Pennsylvania Vital Statistics Law and its corresponding regulations. Pursuant to 35 P.S. § 450.101 et seq., specifically 35 P.S. § 450.801, the Department cannot provide the list of deceased individuals received from the Department of Health because that information is exempt from public disclosure. *See*, *Dreibelbis v. DOS*, Docket No.: AP 2025-1270.

Additionally, part (1) of your request is denied in part because reports and data that are derived from motor vehicle record databases cannot be disclosed because such disclosure is prohibited by federal law, namely the Driver's Privacy Protection Act (DPPA). *See,* 18 U.S.C. §2721, §2722, and §2725. *Sheckler v. DOS*, Docket No.: AP 2022-0629 and *Dreibelbis v. DOS*, Docket No.: 2025-1269. Further, reports and data that are received from ERIC are also prohibited to be disclosed under the DPPA. Moreover, ERIC reports and data are also exempt from disclosure because the Department is barred from disclosing the name and address lists originally sourced to the USPS and the derivative lists created from that information based on federal law, namely the Privacy Act of 1974, 5 U.S.C. § 552a and by 39 U.S.C. § 412(a). *Sheckler v. DOS*, Docket No.: AP 2022-0629.

The remainder of your request is denied because the Department of State does not have certain records in its possession, under its custody or its control. Specifically, there are no additional records on file with the Department responsive to part (1) of your request because the NVRA specifically provides that removal by reason of criminal conviction or mental incapacity is dictated by state law. 25 U.S.C. §20507(a)(3)(B). A criminal conviction or a person's mental incapacity is not a reason to cancel a voter's registration in Pennsylvania pursuant to the Pennsylvania Election Code.

Part (2) of your request is denied because the Department does not possess any information-sharing agreements between the Department and a federal agency for the purpose of providing such federal agencies with data regarding individuals who have voted but are ineligible to vote under federal law.

Part (3) of your request is denied because the Department does not possess any written policies and procedures for the use of federal agency databases to verify the citizenship or immigration status of individuals registering to vote in the Commonwealth of Pennsylvania. As an initial matter, Department does not adjudicate voter registration applications, that is done by the individual county election offices. 25 Pa.C.S.A. § 1328. Further, neither Pennsylvania nor federal law requires a voting registration applicant to provide documentary proof of citizenship.

Part (4) of your request is denied because the Department does not possess any records of formal policies, guidance, and procedures employed by the Department for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania. Neither

**<u>EXHIBIT 3</u>**

Pennsylvania nor federal law requires a voting registration applicant to provide documentary proof of citizenship.

Finally, while you purport to make this request, pursuant to the NVRA as well as the RTKL, several portions of your request are not part of any "program or activity conducted for purpose of ensuring accuracy and currency of official lists of eligible voters," and are thus not within the scope of § 20507(i) of the NVRA.

You have a right to appeal this response in writing to Office of Open Records (OOR), 333 Market Street, 16th Floor, Harrisburg, PA 17126-0333. If you choose to file an appeal, you must do so within 15 business days of the mailing date of this response and send to the OOR:

    1) this response;
    2) your request; and
    3) the reason why you think the agency is wrong in its response.

Also, the OOR has an appeal form available on the OOR website at: https://www.openrecords.pa.gov/Appeals/AppealForm.cfm

Respectfully,

*Janelle S. Hawthorne*

Janelle S. Hawthorne, J.D.
Agency Open Records Officer
Department of State
Room 306, North Office Building
401 North Street
Harrisburg, PA  17120-0500
717-317-5340

**EXHIBIT 3**

**EXHIBIT "4."**



August 25, 2025

Office of Open Records
333 Market Street, 16th Floor,
Harrisburg, PA 17126-0333

Attn: Ms. Janelle S. Hawthorne
Agency Open Records Officer
Pennsylvania Department of State
306 North Office Building
401 North Street
Harrisburg, PA 17120
RA-RTK-DOS@pa.gov

*Submitted Electronically*

### RE: Right To Know Request No. 2025-253
### Appeal Pursuant to 65 P.S. § 67.1101

Dear Ms. Hawthorne,

This letter is in response to your office's decision under Pennsylvania's Right-To-Know Law, contained in your letter of August 4, 2025, and to formally appeal that decision, pursuant to 65 P.S. § 67.1101 *et seq*.

Relevant to such appeal, the Pennsylvania State Chapter of the America First Policy Institute (hereinafter "AFPI") made the following requests for records, among others, to the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, on June 26, 2025.

1. *All records related to efforts of the Office of the Secretary of the Commonwealth and Pennsylvania Department of State to maintain Pennsylvania's voter list, as required by the National Voter*

## EXHIBIT 4

Registration Act (NVRA) of 1993 (Pub. L. 103-31) and the Help America Vote Act (HAVA) of 2002 (Pub. L. 107-252), by removing individuals who are disqualified from voting in federal elections based upon criminal status, mental incapacity, submission of a false voter registration application, death, change of residence, or citizenship. Responsive records include, but are not limited to, all records "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" by the Commonwealth of Pennsylvania.

This request is made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. §20507(i)(1).

...

4. All records of formal policies, guidance, and procedures employed by the Office of the Secretary of the Commonwealth of Pennsylvania and the Department of State for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania.

…

A copy of AFPI's original request is submitted herewith and incorporated by reference as though fully restated herein.

<u>General Response and General Grounds for Appeal</u>

On July 3, 2025, your office responded to AFPI's records request, notifying AFPI that your office was reviewing the request and was invoking its statutory authority to delay response for 30 days, pursuant to 65 P.S. §67.902(a)(4). On August 4, 2025, your office formally responded to AFPI's request, denying in part many of AFPI's requests for reasons addressed herein. By submitting this letter, AFPI is appealing certain of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's partial denials and full denials, for the following reasons:

(1) The requested records are public records in the possession, custody, or control of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth.

2

**EXHIBIT 4**

(2) The records do not qualify for any exemptions under § 708 of Pennsylvania's Right-To-Know Law, are not protected by a privilege, and are not exempt under any Federal or State law or regulation.

(3) The requests were sufficiently specific, to the extent such denials were not based on a lack of responsive records in the custody or control of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth.

This appeal is timely pursuant to 65 P.S. § 67.1101(a)(1). Accordingly, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth must respond within 30 days of the date of this letter, see 65 P.S. § 67.1101(b)(1), or shall thereafter be deemed to have denied AFPI's request, 65 P.S. § 67.1101(b)(2).

<u>Specific Response and Grounds for Appeal as to Request No. 1</u>

As to Request No. 1, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth stated:

> *Part (1) of your request is denied in part pursuant to the Pennsylvania Vital Statistics Law. Under sections 306 and 3101.1 of the RTKL, if another law addresses the public nature of a record or the manner of access to a record, the provisions of the other law prevail over the RTKL. Access to death records and data is governed by the Pennsylvania Vital Statistics Law and its corresponding regulations. Pursuant to 35 P.S. § 450.101 et seq., specifically 35 P.S. § 450.801, the Department cannot provide the list of deceased individuals received from the Department of Health because that information is exempt from public disclosure. See, Dreibelbis v. DOS, Docket No.: AP 2025-1270.*

> *. . .*

> *Additionally, part (1) of your request is denied in part because reports and data that are derived from motor vehicle record databases cannot be disclosed because such disclosure is prohibited by federal law, namely the Driver's Privacy Protection Act (DPPA). See, 18 U.S.C. §2721, §2722, and §2725. Sheckler v. DOS, Docket No.: AP 2022-0629 and Dreibelbis v. DOS, Docket No.: 2025-1269.*

3

**<u>EXHIBIT 4</u>**

> *Further, reports and data that are received from ERIC are also prohibited to be disclosed under the DPPA. Moreover, ERIC reports and data are also exempt from disclosure because the Department is barred from disclosing the name and address lists originally sourced to the USPS and the derivative lists created from that information based on federal law, namely the Privacy Act of 1974, 5 U.S.C. § 552a and by 39 U.S.C. § 412(a). Sheckler v. DOS, Docket No.: AP 2022-0629.*

In response to the partial denial of request number one, AFPI asserts that the Pennsylvania Vital Statistics Law is preempted by federal law, which requires that the Pennsylvania Department of State, Office of the Secretary of the Commonwealth make available "*all* records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. §20507(i)(1).

Also, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's invocation of the Driver's Privacy Protection Act (DPPA), Pub. L. 103–322 is improper. The DPPA only prevents a state agency from "disclos[ing] personal information, from a motor vehicle record, for any use not permitted under section 2721(b)." Permissible uses under 18 U.S.C. § 2721(b)(5) include "research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals." Such use is entirely consistent with AFPI Pennsylvania's stated goal in its June 26, 2025, request of conducting research to "identify jurisdictions failing to follow the NVRA."

Furthermore, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's invocation of the Privacy Act of 1974, as well as 5 U.S.C. § 552a and 39 U.S.C. § 412(a), with respect to "reports and data that are received from ERIC," is improper. First, 39 U.S.C. § 412(a) only applies to public disclosures of names and addresses by an "officer or employee of the Postal Service," and does not apply to information in the custody of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, regardless of the source from which it is derived. Second, the Privacy Act of 1974, as amended by 5 U.S.C. § 552a, only applies to disclosures by federal agencies. *See* 5 U.S.C. § 552(e) (citing 5 U.S.C. § 551(1)).

Additionally, the denial of the records specifically enumerated by the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, implies that such records are responsive to AFPI's request for

4

**EXHIBIT 4**

records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters which shall be made available for public inspection pursuant to 52 U.S.C. §20507(i)(1).

The Pennsylvania Department of State, Office of the Secretary of the Commonwealth, produced no records in its August 4, 2025, response. Regardless of whether the availability of records pursuant to Pennsylvania's Right-To-Know Law is ultimately preempted by the Pennsylvania Vital Statistics Law or any other law, pursuant to 35 P.S. §306 and §3101.1, the failure to produce any records of any kind is clearly deficient. The Pennsylvania Department of State, Office of the Secretary of the Commonwealth, granted AFPI's first request in part, insofar as it only referenced its own website and cited to "the Annual Voter Registration reports," available online. At a minimum, all records and data used to compile information and prepare these summary reports, including the 2024 Annual Report to the Pennsylvania General Assembly, *Administration of Voter Registration in Pennsylvania*, June 30, 2025,[1] must be produced.

To the extent that the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, has asserted that AFPI's requests were "insufficiently specific," AFPI responds that its request is only as broad as the category of records which the Commonwealth is required to maintain and produce under federal law. Under the NVRA, AFPI is entitled to a broad range of records, and 52 U.S.C. §20507, which proscribes the administration of voter registration and voter roll maintenance under the NVRA as conducted by the states, provides the Commonwealth with broad discretion to administer its programs. Therefore, only the Pennsylvania Department of State, Office of the Secretary of the Commonwealth can determine which implementation "programs and activities" it conducted "for the purpose of ensuring the accuracy and currency of official lists of eligible voters," and which records are thus related to those programs and activities consistent with the NVRA. Accordingly, AFPI's request is sufficiently specific and proportional to the records sought.

---

[1] https://www.pa.gov/content/dam/copapwp-pagov/en/dos/resources/voting-and-elections/reports/voter-registration/dos_voter_registration_report_2024_final.pdf

AMERICA FIRST POLICY INSTITUTE
1455 Pennsylvania Avenue NW, Suite 225
Washington, D.C. 20004
Phone: (703) 637-3690

**EXHIBIT 4**

Finally, AFPI notes that other nonprofit organizations have previously obtained at least some records regarding the accuracy and currency of official lists of eligible voters, such that they were able to initiate litigation seeking injunctive relief related to discrepancies and other alleged violations of federal law related to voter roll maintenance. *See Public Interest Legal Foundation v. Boockvar*, 495 F.Supp.3d 354 (M.D. Pa. 2020).

For these reasons, AFPI hereby demands reversal of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's substantial denial of its first request of June 26, 2025, and immediate production of responsive documents.

<u>Specific Response and Grounds for Appeal as to Request No. 4</u>

As to Request No. 4, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth stated:

> *Part (4) of your request is denied because the Department does not possess any records of formal policies, guidance, and procedures employed by the Department for the sharing of information with federal agencies concerning the citizenship or immigration status of individuals who register to vote in the Commonwealth of Pennsylvania. Neither Pennsylvania nor federal law requires a voting registration applicant to provide documentary proof of citizenship.*

In response to the denial of request number one, AFPI asserts that the Commonwealth of Pennsylvania, by its own admission, is in possession of and tracks information concerning the citizenship and/or immigration status of individuals who register to vote. *See Public Interest Legal Foundation v. Boockvar*, 431 F.Supp.3d 553 (M.D. Pa. 2019) ("Commissioner Schmidt testified that noncitizens who apply to PennDOT for a driver's license have their licenses tagged with an 'INS Indicator.' He further testified that all voter-registration applicants in the Commonwealth must register using either a driver's license or PennDOT ID. Commissioner Schmidt explained that a person's driver's license can thus be used to determine both citizenship [by the INS Indicator] and voter registration [by the driver's license number.] According to Commissioner Schmidt, the Department of State's matching of these two identifiers revealed over 100,000 individuals who were registered to vote and tagged with an INS Indicator.") (Internal citations omitted.) Based on

AMERICA FIRST POLICY INSTITUTE
1455 Pennsylvania Avenue NW, Suite 225
Washington, D.C. 20004
Phone: (703) 637-3690

**EXHIBIT 4**

previous sworn testimony from then-Philadelphia City Commissioner Schmidt, it is clear that the Commonwealth of Pennsylvania is in possession of information related to citizenship or immigration status and that such information is in the custody of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth, for purposes of investigating noncitizen voter registrations.

To the extent that the Commonwealth of Pennsylvania is in possession of information related to citizenship or immigration status, which is unquestionably derived from federal agency information, AFPI demands immediate production of records related to formal policies, guidance, and procedures of how such information is obtained and maintained by, the Pennsylvania Department of State, Office of the Secretary of the Commonwealth.

For these reasons, AFPI hereby demands reversal of the Pennsylvania Department of State, Office of the Secretary of the Commonwealth's substantial denial of its fourth request of June 26, 2025, and immediate production of responsive documents.

Respectfully submitted this 25th day of August 2025.

*s/ Nicholas J. Wanic*

_____

Attorney Nicholas J. Wanic
America First Policy Institute
Center for Litigation
1455 Pennsylvania Avenue NW
Suite 225
Washington, D.C. 20004
nwanic@americafirstpolicy.com
(779) 396-0117
Counsel for AFPI-Pennsylvania

7

**EXHIBIT 4**

**EXHIBIT "5."**

| | |
|---|---|
| **From:** | Andrew Zimmitti |
| **To:** | RA-RTK-DOS@pa.gov; janhawthor@pa.gov |
| **Cc:** | Nick Wanic; Leigh Ann O"Neill; Justin Holtsnider |
| **Subject:** | Right to Know Request No. 2025-253 Appeal |
| **Date:** | Monday, August 25, 2025 12:53:00 PM |
| **Attachments:** | Pennsylvania RTK Admin Appeal v2_MFP.pdf |
| | RTKL.2025-253.grantedinpartdeniedinpart.pdf |
| | AFPI Pennsylvania EO 14248 Formal Request.pdf |
| | image001.png |

Dear Ms. Hawthorne.  Please find attached the Pennsylvania State Chapter of AFPI's appeal of its Right to Know Request No. 2025-253.  Thank you for your consideration. Regards, Andrew Zimmitti



**Andrew Zimmitti**

Senior Counsel

Center for Litigation

703-795-9382

**AMERICAFIRSTPOLICY.COM**

**Disclaimer & Confidentiality Notice:**

This email and any attachments are intended solely for the use of the individual or entity to whom they are addressed and may contain confidential and legally privileged information. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited. If you have received this email in error, please notify the sender immediately and delete it from your system. This communication does not constitute legal advice and does not create an attorney-client relationship unless expressly stated. Any views or opinions expressed are those of the author and do not necessarily reflect the official position of AFPI.

# EXHIBIT 5