# EXHIBIT C

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| **America First Policy Institute,** : | |
|     Petitioner : | |
| : | |
| **v.** : | |
| : | **1403 CD 2025** |
| **Commonwealth of Pennsylvania,** : | |
| **Department of State,** : | |
|     Respondents : | |

## ORDER

**NOW,** this ___ day of _____, 2025, upon consideration of the Application for Summary Relief filed by Respondent, Pennsylvania Department of State, it is hereby ORDERED that the Application is GRANTED and the Petition for Review is DISMISSED, with prejudice.

 

                                                                                                                                              J.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| **America First Policy Institute,** : | |
|     **Petitioner** : | |
| : | |
| **v.** : | |
| : | **1403 CD 2025** |
| **Commonwealth of Pennsylvania,** : | |
| **Department of State,** : | |
|     **Respondents** : | |

## APPLICATION FOR SUMMARY RELIEF FILED BY RESPONDENT THE PENNSYLVANIA DEPARTMENT OF STATE

AND NOW, the Pennsylvania Department of State ("Department"), by and through undersigned counsel, pursuant to Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, submits this Application for Summary Relief, and in support thereof avers the following:

## BACKGROUND

1. On June 26, 2025, Petitioner filed a request for records related to voter registration information pursuant to the Pennsylvania Right to Know Law ("RTKL") with the Department. *See* Pet. Ex. 1.

2. On July 3, 2025, the Department issued an interim response invoking a thirty-day extension in order to search for and review any responsive records. *See* Pet. Ex. 2.

3. On August 4, 2025, the Department issued its final response granting in part and denying in part the request and provided the required notice of how to

appeal the Department's decision with the Office of Open Records ("OOR") as required by the RTKL.  *See* Pet. Ex. 3.

4. On August 25, 2025, the Department received an email with a letter attached purporting to appeal the Department's partial denial to the OOR.  *See* Pet. Ex. 4.  There is no indication that the purported appeal was properly filed with the OOR.

5. On or about October 24, 2025, Petitioner filed a Petition for Review addressed to this Court's appellate jurisdiction regarding an alleged deemed denial by the OOR.

6. The Petition for Review pertains to the RTKL request that was partially granted and partially denied by the Department on August 4, 2025.

7. In the Petition, Petitioner claims to have filed an appeal with the OOR on August 25, 2025 via email. Yet Petitioner only attached the email sent to the Department.  *See* Pet. Ex. 5.  No correspondence to the OOR is presented.

8. The Department and the OOR are separate Commonwealth agencies. The Department's Open Records Officer is not an appeals officer for the purpose of adjudicating appeals under the RTKL.  The OOR designates the appeals officer to adjudicate appeals for all Commonwealth agencies after an appeal is properly filed with the OOR.  *See* Department's Ex. 1.

9. The Department never received notification from the OOR that any appeal had been filed and thus never provided a response.

10. Given that the purported appeal was never filed with the OOR, the OOR unsurprisingly never assigned the matter to an appeals officer to issue a final decision or determination. *See* Department's Ex. 1.

11. Notwithstanding Petitioner's Counsel's certification to this Court, *see* Department's Ex. 2, claiming that counsel served the Department with the Petition for Review (filed October 24, 2025) on September 6, 2024, Petitioner never served the Petition for Review on the Department. Rather, the Department learned of the Petition for Review through a press release issued by Petitioner and not through proper service from Petitioner.

## ARGUMENT

12. Pennsylvania Rule of Appellate Procedure 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter[,] the court may on application enter judgment if the right of the applicant thereto is clear." Pa. R.A.P. 1532(b).

13. Summary relief will be granted where the party's right to judgment is clear and no issues of material fact are in dispute. *See Pa. State Education Ass'n v. Dept. of Community and Economic Development*, 110 A.3d 1076, 1095 n.3 (Pa. Cmwlth. 2015).

14. The RTKL provides the exclusive means to seek redress for violations of the RTKL. *See Guarrasi v. Scott*, 25 A.3d 394, 405 (Pa. Cmwlth. 2011).

15. The RTKL explicitly confers jurisdiction on appeals officers within the

OOR to render determinations regarding records disputes involving Commonwealth agencies. *See* 65 P.S. § 67.503(a). Further, the onus for appealing a denial of a RTKL request to the proper appeals officer is on the requester. *See Faulk v. Phila. Clerk of Courts*, 116 A.3d 1183 (Pa. Cmwlth. 2015).

16. A petitioner must exhaust their administrative remedies before the OOR prior to filing a Petition for Review. *Id*.; *see also, Robinson v. Dept. of Corrections*, 2009 WL 9102830 (Pa. Cmwlth. 2009). Further all matters not raised before the OOR are waived on appeal. *See Brown v. Pennsylvania Dep't of State*, 123 A.3d 801, 804, n.7 (Pa. Cmwlth. 2015).

17. Pursuant to 65 P.S. 67.1101(a)(1), Petitioner was required to file his appeal with the OOR within 15 business days from the date of the Department's final response. That deadline, August 25, 2025, has passed. Because Petitioner failed to timely appeal to OOR it cannot do so now.

18. As of the date of this filing, there are no material facts in dispute. Petitioner failed to properly perfect its appeal with the OOR, and as such, Petitioner's appeal was not deemed denied. *See* Department's Ex. 1. Petitioner also failed to utilize the required administrative remedies provided by the RTKL to properly challenge the Department's actions regarding Petitioner's RTKL request. *Id*.

19. Thus, as a matter of law, the Department is entitled to summary relief in the form of the dismissal of the Petition for Review due to Petitioner's failure to properly exhaust the available administrative remedies with the OOR which deprives

this Honorable Court of jurisdiction to hear the instant appeal.

WHEREFORE, Respondent respectfully requests that, in accordance with Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, this Honorable Court grant this Application for Summary Relief and dismiss the Petition for Review with prejudice.

Respectfully submitted,

*/s/Jason E. McMurry*
Jason E. McMurry, Esquire
Pa. Sup. Ct. ID #88751
Pennsylvania Department of State
Office of Chief Counsel
401 North Street, Room 306
Harrisburg, Pennsylvania 17120
(717) 783-0736
*Attorney for Respondent*

Date: November 17, 2025

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| **America First Policy Institute,** : | |
|     **Petitioner** : | |
| : | |
| **v.** : | |
| : | **1403 CD 2025** |
| **Commonwealth of Pennsylvania,** : | |
| **Department of State,** : | |
|     **Respondents** : | |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the attached Application for Summary Relief upon the person and in the manner indicated below which service satisfies the requirements of Pa. R.A.P. Rule 121:

<u>Service by PacFile and first-class mail, postage prepaid, addressed as follows:</u>

<div style="text-align:center">

Walter S. Zimolong, Esq.
Zimolong LLC
P.O. Box 552
Villanova, PA 19085-0552

</div>

<div style="margin-left:50%">

<u>*/s/ Jason E. McMurry*</u>
Jason E. McMurry, Esquire
Pa. Sup. Ct. ID #88751
Pennsylvania Department of State
Office of Chief Counsel
401 North Street, Room 306
Harrisburg, Pennsylvania 17120
(717) 783-0736
*Attorney for Respondent*

</div>

Date: November 17, 2025

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| **America First Policy Institute,** | : |
|     Petitioner | : |
| | : |
| v. | : |
| | :    **1403 CD 2025** |
| **Commonwealth of Pennsylvania,** | : |
| **Department of State,** | : |
|     Respondents | : |

### CERTIFICATION PURSUANT TO Pa. R.A.P. 127

I certify that this filing complies with the provisions of the Public Access Policy of the United Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently that non-confidential information and documents.

                                            Respectfully submitted,

                                            */s/ Jason E. McMurry*
                                            Jason E. McMurry, Esquire
                                            Pa. Sup. Ct. ID #88751
                                            Pennsylvania Department of State
                                            Office of Chief Counsel
                                            401 North Street, Room 306
                                            Harrisburg, Pennsylvania 17120
                                            (717) 783-0736
                                            *Attorney for Respondent*

                                            Date: November 17, 2025

Department of State Exhibit 1

# VERIFICATION

I, Kyle Applegate, hereby declare that the following statements are true and correct based upon my personal knowledge information and belief. I understand that these statements are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsifications to authorities:

1. I serve as the Chief Counsel for the Office of Open Records ("OOR").

2. As Chief Counsel, I am familiar with the OOR's appeals process, including the receipt and docketing of appeals. Under Pennsylvania's Right-to-Know Law, appeals involving Commonwealth and local agencies may be filed with the OOR, which is then tasked with assigning an appeals officer to review. *See* 65 P.S. § 67.1101(a)(2).

3. Appeals to the OOR may be filed electronically either via the OOR's electronic appeal form found at https://www.openrecords.pa.gov/Appeals/AppealForm.cfm, or via email sent to openrecords@pa.gov.

4. As set forth in an amendment to the OOR's Procedural Guidelines, these are the only two ways to file an electronic appeal with the OOR. *See* https://www.openrecords.pa.gov/Appeals/ProceduralGuidelines.cfm.

5. When an appeal is filed using the OOR's electronic form or emailed to openrecords@pa.gov, the sender automatically receives a confirmation email that acknowledges receipt.

6. All appeals filed using the OOR's electronic form or emailed to openrecords@pa.gov are assigned an appeals officer to review.

7. I am familiar with the Petition for Review filed by the America First Policy Institute ("Petitioner"), docketed at 1403 CD 2025, which alleges that the OOR deemed denied an appeal after receipt. *See* 65 P.S. §§ 67.1101(a)(1)-(2) (stating that an appeal to the OOR is considered deemed denied if no final determination is issued within thirty days after its receipt by the appeals officer).

8. I have reviewed the contents of the Petition for Review, including Exhibit 4, which consists of the appeal allegedly filed with the OOR, and Exhibit 5, which consists of an email allegedly transmitting the appeal to the OOR.

9. Exhibit 4 is directed to the Pennsylvania Department of State's Open Records Officer, Janelle Hawthorne, rather than any official or employee of the OOR.

10. Exhibit 5 is sent from Andrew Zimmitti, Senior Counsel for Petitioner, to two email addresses associated with Janelle Hawthorne: RA-RTK-DOS@pa.gov and janhawthor@pa.gov. The individuals copied on the email appear to be employed by the Petitioner.

11. Exhibit 5 was not sent to openrecords@pa.gov, or any other email associated with the OOR.

12. Exhibit 5 was not sent to any official or employee of the OOR.

13. Because the Petitioner never sent Exhibit 5 to the OOR, the OOR did not receive the appeal contained in Exhibit 4.

14. As explained above, if an appeal was filed using the OOR's electronic form or via email, the Petitioner would have received an email receipt.

15. The Petition for Review does not contain an email receipt.

16. There is no indication that Exhibit 5 was ever forwarded separately to the OOR by any party; however, in an abundance of caution, OOR administrative staff searched openrecords@pa.gov for such an email and confirmed to me that a forwarded copy of the email was never received by openrecords@pa.gov.

17. Based upon the above, the appeal contained in Exhibit 4 was never sent to the OOR, and therefore, it was not assigned an appeals officer.

18. Because the appeal contained in Exhibit 4 was never sent to the OOR and assigned an appeals officer, it was not deemed denied, 65 P.S. § 67.1101(b)(2).

Date: 11/17/2025             Signature:

*Kyle Applegate*

Kyle Applegate, Esq.
Chief Counsel
Office of Open Records

2

Case 2:25-cv-01481-CB   Document 74-3   Filed 12/01/25   Page 12 of 12
Department of State Exhibit 2

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the persons and in the manner indicated below, which service satisfies the requirements of Pa.R.A.P. 121:

**Via PacFile, Email, and Regular Mail**
Secretary of the Commonwealth Pennsylvania
Department of State
401 North Street
Harrisburg, PA 17120

                                    Respectfully submitted,

Date: September 6, 2024        */s/Walter S. Zimolong*
                                    WALTER S. ZIMOLONG III, ESQ.
                                    Attorney I.D. No. 89151
                                    wally@zimolonglaw.com
                                    Zimolong, LLC
                                    P.O. Box 552
                                    Villanova, PA 19085-0552
                                    Tele: 215-665-0842

                                    *Counsel for Petitioner*