# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>) <br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA; and AL SCHMIDT, in )<br>his official capacity as Secretary of the )<br>State of Pennsylvania )<br>)<br>*Defendants.* )<br>) | Case No. 2:25-cv-01481-CB |

**REPLY BRIEF IN SUPPORT OF MOTION FOR INTERVENTION BY AMERICA FIRST POLICY INSTITUTE—PENNSYLVANIA**

Proposed Plaintiff-Intervenor America First Policy Institute–Pennsylvania (hereinafter "AFPI"), by and through its attorneys, hereby submits this reply in further support of its Motion to Intervene as Plaintiff, ECF No. 59, pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, and in response to the Defendants' Brief in Opposition, ECF No. 74.

## I.    INTRODUCTION

AFPI must be allowed to intervene because public-interest organizations play a crucial role in enforcing federal transparency requirements that safeguard election integrity. This includes the National Voter Registration Act (NVRA)'s mandate for public access to voter-list-maintenance records. The Defendants' opposition to AFPI's

intervention is unfounded and ignores several crucial facts. Accordingly, for the reasons already stated in AFPI's Brief in Support of its Motion to Intervene, and for additional reasons stated herein, AFPI is entitled to intervene in this matter.

## II.   ARGUMENT

As stated in the Brief accompanying its Motion to Intervene, AFPI has timely filed a motion to intervene to protect its significant interest in the disposition of this matter. *See* ECF 60. The Defendants oppose AFPI's intervention under both Rules 24(a) and (b) of the Federal Rules of Civil Procedure, arguing that AFPI does not have standing because it requests different relief from the government, ECF No. 74 at 3-5, and for various procedural reasons, *id*. at 5-9, 17-18. Neither set of arguments avails.

**A. AFPI Has Sufficiently Demonstrated Standing**

Defendants assert that AFPI lacks standing because it requests different relief than Plaintiff. ECF No. 74, at 3-5. First, the Defendants argue that because AFPI and Plaintiff have requested different records, they are therefore requesting different relief. *Id*. at 3-4. Yet, Defendants acknowledge that "[o]n its face, [AFPI's request for declaratory relief] . . . appears to be the same as the United States' second requested relief." *Id*. at 3. Defendants correctly point to the proper standard for standing as an intervenor. *See id.* (citing *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017). Indeed, AFPI must "demonstrate Article III standing when it seeks additional relief beyond that which the Plaintiff requests." *See Town of Chester,* 581 U.S. at 439. However, Defendants do not appear to contend that AFPI's statutory

2

rights under 52 U.S.C. § 20510(b)(2) do not constitute a concrete or particularized injury, are not traceable to them, and are not redressable. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (listing the elements of standing). Instead, Defendants, seem to falsely equate different records—and therefore different relief— with the sufficiency of AFPI's interest in the matter. *See* ECF No. 74, at 3-4. This is a complete misstatement of the test for intervention. In fact, Rule 24 exists because intervenors interests may be affected by a case, without adequate representation. *See* Fed. R. Civ. P. 24(a) (requiring courts to permit intervention when ". . . disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . ."). Instead, without citation to law, Defendants seem to urge this Court to determine standing based on the similarity of relief. This is simply not the test.

Second, Defendants argue that intervention is not warranted because the scope of documents requested by the Plaintiff is smaller than AFPI. ECF. 74, at 4. Again, this argument is without basis in the test for intervention under Rule 24. However, the argument is also without merit because Plaintiff and AFPI's requests for declaratory relief make it clear that they seek the same level of disclosure. *Compare* ECF No. 1; ECF No. 60, at 14. Defendants cite numerous communications as purportedly limiting the scope of Plaintiff's relief. *See* ECF 74 at 4. However, AFPI's interests are not related to the speculative resolution of this matter by the named parties on narrower grounds than the pleadings. Instead, AFPI's interests are related to the litigation's potential impact, as pled in Plaintiff's complaint, which could substantially impact AFPI's mission. *See* ECF. 60 at 14 (explaining the importance

3

of declaratory relief under 52 U.S.C. § 20507(i)(1) to the parties).

Finally, and perhaps most notably, Defendants do not assert that their disclosure was fulsome, such that AFPI should be denied standing based upon AFPI's stated injury and the sufficiency of their response to the request to inspect records.

### B. AFPI Provided Sufficient Notice under the NVRA

The Defendants allege that AFPI did not comply with the NVRA's notice provisions. *See* ECF. 74 at 6-8. Defendants argue that AFPI's June 26 request did not allege a violation or assert intention to bring suit. *Id*. at 6. However, AFPI plainly stated that "[its] request is made under federal law, pursuant to the records inspection provisions of the NVRA, 52 U.S.C. 20507(i)(l)." *See* Exhibit 2 to the Declaration of Mary Stiffler at 5, ECF. No 60-1 (threatening litigation). Furthermore, AFPI had already placed the Secretary on notice when it requested the records directly from him more than one month earlier. *See* Exhibit 1 to the Declaration of Mary Stiffler at 2, ECF No. 60-1. Such notice is sufficient under the NVRA because Defendants failure to provide the requested records subsequent to the May 13 letter had "already made clear [their] refusal to comply with the Act." *See Voter Reference Found., LLC v. Torrez*, 727 F.Supp.3d 1014, 1218 (D.N.M. 2024) (quoting *Ass'n of Cmty. Orgs. For Reform Now v. Miller*, 129 F.3d 833, 838 (6th Cir. 1997)).

### C. Pennsylvania's State Procedures Are Irrelevant to These Proceedings

Defendants argue that an alleged defect in State open records procedures should preclude intervention. ECF No. 74 at 17-18. Regardless of any alleged defect, AFPI's interest as an intervenor is not related to records sought under State law. The NVRA records inspection provision is an affirmative duty of the Secretary to make

4

such records available under federal law. The enforcement of federal law is AFPI's only concern in this matter. *See* ECF No. 60-2 at ¶¶30-35. The controlling inquiry therefore is whether or not AFPI meets the standard for intervention under Rule 24. Yet, it seems the Defendants intend to use state procedures to cloak themselves from their affirmative duties under the 52 U.S.C. § 20507(i)(1). However, these state procedures are irrelevant because AFPI requested the records at issue in this intervention pursuant to federal—not state—law, which it explicitly stated in its June 26 request. *See* Exhibit 2 to the Declaration of Mary Stiffler at 5, ECF No. 60-1.

### III. CONCLUSION

Based on the foregoing, AFPI respectfully requests that this Court grant its motion for intervention as plaintiff and award it any other necessary and appropriate relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 8, 2025 | */s/ Walter S. Zimolong*<br>WALTER S. ZIMOLONG, III, ESQUIRE<br>ZIMOLONG LLC<br>wally@zimolonglaw.com<br>P. O. Box 552<br>Villanova, PA 19085<br>(215) 665-0842 |
|  | NICHOLAS J. WANIC, ESQ.<br>AMERICA FIRST POLICY INSTITUTE,<br>CENTER FOR LITIGATION<br>1455 Pennsylvania Ave., NW<br>Washington, D.C. 20004<br>nwanic@americafirstpolicy.com<br>(703) 637-3690<br>*(application for admission pro hac vice forthcoming)* |