IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1481<br>(Hon. Cathy Bissoon) |

**PROPOSED INTERVENORS' THIRD NOTICE OF SUPPLEMENTAL AUTHORITY**

Proposed Intervenors Pennsylvania Alliance for Retired Americans and Mike Crossey respectfully provide the Court notice of supplemental authority supporting Proposed Intervenors' pending motion to intervene. First, a federal court in New Hampshire hearing DOJ's parallel suit demanding that state's voter list granted permissive intervention to four individual voters to defend against DOJ's claims. *See* Order, *United States v. Scanlan*, No. 25-cv-371-AJ (D.N.H. Jan. 5, 2026), ECF No. 53. The court recognized the individuals' "personal information would be distributed to the Department of Justice were the United States to prevail in this action," concluding "their presence in this suit will assist the court in the just and equitable adjudication of the matter." *Id.* at 5–6. Proposed Intervenors attach the *Scanlan* Order as Exhibit 1.

Second, a federal court in Hawaii hearing DOJ's parallel voter list suit in that state granted permissive intervention as a defendant to an organization, the NAACP California-Hawaii State Conference ("NAACP CA-HI"), which sought to intervene in part to protect its members—individual voters in Hawaii—from having their private data disclosed to DOJ. *See* Minute Order, *United States of America v. Nago*, 1:25-cv-00522-LEK-RT (D. Haw. Jan. 5, 2026), ECF No. 20.

1

The court determined that NAACP CA-HI had a "claim or defense that shares with the main action a common question of law or fact," and that allowing the organization to intervene would not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (quoting Fed. R. Civ. P. 24(b)(1)(B), (3)). Proposed Intervenors attach the *Nago* Order as Exhibit 2.

Finally, earlier today, a federal court in Massachusetts granted intervention to the Pennsylvania Alliance for Retired Americans' counterpart, the Massachusetts Alliance for Retired Americans, the New England State Area Conference of the NAACP, and an individual voter who sought intervention to protect their members' privacy interests. *See* Electronic Order, *United States v. Galvin*, No. 25-cv-13816 (D. Mass. Jan. 6, 2026), ECF No. 30; *see also* Mem. in Supp. of Mot. to Intervene at 10–14, *United States v. Galvin*, No. 25-cv-13816-LTS (D. Mass. Jan. 6, 2026), ECF No. 14. The motion in that case—like Proposed Intervenors' motion here—was unopposed. *See id.* Proposed Intervenors attach the *Galvin* docket text entry as Exhibit 3.

Dated: January 6, 2026                                   Respectfully submitted,

*/s/ Uzoma N. Nkwonta*
Uzoma N. Nkwonta\*
Jacob D. Shelly\*
Branden D. Lewiston\*
Tori Shaw\*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
Telephone: (202) 968-4490
unkwonta@elias.law
jshelly@elias.law
blewiston@elias.law
tshaw@elias.law

Timothy J. Ford (Pa. Id. No. 325290)
**DILWORTH PAXSON LLP**
1650 Market St
Suite 1200

Philadelphia, PA 19103
tford@dilworthlaw.com

*Admitted *Pro Hac Vice*

*Attorneys for Proposed Intervenors the Pennsylvania Alliance for Retired Americans and Mike Crossey*