UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>　　　　　Defendants. | No. No. 2:25-cv-1481<br>Chief Judge Cathy Bissoon<br><br>**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF BIPARTISAN FORMER STATE SECRETARIES OF STATE AS AMICI CURIAE IN SUPPORT OF SECRETARY OF THE COMMONWEALTH AL SCHMIDT'S MOTION TO DISMISS** |

## I.   INTRODUCTION

Proposed *Amici Curiae* move for leave to file the attached *amicus* brief in support of the Secretary of the Commonwealth's Motion to Dismiss (ECF 91) (the "Motion"), and state as follows:

Proposed *Amici* are a bipartisan group of former state secretaries of state for Pennsylvania, Colorado, Connecticut, Idaho, Minnesota, Nebraska, Oregon, and Washington. As the former chief election administrators in their respective states, they are uniquely familiar with states' crucial role in regulating and administering federal elections. The Proposed *Amici* should be granted leave to file the accompanying brief because of their unique insight into the states' role in administering elections, which addresses a matter central to this challenge and is offered from a perspective that is not otherwise provided by the parties.

No party's counsel has authored this brief in whole or in part and no person or entity, other than Proposed *Amici* or their counsel, has made a monetary contribution to the preparation or submission of this brief.

"[A] district court's decision to accept or reject an amicus filing is entirely within the court's discretion." *In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005). "[P]ermitting persons to appear as friends of the court may be advisable where third parties can contribute to the court's understanding" of the matter in question. *Harris v. Pernsley*, 820 F.2d 592, 603 (3d Cir. 1987). District courts in this circuit have stated that "[a]micus curiae status is generally granted when: (1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005). As to the last factor, however, "[e]ven if [an *amicus*] did have a side to which it was partial, 'there is no rule . . . that amici must be totally disinterested.'" *Id.* (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982)); *see also Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir.2002) (rejecting argument that amicus must be impartial person not motivated by pecuniary concerns). "Courts have found the participation of an amicus especially proper where the amicus will ensure 'complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Id.*

## II. REASONS WHY MOTION SHOULD BE GRANTED

The Court should exercise its discretion to permit Proposed *Amici* to file the attached *amicus* brief. Counsel for *Amici* are familiar with the scope of the arguments presented by the parties and will not unduly repeat those arguments. Instead, the proposed brief, informed by Proposed *Amici*'s expertise and direct experience faithfully overseeing elections including in the Commonwealth of Pennsylvania, will assist the Court in its consideration of the Motion by shedding additional light on the states' pivotal role in enacting and executing election laws and

the laws across the country affecting election administration. The brief proceeds by arguing that the U.S. Constitution assigns states—not the federal government—the primary role in regulating and administering federal elections. It next explains that Congress, through the National Voter Registration Act (the "NVRA") and the Help America Vote Act (the "HAVA"), reaffirmed states' authority over voter roll maintenance. The brief then explains that voter files contain sensitive information that states must protect, and that no federal law requires disclosure of such data. Finally, it argues that forcing states to share this information creates privacy and cybersecurity risks and violates the Federal Privacy Act. As bipartisan former officials from states that both elect and appoint secretaries of state, Proposed *Amic*i have a diverse range of perspectives. Proposed *Amici* also share a common commitment to ensuring that elections are free and fair and support the Motion. This proposed brief also would be submitted prior to the Government's opposition to the Motion to Dismiss, leaving the Government adequate time to respond to Proposed *Amici's* arguments.

      As the United States District Court for the District of Columbia concluded in granting an overlapping group of *Amici* leave to file a similar *amicus* brief in litigation challenging an executive order related to similar issues, "[a]s former state election officials, [A]mici offer a unique perspective not presented by the parties. And their proposed brief is relevant and helpful." Minute Order, *League of United Latin American Citizens, et al. v. Executive office of the President, et al.*, No. 25-946, (April 24, 2025) ("LULAC"); *see also California v. Trump*, 786 F. Supp. 3d 359, 391, 392 (D. Mass. 2025) (granting overlapping *amici* leave to file *amicus* brief in case raising similar issues). Proposed *Amici* have been granted leave to file an *amicus* brief in three nearly identical cases seeking turnover of confidential election records in California, Oregon, and Maine. *See United States v. Weber*, No. 2:25-cv-09149, Dkt. No. 97 (C.D. Cal. 2025

Dec. 4, 2025); *United States v. State of Oregon*, No. 6:25-cv-01666, Dkt. No. 52 (D. Or. Dec. 5, 2025); *United States v. Bellows*, No. 1:25-cv-00468, Dkt. No. 70 (D. Maine Dec. 22, 2025).

Counsel for Proposed *Amici* have conferred with counsel for the parties. Plaintiff takes no position; the Secretary of the Commonwealth consents to this motion; the Commonwealth does not oppose the motion.

### III.  CONCLUSION

For these reasons, Proposed *Amici* respectfully request that the Court grant it leave to file the *amicus* brief attached as Exhibit A.

DATED: January 8, 2026                                    */s/ John B. Hill*

                                                                      JOHN HILL, PA Bar No. 328340
                                                                      jhill@citizensforethics.org
                                                                      DONALD SHERMAN
                                                                      jhill@citizensforethics.org
                                                                      dsherman@citizensforethics.org
                                                                      Citizens for Responsibility and Ethics in Washington
                                                                      PO Box 14596
                                                                      Washington, DC 20004
                                                                      Telephone: 202.408.5565

                                                                      *Attorneys for Amici Curiae*

## APPENDIX A: Biographies of *Amici Curiae*

**Mary Estill Buchanan, Former Secretary of State for the State of Colorado** – The Colorado Secretary of State is an elected member of the Executive Branch of Colorado's state government. The Secretary of State serves as the chief executive of an office that oversees and administers many laws, including the Colorado Election Code, Voter Registration Laws, and Campaign Finance Laws.

Secretary Buchanan was a public servant in Colorado for many years and a tireless advocate for democracy and women in public service. Most relevant here, Buchanan served two terms as Colorado's Secretary of State—from 1974 to 1983—as a Republican. When she took office, she was the first woman to hold that office in Colorado. During her tenure, Buchanan was the only Republican in statewide office, working across the aisle to ensure efficient, effective administration of Colorado's elections. As Secretary, Buchanan advocated for and implemented reforms to improve transparency for elections and public office.

**Miles Rapoport, Former Secretary of State for the State of Connecticut** – The Secretary of State of Connecticut is the Commissioner of Elections for the State. The Secretary is charged with administering, interpreting, and implementing election laws and ensuring fair and impartial elections. The Elections and Voting Division of the office administers, interprets, and implements all state and federal laws pertaining to elections, primaries, nominating procedures, and the acquisition and exercise of voting rights.

Secretary Rapoport was elected Secretary of the State as a Democrat in 1995 and served until 1998, leading multiple initiatives to expand voting and election participation. Before that, Rapoport served five terms in the Connecticut House of Representatives, from 1984 to 1994, chairing the Committee on Elections. Since 2021 he has served as the Executive Director of

100% Democracy, an initiative committed to promoting a more representative democracy. He is the co-author, with *Washington Post* columnist E.J. Dionne, of *100% Democracy: The Case for Universal Voting,* published in March 2022 by the New Press.

**Ben Ysursa, Former Secretary of State for the State of Idaho** – The Idaho Secretary of State is an elected constitutional officer within the executive branch of the state government. The Secretary's Elections Division works to ensure the accuracy and integrity of Idaho's elections, to ensure every voice is heard and every vote is counted properly.

Secretary Ysursa was elected Idaho's 26th Secretary of State on November 5, 2002, and was re-elected in 2006 and 2010. While serving as Secretary, Ysursa was an active member of the National Association of Secretaries of State, serving as co-chair of the Company Formation Task Force. Secretary Ysursa started his professional career serving first as Deputy Secretary of State from 1974 to 1976 and then as Chief Deputy Secretary of State from 1976-2002. He has conducted numerous workshops on elections for county, city and district officials throughout the state and has authored various manuals.

**Joan Anderson Growe, Former Secretary of State for the State of Minnesota** – The Secretary of State of Minnesota is an elected constitutional officer serving in the state's executive branch. One of the office's primary responsibilities is overseeing statewide elections and operating the statewide voter registration system.

Secretary Growe served first in the Minnesota House of Representatives before being elected as Minnesota Secretary of State as a Democrat. When she was elected, Growe became the first woman to be elected to a Minnesota statewide office without having been first appointed. During her six-term tenure, Growe was tireless in her advocacy of voter participation, and, for most of her tenure, Minnesota led the nation in voter turnout.

**John Gale, Former Secretary of State for the State of Nebraska** – The Secretary of State serves as Nebraska's chief election officer. Working with election officials in the state's 93 counties, the Elections Division oversees election law, the conduct of elections in the state, election tabulation equipment and the state voter registration system.

Secretary Gale served as Nebraska Secretary of State from December 2000 until 2019, winning election to the office as a Republican four times. While in office he significantly improved Nebraska's election process, including implementing major election improvements in Nebraska to meet the requirements of the federal Help America Vote Act. Under Secretary Gale's leadership, all Nebraska counties received new ballot tabulation equipment and switched to a computerized statewide voter registration system. He also promoted efforts to increase voter participation, resulting in Nebraska setting new turnout records in both the 2004 and 2008 presidential elections. Secretary Gale is a 5th generation Nebraskan, practicing law in North Platte for 29 years before being appointed Secretary of State. He served as legislative assistant to U.S. Senator Roman Hruska and as an assistant U.S. Attorney in Omaha and Lincoln.

**Phil Keisling, Former Secretary of State for the State of Oregon** – The Oregon Secretary of State is an elected constitutional officer within the executive branch of the state government. One of the Secretary's chief roles is to oversee the state's election system, to maximize voter participation, and to protect ballot security.

Secretary Keisling's career over four decades has included stints in the worlds of journalism, elective politics, the private sector, and academia. In 1991, Keisling was appointed Oregon Secretary of State by Governor Barbara Roberts. He was then elected and re-elected as a Democrat to this statewide position. During his tenure, he helped lead the successful effort to make Oregon the nation's first state to conduct all elections only by mail. Keisling is also the

chair of the board of directors of the National Vote At Home Institute, a nonpartisan, 501(c)(3) nonprofit organization that works to increase voters' access to, use of, and confidence in mailed-out ballots.

**Kathy Boockvar and Leigh Chapman, Former Secretaries of the Commonwealth of Pennsylvania** – The Secretary of the Commonwealth is the chief state election official in Pennsylvania and leads the Pennsylvania Department of State. The Department of State is responsible for ensuring the security, integrity, and accessibility of the electoral process in Pennsylvania, by overseeing free, fair, and accurate elections.

Secretary Boockvar served as the Secretary of the Commonwealth from 2019 until 2021, and before that as Senior Advisor on election security, under Governor Tom Wolf (D). Boockvar was also co-chair of the National Association of Secretaries of State's Elections Committee from 2019 to 2020 and as a Representative on the Election Infrastructure Subsector Government Coordinating Council (EIS-GCC), a collaboration among federal, state, and local officials. During her tenure, Boockvar co-chaired Pennsylvania's Inter-Agency Election Security and Preparedness Workgroup, strengthened election security and voting rights measures across the state, and oversaw secure and accessible elections amid a global pandemic, marked by unparalleled transparency and voter participation. In prior years, Boockvar served as a poll worker and as a voting-rights attorney for a national civil rights organization and has been dedicated to public service throughout her career. After serving as Secretary, Boockvar became Vice President of Election Operations for the Center for Internet Security, and she is currently President of Athena Strategies, continuing work to strengthen election security and amplify understanding and civil discourse about elections.

Secretary Chapman served as the acting Secretary of the Commonwealth from January 2022 until January 2023. Chapman also previously held the position of Policy Director for the Pennsylvania Department of State, from July 2015 until May 2017. In that role, Chapman managed the Department's policy and regulatory development process in coordination with the Governor's Office of Policy, including in the elections program area. Chapman also has served as the Executive Director for Deliver My Vote, the Voting Rights Program Director at The Leadership Conference on Civil and Human Rights, as a Senior Policy Advisor at Let America Vote, and as a Staff Attorney at the Advancement Project in the Voter Protection Program.

**<u>Sam Reed, Former Secretary of State for the State of Washington</u>** – The Secretary of State of Washington is the state's chief elections officer. The Secretary of State serves as an elected constitutional officer with rule-making authority. The duties of the office included maintaining the statewide voter registration database, overseeing state and local elections, certifying the results of state primaries and general elections, filing and verifying statewide initiatives and referendums, and producing and distributing the state voters' pamphlet and election-notice legal advertising.

Secretary Reed served the citizens of Washington for over three decades in elected public office. At the age of 28, Reed was appointed assistant Secretary of State, and was chosen by Governor Dan Evans to head the Governor's Advisory Council on Urban Affairs. Reed was elected as a Republican to serve as Washington's fourteenth Secretary of State in 2000—a title which he held until his retirement in January 2013. His many accomplishments included major election reform, including a new statewide voter registration system that prevents opportunity for fraud.