## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:25-cv-01481-CB |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA; and AL SCHMIDT, in | ) | |
| his official capacity as Secretary of the | ) | |
| State of Pennsylvania | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR INTERVENTION BY AMERICA FIRST POLICY INSTITUTE—PENNSYLVANIA

Proposed Plaintiff-Intervenor America First Policy Institute–Pennsylvania (hereinafter "AFPI"), by and through its attorneys, hereby submits this reply in further support of its Motion to Intervene as Plaintiff, ECF No. 59, pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, and in response to the Plaintiff's Brief in Opposition, ECF No. 75.

## I.    INTRODUCTION

AFPI must be allowed to intervene because public-interest organizations play a crucial role in enforcing federal transparency requirements that safeguard election integrity. This includes the National Voter Registration Act (NVRA)'s mandate for public access to voter-list-maintenance records. The Plaintiff's opposition to AFPI's

intervention is unfounded and ignores several crucial facts. Accordingly, for the reasons already stated in AFPI's Brief in Support of its Motion to Intervene, and for additional reasons stated herein, AFPI is entitled to intervene in this matter.

## II.    ARGUMENT

As stated in the Brief accompanying its Motion to Intervene, AFPI has timely filed a motion to intervene to protect its significant interest in the disposition of this matter. *See* ECF 60. Plaintiff opposes AFPI's intervention under both Rules 24(a) and (b) of the Federal Rules of Civil Procedure, arguing that AFPI does not meet the standard for intervention as of right or by permission. Notably, the Plaintiff's Brief in Opposition to all motions to intervene fails to address nearly every argument raised by AFPI.

### A. AFPI Has an Interest in This Action

Plaintiff makes three separate arguments as to why proposed intervenors have no interest in the present case. First, Plaintiff argues that proposed intervenors "can neither bring, nor defend a claim under HAVA or the CRA," and that Defendants are limited to responsible government officials.  ECF. No. 75 at 9. AFPI fully agrees. AFPI instead attempts to intervene, as plaintiff, based on the statutory rights granted to it under the NVRA, specifically 52 U.S.C. §20510(b)(2). *See* Complaint in Intervention, ECF No. 60-2, ¶¶30-35.

Second, Plaintiff argues intervenors' "speculative concerns about the privacy of data" are unfounded and that such data is not at risk of improper disclosure. ECF No. 75 at 14. AFPI agrees with respect to data privacy issues, and as stated in its

Brief in Support of its Motion to Intervene does not seek information that would compromise the privacy of voters. *See* ECF No. 60, at 14. ("At no point in time, including during AFPI's efforts to navigate Pennsylvania's open records law, has AFPI sought personally identifying information as sensitive as social security numbers and driver's license numbers.").

Third, Plaintiff argues that "proposed intervenors failed to show a particularized harm in protecting their information and privacy." ECF No. 75 at 16. As a proposed plaintiff-intervenor, AFPI is seeking disclosure of certain information under the NVRA. *See* Complaint in Intervention, ECF No. 60-2, ¶¶30-35. At no point in time has AFPI raised any claims related to the protection of its information or privacy. *See id.*

Plaintiffs do not identify any other specific grounds substantiating a claim that AFPI does not have an interest in this action. Accordingly, Plaintiffs have failed to show how AFPI does not have an interest in this action.

## B. AFPI Has Shown an Interest That May be Impaired by the Disposition of This Action.

Plaintiff argues that the proposed intervenors have failed to establish that their interests may be impaired by the disposition of this action. ECF No. 75 at 18. However, Plaintiff only relies upon its previous argument that "Proposed Intervenors have no interest because neither the CRA nor HAVA allows private individuals the right to be a party in this action." *Id*. at 19. Plaintiff goes on to say "there is no interest that Proposed Intervenors can protect," and that it "is not seeking and will not be seeking any information from any individual Pennsylvania voter . . ." *Id*. at 19. As

3

previously stated, Plaintiff's arguments regarding the CRA, HAVA, and the protection of privacy interests are irrelevant to AFPI's claims as proposed plaintiff-intervenor. Accordingly, Plaintiff has failed to show that AFPI's interests would not be impaired by the disposition of this action.

### C. AFPI Has Inadequate Representation

Plaintiff further challenges AFPI's intervention on the basis that it has failed to show inadequate representation. ECF No. 75 at 19. However, Plaintiff's analysis focuses only on the purported interests of the Defendant-Intervenors and the Defendants' ability to represent the privacy concerns of Pennsylvania's citizens. *Id.* The only mention of AFPI comes in a footnote which provides the following conclusory statement:

> *The presumption [of adequate representation by the government] is different with Intervenor AFPIP, but there would still be a presumption of adequacy of representation regarding [Plaintiff's] enforcement of the NVRA. AFPIP has not shown it can overcome that presumption.*

ECF No. 75, at 20, fn.8. However, Plaintiff does not expand on its contention that AFPI's showing was inadequate, nor does it address the arguments made in AFPI's Brief in Support of its Motion to Intervene. *Compare id.*; ECF 60, at 11-16. Accordingly, Plaintiff has failed to show that AFPI would be adequately represented by the parties.

### D. Alternatively, AFPI Is Entitled to Permissive Intervention

Plaintiff does not specifically address AFPI's request for permissive intervention on any grounds separate from its opposition to AFPI's intervention as a matter of right. *See* ECF No. 75 at 22 (arguing "Rule 24(b)(2) intervention should be

denied for the same reasons). Accordingly, for reasons already stated, Plaintiff's opposition to AFPI's request for permissive intervention is similarly unfounded.

### III.     CONCLUSION

Based on the foregoing, AFPI respectfully requests that this Court grant its motion for intervention as plaintiff and award it any other necessary and appropriate relief.

Respectfully submitted,

*/s/ Walter S. Zimolong*

Dated:  December 8, 2025

WALTER S. ZIMOLONG, III, ESQUIRE
ZIMOLONG LLC
wally@zimolonglaw.com
P. O. Box 552
Villanova, PA 19085
(215) 665-0842

NICHOLAS J. WANIC, ESQ.
AMERICA FIRST POLICY INSTITUTE,
CENTER FOR LITIGATION
1455 Pennsylvania Ave., NW
Washington, D.C. 20004
nwanic@americafirstpolicy.com
(703) 637-3690

*(application for admission pro hac vice forthcoming)*