IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA; and AL SCHMIDT, in his official capacity as Secretary of the State of Pennsylvania,<br><br>Defendants. | Case No. 2:25-cv-1481<br>(Hon. Cathy Bissoon) |

**MOTION OF NICHOLAS MASTON, GREGORY PERRY, TODD THATCHER, JOEL DICKSON, TRISHA KENT, LIOR STERNFELD, JOHN THOMPSON, THE LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, AND COMMON CAUSE FOR LEAVE TO <u>FILE A JOINDER AND MOTION TO DISMISS</u>**

Nicholas Maston, Gregory Perry, Todd Thatcher, Joel Dickson, Trisha Kent, Lior Sternfeld, John Thompson, the League of Women Voters of Pennsylvania, and Common Cause (collectively, the "Maston Intervenors" or the "Voter Intervenors") hereby seek the Court's leave to file a Joinder and Motion to Dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. A copy of their brief in support of the Joinder and Motion to Dismiss is appended to this Motion as Exhibit 1.

This Court recently granted the Voter Intervenors' motion to intervene as defendants in this action. Motions to dismiss have been filed by Secretary Schmidt and by the other intervenor-defendants, and briefing of those motions is underway. The Voter Intervenors seek to file a joinder in order to join in those motions. *See* Br. of Sec. Schmidt in Support of his Mot. to Dismiss ("Sec.

Schmidt MTD"), Dkt. No. 92; Mem. in Support of Mot. to Dismiss ("NAACP MTD"), Dkt. No. 90-2; Pa. Alliance for Retired Americans' Mem. in Support of Mot. to Dismiss ("PARA MTD"), Dkt. No. 88-3.

In granting intervention, this Court stated that the Voter Intervenors may seek leave to file their own motion to dismiss if they "determine that their arguments are not sufficiently addressed in the other MTDs."  Order, Dkt. No. 105.  While the existing motions are comprehensive and provide multiple sufficient grounds for the dismissal of all of the United States's claims, there are additional grounds for dismissal of the United States's claim under Title III of the Civil Rights Act of 1960 that are not sufficiently addressed in those motions.  Title III requires the United States to disclose "*the* basis and *the* purpose" of its request, *see* 52 U.S.C. § 20703 (emphasis added).  Here, as set forth in the attached brief, the United States has failed to comply with this statutory requirement not only because it has stated no "basis" at all and stated a "purpose" that is facially implausible and insufficient, but also because the United States has failed altogether to set forth the *actual* basis and purpose of its request, namely to create an unauthorized and unlawful national database, and to use this illicit tool to illegally target and mass-challenge voters in coordination with so-called "election integrity" advocates who have sought to overturn elections in Pennsylvania and elsewhere.  The United States offering only a pretextual "purpose" while failing to disclose the actual reason that it seeks Pennsylvanians' sensitive personal information is an independent basis to dismiss the Title III claim here.

Because briefing of motions to dismiss is currently underway, the filing of the joinder and the elaboration of one additional argument for dismissal will not cause any significant delay or prejudice in these proceedings.  Notably, the argument that Voter Intervenors seek to advance is one that has been made by defendants in a number of the other cases that the United States has

filed seeking to obtain states' confidential voter data. *See, e.g.*, *United States v. Weber*, No. 2:25-CV-09149-DOC-ADS, 2026 WL 118807, at *10-*12 (C.D. Cal. Jan. 15, 2026) (agreeing that the United States's "pretextual investigative purpose" is one basis for dismissal of the Title III claim).

The other Defendants all consent to the filing of the Joinder and Motion to Dismiss. The United States takes no position on Voter Intervenors' joinder in the existing motions and opposes the filing of a new motion to dismiss raising additional grounds for dismissal.

## CONCLUSION

Voter Intervenors should be granted leave to join in the existing motions to dismiss and to file their own motion asserting additional independent grounds for dismissal and the brief appended hereto as Exhibit 1 should be deemed filed.

Dated: January 28, 2026                                                         Respectfully submitted,

/s/ *Ari J. Savitzky*

| | |
|---|---|
| Mary M. McKenzie (PA No. 47434)** | Ari J. Savitzky* |
| Benjamin Geffen (PA No. 310134)** | Theresa Lee* |
| Olivia Mania (PA No. 336161)** | Sophia Lin Lakin* |
| PUBLIC INTEREST LAW CENTER | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| 1500 JFK Blvd., Suite 802 | 125 Broad Street, 18th Floor |
| Philadelphia, PA 19102 | New York, NY 10004 |
| (267) 546-1313 | Tel.: (212) 549-2500 |
| mmckenzie@pubintlaw.org | asavitzky@aclu.org |
| bgeffen@pubintlaw.org | tlee@aclu.org |
| omania@pubintlaw.org | slakin@aclu.org |

Witold J. Walczak (PA No. 62976)
Kate I. Steiker-Ginzberg (PA No. 332236)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
(215) 592-1513
vwalczak@aclupa.org
ksteiker-ginzberg@aclupa.org

*admitted pro hac vice*

**attorney admission pending*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system on all counsel of record.

/s/ *Ari J. Savitzky*