IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AL SCHMIDT, in his official capacity as the Secretary of State for the Commonwealth of Pennsylvania,<br><br>    Defendant. | No. 2:25-cv-01481-CB<br><br>**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE** |

    The United States of America respectfully submits this memorandum of law in support of its motion to transfer venue to the Middle District of Pennsylvania, where the principal office of Secretary Schmidt is located. Defendant and Defendant-Intervenors have reserved their right to take a position on this Motion based on what the United States files here.

## I.    BACKGROUND

    The United States brought this case to facilitate its investigation of Pennsylvania's list maintenance practices under the Help America Vote Act ("HAVA"), and the National Voter Registration Act ("NVRA"). On June 23, 2025, the United States requested that Secretary of State Al Schmidt ("Secretary Schmidt") provide information about the Commonwealth's registration and list maintenance procedures under HAVA. *See* ECF 103-1. On August 4, 2025, the United States requested that Secretary Schmidt explain several irregularities in data that the Commonwealth reported to the Election Assistance Commission that are inconsistent with reasonable list maintenance practices under the NVRA. *See* ECF 103-3. The United States further asked for the current electronic copy of the Commonwealth's statewide voter registration list

("SVRL"), including each registrant's driver's license number or last four of their social security number as required by Section 303(a) of HAVA. *Id.* at 1. On August 14, 2025, the United States made a written demand to Secretary Schmidt for those same records pursuant to Section 303 of the Civil Rights Act of 1960 ("CRA"), 52 U.S.C. § 20703, indicating the records would be secured in full compliance with federal privacy laws. *See* ECF 103-5. The letter was sent to Secretary Schmidt's office in Harrisburg. *See id.* Secretary Schmidt declined to produce voter records that included the identification numbers required by HAVA. *See* ECF 103-6.

Title III of the CRA broadly authorizes the Attorney General to compel production of "all records and papers" that "come into … possession" of the defendant relating to registration or other acts requisite to voting in federal elections. 52 U.S.C. § 20701. Section 303 of the CRA provides that an officer of election upon whom a written demand is made shall make the federal election records "available for inspection, reproduction, and copying at the principal office of such custodian…" 52 U.S.C. § 20703. If that demand is rejected, Section 305 of the CRA authorizes the Attorney General to bring an action in the federal district court "in which a demand is made pursuant to section 20703 of this title, or in which a record or paper so demanded is located…" 52 U.S.C. § 20705. On September 25, 2025, the United States filed the action in this District. *See* ECF 1. On December 16, 2025, Secretary Schmidt responded to the Complaint by moving to dismiss it. *See* ECF 92. Defendant has objected that a filing in this district is improper. On January 12, 2026, the United States filed its Opposition to the motion. ECF 103.

II.  **LEGAL STANDARDS**

Venue transfers between federal courts are governed by two statutes. *See* 28 U.S.C. §§ 1404(a), 1406(a). Section 1404 states in pertinent part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district

court or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought …" 28 U.S.C. § 1406(a).

The Third Circuit has explained the distinction between the statutes concerns "discretion, jurisdiction, and choice of law." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007). "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and the case has been brought in the correct forum." *Id.* As the Supreme Court has explained, "[T]he history and purposes of section 1404(a) indicate that it should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms." *Van Dusen v. Barrack*, 376 U.S. 612, 636–37 (1964). Conversely, "Section 1406(a) comes into play where plaintiffs file suit in an improper forum." *Lafferty*, 495 F.3d at 77; *see also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995) (same). The determination of which transfer statute applies only affects the standard of review on appeal. *Id.* If an action has been brought in the wrong forum and Section 1406(a) applies, the district court must consider "the possibility of transferring the case," consistent with the criteria for determining whether to exercise discretion in doing so. *Id.*

Both transfer statutes require weighing the same factors. *See Story v. Republic Bank*, 13 F. Supp.3d 483, 492 (W.D. Pa. 2014) (describing Section 1406 factors); *Queszada v. Darden Rests., Inc.*, 139 F. Supp.2d 666, 667 (W.D. Pa. 2001) (same factors for Section 1404). Private interests include: (1) the plaintiff's choice of forum; (2) where the claim arose; (3) the convenience of the parties; (4) the convenience of the witnesses; and (5) the location of the books and records.

3

*Archinaco/Bracken LLC v. Dawson*, No. 13-917, 2013 WL 5410060, at *7 (W.D. Pa. Sept. 25, 2013) (citing *Jumara*, 55 F.3d at 879-80). Public interests include considerations such as the enforceability of the judgment and practical considerations to reduce costs, expedite proceedings, and mitigate court congestion. *Id.* Regardless of which transfer statute applies, these factors and the interest of justice weigh in favor of transferring this action to the Middle District of Pennsylvania.

### III.   ARGUMENT

Defendant objects to the United States' position that venue is proper in any district court in the commonwealth or state where the records are in electronic form.[1] While the United States disagrees with Defendant's arguments, a court in the Middle District of Georgia found in a similar lawsuit that an action there would be more appropriate in the Northern District of Georgia, where the SVRL is maintained.[2]

In that case, the United States filed a CRA suit to compel federal election records in the Middle District of Georgia, where the Secretary of State maintains an elections office in Macon and its electronic SVRL can be accessed. *See Raffensperger*, slip op. at 3-4. The court responded by issuing an order to show cause how it had subject matter jurisdiction over the action under Section 305 of the CRA. *Id.* at 4. That provision limits jurisdiction over actions to compel records

---

[1] In his supporting memorandum, Secretary Schmidt argues that the Court does not have jurisdiction over this litigation. ECF 92 at 20. Specifically, Secretary Schmidt contends that jurisdiction is lacking because the CRA written demand was not made in this District, and because he avers that the federal election records are located where he "sits in Harrisburg, which is in the Middle District." *Id.*  The United States responded by pointing out that "[t]he SVRL is available in electronic form throughout the [C]ommonwealth." ECF 103 at 18. As a result, the United States believes that the "record or paper so demanded is located" in any district in the Commonwealth, including in this District. 52 U.S.C. § 20705.

[2] A recent decision from Georgia has construed venue under Section 305 more narrowly. *See* Ex. 1, Order Dismissing Case, *United States v. Raffensperger*, No. 5:25-cv-00548-CAR (M.D. Ga. Jan. 23, 2026).

4

to either "the district in which a demand is made" or where "a record or paper so demanded is located." 52 U.S.C. § 20705. Interpreting Section 305 as conferring a specific grant of jurisdiction, the court held neither location was in that district. *Id.* at 4-5. The court first observed that the Attorney General's written demand was mailed to the Secretary of State's office in the Northern District of Georgia. *Id.* at 7. The court determined that "the Secretary's administration of the statewide voter registration database," all orders for copies of it, and all processing for those requests "would be performed by the Elections Division at its principal office located in the Northern District of Georgia." *Id.* at 8. Therefore, the court concluded that Georgia's SVRL was in the Northern District for purposes of Section 305 and dismissed the case without prejudice. *Id.*

Although the United States disagrees with that decision, it recognizes the need to not have unnecessary delay in the litigation. There is no disagreement that venue here would be proper in the Middle District of Pennsylvania because the records are located specifically in the Middle District and that the request for records was made there.

Changed conditions can provide just cause for a plaintiff to request a transfer under one of the two statutes. *See Ferens v. John Deere Co.*, 494 U.S. 516, 529-31 (1990). Section 1406 does not limit movants to a particular party and merely provides that a court may "transfer such case to any district or division in which it could have been brought…" 28 U.S.C. § 1406(a). Section 1404 likewise uses neutral text, allowing transfer regardless of the movant if it is "[f]or the convenience of parties and witnesses, in the interests of justice…" 28 U.S.C. § 1404(a). Where that standard is met, a plaintiff's motion to transfer should be granted. *See Walsh v. Chez*, No. 05-286, 2006 WL 2583623 (W.D. Pa. Sept. 6, 2006). The only impact of a plaintiff seeking transfer is that "the 'paramount consideration' given to the plaintiff's original choice of venue… becomes a neutral factor." *Palazzo v. Ciurlino*, No. 05-5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006) (quoting

5

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). Thus, only the remaining factors are to be considered where the transfer movant is a plaintiff. *See Dawson*, 2013 WL 5410060, at *7.

### A. Jurisdiction is proper in the Middle District under Section 305 of the CRA.

The next factor, which focuses on where the claim arose, is met here. *Jumara*, 55 F.3d at 879. Section 305 provides that an action to compel production of federal election records is proper in the district where the written demand is made or where the records are located. 52 U.S.C. § 20705. Here, both are met in the Middle District. The United States sent its written demand to Secretary Schmidt at his office in Harrisburg. *See* ECF 103-5. Secretary Schmidt acknowledges that the Commonwealth's SVRL is maintained at the same location. *See* ECF 92 at 20. This factor weighs in favor of transfer.

### B. The Middle District should not adversely impact parties or witnesses.

The next two factors--requiring consideration of the impact of transfer on the parties and any witnesses--likewise are satisfied. *Jumara*, 55 F.3d at 879. The case law interpreting the CRA makes clear that "there is no place" for traditional discovery, including depositions, and a trial in an action to compel federal election records under Section 305. *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962). As a result, transfer will impose no hardship on witnesses because there are unlikely to be any. Secretary Schmidt and his elections staff are all located at the Secretary's office in Harrisburg, in the Middle District. Therefore, this factor also supports transfer.

### C. The federal election records sought are in the Middle District.

The last private factor, the location of the books and records, is satisfied. *Jumara*, 55 F.3d at 879. As described above, Secretary Schmidt represents that the Commonwealth's electronic SVRL is maintained at his office in Harrisburg. *See* ECF 92 at 20. Consequently, transfer is

6

appropriate.

### D.  The public interest supports transfer to the Middle District.

The remaining considerations evaluate whether transfer is in the public interest because it will result in an enforceable judgment and would facilitate judicial economy. *Jumara*, 55 F.3d at 879-80. The United States believes that unnecessary delay would undermine the CRA's mandate for an expedited "summary proceeding." *Lynd*, 306 F.2d at 226. It is completely avoidable by transferring the entire action in its present posture, including fully briefed motions, to the Middle District. Consequently, transfer pursuant to 28 U.S.C. § 1406(a) is in the public interest and would be in the interest of justice.

### IV.  CONCLUSION

For all the foregoing reasons, the United States respectfully submits that its motion to transfer should be granted, and this action should be transferred to the Middle District of Pennsylvania.

Dated: January 29, 2026

                Respectfully submitted,

                HARMEET K. DHILLON
                Assistant Attorney General
                Civil Rights Division

                ERIC V. NEFF
                Acting Chief, Voting Section
                Civil Rights Division

                */s/ Megan Frederick*
                TIMOTHY F. MELLETT (DC Bar No. 430968)
                MEGAN FREDERICK (VA Bar No. 79682)
                Attorneys, Voting Section
                Civil Rights Division
                950 Pennsylvania Avenue 4CON
                Washington, DC 20530
                Timothy.F.Mellett@usdoj.gov
                Megan.Frederick@usdoj.gov
                Tel. (202) 307-2767

                Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026 a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ Megan Frederick*
Megan Frederick
Trial Attorney, Voting Section
Civil Rights Division