UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>   Defendants. | No. 2:25-cv-1481<br>Chief Judge Cathy Bissoon |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Secretary Schmidt respectfully provides the Court notice of supplemental authority supporting his motion to dismiss. Yesterday, a district court dismissed, without leave to amend, a parallel lawsuit filed by the United States against Oregon. *United States v. Oregon*, No. 25-cv-0166, 2026 WL 318402 (D. Or. Feb. 5, 2026) (attached as Exhibit 1).

The court first noted that DOJ has not sued to enforce the substantive requirements of the NVRA or HAVA; instead, it sought only disclosure of voter registration lists. *Id.* at *5-6. As a result, DOJ failed to state a claim for a violation of either statute: the public disclosure provision of the NVRA (52 U.S.C. § 20507(i)) permits redaction of sensitive information and does not distinguish between private and federal government requestors, while HAVA contains no disclosure provision that Oregon could have violated. *Id.* at *6-7.

The court then held that it could apply the Federal Rules of Civil Procedure and evaluate the sufficiency of DOJ's allegations regarding Oregon's "alleged failure to comply with Title III." *Id.* at *7-8. It concluded that 52 U.S.C. § 20703 requires a factual basis, not a legal basis, and DOJ had given no factual basis to believe Oregon violated the NVRA and HAVA. *Id.* at *8-9. It further

concluded that § 20703 also requires a purpose related to "investigating violations of individuals' voting rights," which DOJ likewise failed to provide. *Id.* at *9-10. Although the Court granted the motion to dismiss based on the allegations in DOJ's complaint, it observed that DOJ's conduct across the country means that the presumption of regularity previously extended to the United States "no longer holds." *Id.* at *11. As a result, the court could not take DOJ at its word that sensitive voter data "will remain private and used only for a declared and limited purpose." *Id.* Finally, the court held that Title III does not require Oregon to disclose sensitive voter data and does not preempt an Oregon law that protects this data. *Id.* at *12.

| | |
|---|---|
| February 6, 2026 | Respectfully submitted, |

Carolyn A. DeLaurentis (PA 307018)
Chief Counsel
Kathleen A. Mullen (PA 84604)
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

Jennifer Selber (PA 80644)
General Counsel
Michael J. Fischer (PA 322311)
Executive Deputy General Counsel

/s/Aimee D. Thomson
Aimee D. Thomson (PA 326328)
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Secretary Al Schmidt*

2