UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>Defendant. | No. 2:25-cv-1481<br>Chief Judge Cathy Bissoon |

**BRIEF OF SECRETARY OF THE COMMONWEALTH AL SCHMIDT
IN RESPONSE TO DOJ'S MOTION TO TRANSFER VENUE**

## INTRODUCTION

More than four months after the DOJ filed this action—and more than a month and a half since Secretary Schmidt first pointed out the Court's lack of subject matter jurisdiction over Count I of the Complaint—DOJ moves to transfer venue to the Middle District of Pennsylvania. In the interim, three sets of intervenors have joined the case and four motions to dismiss have been fully briefed. DOJ's claimed change in circumstances is not the discovery of a new fact relevant to jurisdiction or the convenience of the parties, but rather a district court decision in Georgia that dismissed a parallel case for want of jurisdiction over the same claim. It also appears that DOJ has changed its position on the relevant statute, now claiming that 52 U.S.C. § 20705 concerns venue, not subject matter jurisdiction.

Secretary Schmidt agrees that the Middle District of Pennsylvania is the only forum that could have subject matter jurisdiction over DOJ's Count I. But because this Court lacks jurisdiction over that claim, this Court cannot use the venue transfer statutes identified by DOJ in its motion (28 U.S.C. §§ 1404, 1406). Instead, the appropriate vehicle is 28 U.S.C. § 1631, which DOJ fails to mention: if the Court "finds that there is a want of jurisdiction," it has discretion to transfer the case to the Middle District if doing so "is in the interest of justice."

This Court cannot resolve DOJ's transfer motion without first determining the scope of its jurisdiction. But the Court has before it four fully briefed motions to dismiss, two of which address its jurisdiction to review Count I. And DOJ's sole reason for seeking to change venue is fear of an adverse jurisdictional ruling on Count I; it is undisputed that this Court has jurisdiction over Counts II and III. Secretary Schmidt respectfully suggests, therefore, that the Court defer ruling on the motion to transfer venue until it resolves the pending motions to dismiss. Should the Court find a "want of jurisdiction" over Count I, it can then choose to transfer that claim (and any other that remain) to the Middle District of Pennsylvania if it finds doing so "is in the interest of justice."

1

## ARGUMENT[1]

1.  DOJ has brought three claims against Secretary Schmidt: violation of Title III of the Civil Rights Act of 1960 (Count I), violation of the National Voter Registration Act (Count II), and violation of the Help America Vote Act (Count III). Secretary Schmidt has moved to dismiss all three counts on numerous grounds (Doc. 91), including that this Court lacks subject matter jurisdiction under 52 U.S.C. § 20705 to hear Count I. The three intervenor-defendants have also filed motions to dismiss (Docs. 106, 108, 112), one of which also argues that this Court lacks subject matter jurisdiction over Count I (Doc. 108). DOJ has opposed (Doc. 103). No party disputes that this Court has jurisdiction to resolve Counts II and III.

DOJ now asks the Court to transfer this case to the Middle District of Pennsylvania. The sole reason for the transfer is fear of an adverse jurisdictional ruling on Count I, in light of a decision by the Middle District of Georgia that dismissed DOJ's parallel Title III claim for lack of subject matter jurisdiction. DOJ Transfer Br. at 4-5 (Doc. 121) (discussing *United States v. Raffensperger*, No. 25-cv-00548, 2026 WL 184233 (M.D. Ga. Jan. 23, 2026)).

DOJ moves to transfer under the federal venue statutes, 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a). Section 1404(a) applies when the original venue is proper and permits the court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." Section 1406(a) applies when the original venue is improper and permits the court to either dismiss the case or transfer "if it be in the interest of justice." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).[2]

---

[1] DOJ's motion to transfer makes repeated reference to the summary proceedings it believes are "mandate[d]" by Title III of the Civil Rights Act of 1960. *E.g.*, DOJ Transfer Br. at 7 (Doc. 121). As Secretary Schmidt has argued, however, nothing in the text of Title III, its context, or the caselaw interpreting it supports DOJ's assertion. Schmidt Reply Br. at 6-9 (Doc. 122).

[2] Because 52 U.S.C. § 20705 does not concern venue, the general venue statute, 28 U.S.C. *(continued…)*

To order a transfer of venue under § 1404 or § 1406, however, this Court must have jurisdiction over the subject matter of the action. *See, e.g.*, *CIBC World Markets, Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643 (D.N.J. 2004) ("A court must itself have subject matter jurisdiction over an action before it may transfer that action under § 1404(a).") (citing 17-111 James Wm. Moore et al., *Moore's Federal Practice* § 111.14 (3d ed. 1997)); *In re Stewart*, 473 B.R. 612, 626 (Bankr. W.D. Pa. 2012) ("Generally, courts that do not maintain subject-matter jurisdiction over an action do not have the authority to transfer that action pursuant to 28 U.S.C. § 1406.") (citing *Atlantic Ship Rigging Co. v. McLellan*, 288 F.2d 589, 591 (3d Cir. 1961) (per curiam)); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3844 (4th ed. Sept. 2025 update) ("If subject matter jurisdiction is lacking, Section 1404(a) provides no power to do anything with the case."); *id.* 14D Wright & Miller § 3827 ("A district judge may not order transfer under Section 1406(a) unless the court has jurisdiction of the subject matter of the action[.]").

When a court lacks subject matter jurisdiction, the correct vehicle for transfer is 28 U.S.C. § 1631. This statute confers on the Court "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court … that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (quoting 28 U.S.C. § 1631). A district court has discretion to transfer "all or only part of an action." *D'Jamoos ex rel. Est. of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009). It also has "'broad discretion' not to transfer," so long as it makes "some finding under

---

§ 1391, controls. Venue is proper in a judicial district "in which any defendant resides" or "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1), (b)(2). Secretary Schmidt, in his official capacity, has his principal and only office in Harrisburg, as does the Department of State Bureau of Elections. Schmidt Reply Br. at 2-3 (Doc. 122). But although venue is proper in the Middle District, Secretary Schmidt has not objected to venue before this Court.

3

§ 1631." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (quoting *Jumara*, 55 F.3d at 883). The only limitation is that the Court cannot both dismiss and transfer a claim—it must do one or the other. *See Tootle v. Sec'y of Navy*, 446 F.3d 167, 172-73 (D.C. Cir. 2006) (district court that ordered the case dismissed could not also order the case transferred).

A court should determine which provision applies before acting. How a court applies the correct provision (for example, applying § 1404 when the court has subject matter jurisdiction and venue is proper) is reviewed for abuse of discretion, but applying the incorrect provision is an error of law. *Jumara*, 55 F.3d at 878.

As a result, whether this Court has subject matter jurisdiction over Count I is material to how the Court resolves DOJ's motion to transfer venue. A court cannot transfer under § 1404 or § 1406 without first assuring itself of subject matter jurisdiction. And § 1631 contemplates that a court must first "find[] that there is a want of jurisdiction" before it considers transfer. *See also Christianson*, 486 U.S. at 818 (§ 1631 grants a court authority "to make a single decision *upon concluding* that it lacks jurisdiction" (emphasis added)).

Here, the parties have addressed the question of this Court's subject matter jurisdiction over Count I in the fully briefed motions to dismiss, which also address the merits of Counts II and III. DOJ's sole reason to transfer the case is fear of an adverse ruling on jurisdiction over Count I. DOJ Transfer Br. at 5. Should the Court find that it lacks jurisdiction over Count I, however, § 1631 requires that the Court consider transferring that claim to the Middle District in lieu of dismissal. But should the Court find that it does have jurisdiction over Count I, then the interests of justice would not justify transfer. *See Jumara*, 55 F.3d at 879-80 (discussing factors). It would

4

waste judicial resources to move a case, already fully briefed on dispositive motions, to a new court that would have to familiarize itself with the many legal and factual issues.

Secretary Schmidt respectfully suggests, therefore, that the Court defer ruling on the motion to transfer venue until it has resolved the motions to dismiss.

2.  In its transfer motion, DOJ characterizes 52 U.S.C. § 20705 as a venue provision. DOJ Transfer Br. at 4 & n.2. This is a change in position: DOJ argued just last month that § 20705 confers subject matter jurisdiction without mentioning venue. DOJ Resp. Br. at 17-18 (Doc. 103). DOJ makes this change without acknowledgement or explanation.

The distinction between subject matter jurisdiction and venue is not immaterial. The former defines a court's "power to adjudicate" and cannot be waived by the parties; the latter concerns "the place where judicial authority may be exercised" for the "convenience" of the parties and may be waived by the defendant. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167-68 (1939); *accord Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *see also* 14D Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3801 (4th ed. Sept. 2025 update) (discussing the differences between venue and jurisdiction).

A rule is jurisdictional if Congress states so "clearly." *Gonzalez v. Thaler*, 565 U.S. 134, 141-42 (2012) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515 (2006)). A jurisdictional statute tends to "speak to the power of the court rather than to the rights or obligations of the parties." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (internal quotation marks omitted). A venue provision, by contrast, speaks "to the authority of the parties to seek relief in the courts." *Brentwood at Hobart v. N.L.R.B.*, 675 F.3d 999, 1003 (6th Cir. 2012); *see also Henderson v. United States*, 517 U.S. 654, 666 (1996) (a "generous-to-plaintiffs provision will be recognized instantly as one describing venue choices, not subject-matter jurisdiction").

In Title III of the Civil Rights Act of 1960, Congress spoke clearly of the power of the court: "The *United States district court* for the district in which a demand is made pursuant to section 20703 of this title, or in which a record or paper so demanded is located, *shall have jurisdiction* by appropriate process to compel the production of such record or paper." 52 U.S.C. § 20705 (emphasis added). Consistent with the plain language of § 20705, the Middle District of Georgia held that it lacked "subject matter jurisdiction over this action." *Raffensperger*, 2026 WL 184233, at *4. DOJ offers no reason why this Court should reach a different conclusion.

## CONCLUSION

For the reasons stated above, Secretary Schmidt respectfully suggests that the Court defer ruling on the motion to transfer venue until it adjudicates the pending motions to dismiss.

February 12, 2026

Carolyn A. DeLaurentis (PA 307018)
Chief Counsel
Kathleen A. Mullen (PA 84604)
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

Respectfully submitted,

Jennifer Selber (PA 80644)
General Counsel
Michael J. Fischer (PA 322311)
Executive Deputy General Counsel

/s/*Aimee D. Thomson*
Aimee D. Thomson (PA 326328)
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Secretary of the Commonwealth Al Schmidt*