# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil Case No.: No. 2:25-cv-1481 |
| Plaintiff, | |
| v. | **UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY FILED BY DEFENDANT MIKE CROSSEY, ET AL. (DKT. 139)** |
| AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania, *et al.*, | |
| Defendants. | Hon. Cathy Bissoon, Chief Judge |

The United States respectfully submits this response to Notice of Supplemental Authority filed by Defendant Mike Crossey, et al., Dkt. 139.

In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis. *Galvin*, at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222, the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id*. at 229 n. 6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See Galvin*, at *4.

The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 25-1148, 2026 WL 362789, at *8, fn. 3 (W.D. Mich. Feb. 10, 2026), *appeal docketed* Feb. 27, 2026. Pending the ruling on the Motion to Transfer, if persuaded by *Galvin's* formalistic approach, the United States requests that

the Court provide leave for the United States to send Defendants a curing elaboration letter rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 13, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

/s/ *Jonathon P. Hauenschild*
JONATHON P. HAUENSCHILD
Trial Attorney, Voting Section
Civil Rights Division
4 Constitution Square
150 M Street NE, 8th Floor
Washington, D.C. 20002
Jonathon.Hauenschild@usdoj.gov
Tel. (202) 215-2110

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggested the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2026, a true and correct copy of the foregoing document with all attachments was served via the Court's ECF system to all counsels of record.


*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild