UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania, <br><br> Defendant. | No. 2:25-cv-1481 <br> Chief Judge Cathy Bissoon |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Secretary Schmidt respectfully provides the Court notice of supplemental authority supporting his motion to dismiss. Today, a district court dismissed a parallel lawsuit filed by the United States against Rhode Island. *United States v. Amore*, No. 25-cv-00639, 2026 WL 1040637 (D.R.I. Apr. 17, 2026) (attached as Exhibit 1).

First, the court held that DOJ "is not entitled to any sort of summary or abbreviated procedures for obtaining the information it seeks." 2026 WL 1040637, at *4. Instead, the standard of review is "that common to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6)," which requires DOJ to "set forth a plausible claim." *Id.* (cleaned up).

Second, the court held that DOJ failed to state a claim under Title III because the Attorney General's demand letter failed to identify "any factual allegations suggesting that Rhode Island may be violating the list maintenance requirements of the NVRA and HAVA, let alone the CRA." *Id.* at *5.

Finally, the court rejected DOJ's request to send a "curing elaboration letter" because DOJ also "lacks a legally sufficient purpose." *Id.* at *6. A "demand for records under Title III must

relate to a purpose of investigating violations of individuals' voting rights." *Id.* (cleaned up). But the "purpose stated in the Attorney General's demand—purportedly, to ensure compliance with the NVRA and HAVA—does not plausibly relate to individual voting rights." *Id.*

Here, DOJ has also asked for leave to send a "curing elaboration letter" should this Court conclude (accurately) that the Attorney General's demand to Secretary Schmidt contained no factual basis (Doc. 140). For the same reasons articulated by the Rhode Island district court, such a letter would remain legally insufficient. It would also not resolve the many other defects that preclude an order to produce Pennsylvania voters' SSN4s and DLNs here, such as Pennsylvania constitutional privacy protections and this Court's lack of jurisdiction (Docs. 91, 92, 122).

April 17, 2026

Carolyn A. DeLaurentis (PA 307018)
Chief Counsel
Kathleen A. Mullen (PA 84604)
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

Respectfully submitted,

Jennifer Selber (PA 80644)
General Counsel
Michael J. Fischer (PA 322311)
Executive Deputy General Counsel

*/s/Aimee D. Thomson*
Aimee D. Thomson (PA 326328)
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Secretary Al Schmidt*

2