UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

AL SCHMIDT, in his official capacity as Secretary of
the Commonwealth of Pennsylvania,

Defendant.

No. 2:25-cv-1481
Chief Judge Cathy Bissoon

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Secretary Schmidt respectfully provides the Court notice of supplemental authority supporting his motion to dismiss. Last week, two district courts dismissed parallel lawsuits filed by the United States against Maine, *United States v. Bellows*, No. 25-cv-00468, 2026 WL 1430579 (D. Me. May 21, 2026) (attached as Exhibit 1), and against Wisconsin (with prejudice), *United States v. Wisconsin Elections Comm'n*, No. 25-cv-1036, 2026 WL 1430354 (W.D. Wis. May 21, 2026) (attached as Exhibit 2).

In Maine, the district court held that Title III does not create a "special statutory proceeding"; instead, DOJ must show that its demands were issued for a "congressionally authorized purpose" and that the information sought is "relevant." Ex. 1 at *10-*11 & n.8 (cleaned up). The court then held that Maine's statewide voter registration list was not a record that comes into possession of state officials for purposes of Title III. *Id.* at *12-*14. The court further found that DOJ's stated purpose of voter list maintenance cannot support a demand for records under Title III because Congress entrusted the states, not the DOJ, with the "administration and maintenance" of voter lists. *Id.* at *14-*16. Instead, if DOJ wants to enforce the NVRA and HAVA, "it must use the pre-suit investigation and enforcement mechanisms that Congress provided in those statutes—which

do not contemplate production of the unredacted computerized list." *Id.* at *17-*18. In addition, the court stated that interpreting Title III as DOJ asks would "take a sledgehammer" to the federal-state balance Congress struck when it enacted the NVRA and HAVA. *Id.* at *18-*20. Finally, the court dismissed DOJ's separate NVRA and HAVA claims because neither statute empowers DOJ to compel production of unredacted voter records. *Id.* at *20-*22.

In Wisconsin, the district court declined to resolve whether Title III claims are subject to summary proceedings because it found that either way, it must determine as a legal matter whether the records can be demanded under Title III. 2026 WL 1430354, at *2. The court then held that Title III does not encompass voter registration lists created by state officials. *Id.* at *3-*5.

| | |
|---|---|
| May 27, 2026 | Respectfully submitted, |
| Carolyn A. DeLaurentis (PA 307018)<br>Chief Counsel<br>Kathleen A. Mullen (PA 84604)<br>Executive Deputy Chief Counsel<br>Pennsylvania Department of State<br>306 North Office Bldg.<br>401 North Street<br>Harrisburg, PA 17120-0500 | Jennifer Selber (PA 80644)<br>General Counsel<br>Michael J. Fischer (PA 322311)<br>Executive Deputy General Counsel<br><br>*/s/Aimee D. Thomson*<br>Aimee D. Thomson (PA 326328)<br>Deputy General Counsel<br>Office of General Counsel<br>30 N. 3rd St., Suite 200<br>Harrisburg, PA 17101<br>(223) 234-4986<br>aimeethomson@pa.gov |

*Counsel for Secretary Al Schmidt*