UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>Defendant. | No. 2:25-cv-1481<br>Chief Judge Cathy Bissoon |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Secretary Schmidt respectfully provides the Court notice of supplemental authority supporting his motion to dismiss. Yesterday, the U.S. Court of Appeals for the Sixth Circuit became the first circuit court to affirm (in a 2-1 decision) one of the many recent dismissals nationwide of the United States' parallel lawsuits seeking state voter registration lists. *United States v. Benson*, No. 26-1225, 2026 WL 1815425 (6th Cir. June 24, 2026) (attached as Exhibit 1).

The underlying case concerned DOJ's demand for Michigan's statewide electronic voter registration list, which Michigan calls its qualified voter file. The Sixth Circuit first determined that Michigan's qualified voter file is not a "record" subject to Title III of the Civil Rights Act of 1960 because it did not "come into" Michigan Secretary of State Benson's "possession." 2026 WL 1815425, at *4–*5 (interpreting 52 U.S.C. § 20701). Instead, the qualified voter file is something Secretary Benson has created, established, and maintained. *Id.* at *5. In addition, interpreting Title III to encompass the qualified voter file would conflict with the NVRA and HAVA because Title III prohibits the alteration of covered records (52 U.S.C. § 20702), but the NVRA and HAVA require Michigan officials to alter the qualified voter file. *Id.* at *5–*6.

The Sixth Circuit also determined that DOJ "did not comply with its mandatory statutory obligation to submit a demand to [Secretary] Benson containing a statement of both the basis and purpose of its request," as required by 52 U.S.C. § 20703, because none of the letters to Secretary Benson "contains both a statement of the basis along with the purpose of the government's request for Michigan's qualified voter file." *Id.* at *8.

Finally, the court held that it has authority to review civil investigative demands. It rejected the dissent's reliance on *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), as both out-of-circuit caselaw and superseded by binding Supreme Court precedent. *Id.* at *8 n.2.

June 25, 2026

Carolyn A. DeLaurentis (PA 307018)
Chief Counsel
Kathleen A. Mullen (PA 84604)
Executive Deputy Chief Counsel
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500

Respectfully submitted,

Jennifer Selber (PA 80644)
General Counsel
Michael J. Fischer (PA 322311)
Executive Deputy General Counsel

*/s/Aimee D. Thomson*
Aimee D. Thomson (PA 326328)
Deputy General Counsel
Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(223) 234-4986
aimeethomson@pa.gov

*Counsel for Secretary Al Schmidt*

2